IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| Walter Brzowski, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17 CV 9339 |
| ) | |
| Illinois Department of Corrections, et al., ) | Judge Matthew F. Kennelly |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendants, Illinois Department of Corrections ("IDOC"), Michael Melvin, Guy Pierce, Nicholas Lamb, Brenda Sigler, and David Hadley, by and through their attorney, Lisa Madigan, Attorney General of Illinois, submit the following memorandum of law in support of their Fed. R. Civ. P. 12(b)(6) motion to dismiss Plaintiff's Complaint.

**INTRODUCTION**

Plaintiff Walter Brzowski brings this six-count lawsuit under 42 U.S.C. § 1983 alleging that the IDOC and Defendants Michael Melvin (Pontiac Warden), Guy Pierce (former Assistant Warden at Pontiac), Nicholas Lamb (former Warden of Stateville), Brenda Sigler (Pontiac Records Department Supervisor), and David Hadley (Correctional Officer at Pontiac) alleging that they wrongfully detained him for 721 days, in violation of his right under the Due Process Clause (Count I). (ECF No. 1). Plaintiff also brings Section 1983 claims for false imprisonment (Count II) and failure to intervene (Count IV) against all Defendants; an Eighth Amendment claim (Count III) against the IDOC and Defendants Pierce and Melvin; and claims for *respondeat superior*

1

(Count V) and indemnification (Count VI) against the IDOC. (ECF No. 1, at 7-9). Plaintiff is suing the Defendants in their official capacities and seeks compensatory damages and attorney's fees on all six claims. (ECF No. 1, at 2-10). Plaintiff's Complaint fails to state a claim against the IDOC and the IDOC Defendants and should be dismissed in its entirety.

## BACKGROUND

According to the Complaint, Plaintiff was convicted of two criminal cases in May 2012 and June 2012 that resulted in a combined sentence of four years imprisonment and four to eight years Mandatory Supervised Release ("MSR"). (ECF No. 1, ¶¶ 11-14). On September 10, 2013, Plaintiff was released from the IDOC custody to begin serving a four-year MSR term. (*Id.* at ¶ 16). Less than a month later, Plaintiff was arrested for violating his MSR and remanded to IDOC. (*Id.* at ¶ 17). On October 10, 2014, Plaintiff was found not guilty of the criminal case that caused the MSR violation and he subsequently filed a petition for *habeas corpus* for his release. (*Id.* at ¶¶ 18-19). Meanwhile, the Illinois Appellate Court reversed and remanded Plaintiff's 2012 convictions that he appealed. (*Id.* at ¶ 20). Plaintiff was then re-sentenced to three years in prison and four years MSR on July 22, 2015. (*Id.* at ¶ 21). Plaintiff alleges that according to the sentence calculation, this required him to serve only eight more days in IDOC custody, or until July 30, 2015. (*Id.* at ¶ 24). On June 8, 2017, the Illinois Appellate Court ordered the IDOC to release Plaintiff, unless the trial court determined that he was being held on any other charges. (*Id.* at ¶ 26). Plaintiff was released on July 20, 2017. (*Id.* at ¶ 27).

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This "standard demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The Court need not draw inferences which are not apparent on the face of the complaint. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). Furthermore, to be liable under Section 1983, an individual must have caused or participated in a constitutional deprivation. *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012); *Pepper v. Vill. Of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005).

## ARGUMENT

Plaintiff's Complaint should be dismissed because the Eleventh Amendment bars suits against the State and state officials acting in their official capacities for monetary damages. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Section 1983 provides a federal remedy against any "person" who, under color of state law, deprives "any citizen of the United States...of any rights, privileges, or immunities secured by the Constitution and laws." *Planned Parenthood of Indiana, Inc. v. Commissioner of Indiana State Dep't. Health*, 699 F.3d 962, 972

3

(7th Cir. 2012) (quoting 42 U.S.C. § 1983). Additionally, the Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under [Section] 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Here, Plaintiff requests monetary relief against the IDOC and the individual Defendants in their official capacities. (ECF No. 1). A suit for money damages against a defendant in his or her official capacity is really a suit for money damages against the state, which is barred by the Eleventh Amendment. *Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987). Therefore, Plaintiff's entire Complaint, as pled, is barred by the Eleventh Amendment and should be dismissed. In addition, as set forth more fully below, even if Plaintiff were able cure the technical defects in his pleading, his Complaint should still be dismissed for failure to state a claim against the IDOC Defendants.

## I. Plaintiff's claims against the IDOC should be dismissed with prejudice as a matter of law.

### 1. *Respondeat Superior (Count V)*

Count V of Plaintiff's Complaint fails as a matter of law because the IDOC is not a 'person' capable of being sued for money damages and the doctrine of *respondeat superior* does not apply to suits brought under Section 1983. *Will*, 491 U.S. at 71; *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). "To be liable under Section 1983, an individual must have caused or participated in a constitutional deprivation." *Pepper*, 430 F.3d at 810 (citations omitted). Because personal involvement is required for liability to attach, the *respondeat superior* doctrine does not apply to Section 1983 actions. *Sanville*, 266 F.3d at 740 (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir.

2001)); *see also Kuhn*, 678 F.3d at 556 ("an individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.").

Here, all of Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983. (ECF No. 1). As to Count V, Plaintiff alleges that the Defendants were agents of the IDOC acting within the scope of their employee while committing the alleged misconduct, and that Defendant IDOC is liable as a principal for all torts committed by its agents. (ECF No. 1, ¶¶ 43-45). However, the Eleventh Amendment and Supreme Court precedent do not permit a claim against the IDOC for compensatory damages under the doctrine of *respondeat superior*. Therefore, Count V of Plaintiff's Complaint should be dismissed with prejudice.

    2. *Indemnification (Count VI)*

Count VI of Plaintiff's Complaint should be dismissed because the Eleventh Amendment bars citizens from bringing suits against the State for money damages in federal court. Although the Eleventh Amendment does not shield state employees from tort claims, federal courts must look to state immunity rules regarding state law causes of action. *Magdziak v. Byrd,* 96 F.3d 1045, 1048 (7th Cir. 1996). In Illinois, the Court of Claims has exclusive jurisdiction over "claims against the State founded upon any law of the State of Illinois or upon any regulation adopted thereunder by an executive or administrative officer or agency...." 705 ILCS 505/8(a). Here, Plaintiff's indemnification claim against the IDOC is actually a claim against the State seeking money damages for the IDOC Defendants' actions, which must be brought in the Illinois Court of Claims. *Armato v. Grounds*, 944 F. Supp. 2d 627, 635–36 (C.D. Ill. 2013), *aff'd,* 766 F.3d 713 (7th

5

Cir. 2014). In sum, the Court does not have jurisdiction over Plaintiff's indemnification claim. Thus, Count VI of Plaintiff's Complaint should be dismissed with prejudice.

## II. Plaintiff's Failure to Intervene claim (Count IV) should be dismissed because his Complaint lacks sufficient facts to state a claim against each Defendant.

Plaintiff fails to state a claim for failure to intervene because his Complaint does not allege that Defendants were aware that he remained in custody past his MSR date, or that Defendants had any opportunities to intervene. To state a failure to intervene claim, Plaintiff must show that Defendants: "(1) knew that a constitutional violation was committed; and (2) had a realistic opportunity to prevent." *Gill v. City of Milwaukee*, 850 F.3d 335, 342 (7th Cir. 2017).

Count IV of Plaintiff's Complaint alleges that, "Defendants stood by without intervening to prevent the violation of Mr. Brzowski's constitutional rights, even though they had an opportunity to do so" (ECF No. 1, ¶ 41); and that "Defendants had ample, reasonable opportunities to prevent this harm but failed to do so." (ECF No. 1, ¶ 42). To support this claim, Plaintiff merely makes a blanket assertion that he "was wrongfully forced to serve an extra 721 days in IDOC despite his repeated pleas to be released." (ECF No. 1, ¶ 10). However, Plaintiff does not state which individuals he made these "repeated pleas" to, nor does he provide any facts as to the timing, circumstances, form, or substance of his pleas. In fact, nowhere in Plaintiff's Complaint does he allege that Defendants Melvin, Pierce, Lamb, Sigler, or Hadley were made aware of his complaints that he should be released from custody, or that any of these Defendants had a realistic opportunity to intervene and stop the alleged constitutional

violations. *See Montano v. City of Chicago,* 535 F.3d 558, 569 (7th Cir. 2008) (providing that the officer must have been "informed of the facts that establish a constitutional violation and had the ability to prevent it") (citation omitted). Furthermore, Defendant Lamb cannot be held liable because was working at Stateville (ECF No. 1, ¶ 6), and not present during the time period in which Plaintiff claims he was wrongfully held at Pontiac. *See Powell v. City of Berwyn*, 68 F. Supp. 3d 929, 942 (N.D. Ill. 2014) (stating that officers who are not present during a constitutional violation cannot be held liable for a failure to intervene). Simply put, Plaintiff fails to adequately plead a failure to intervene claim under the standard set forth in *Twombly* and *Iqbal*. While "detailed factual allegations" are not required, "labels and conclusions, and a *formulaic recitation of the elements of a cause of action will not do.*" *Twombly*, 550 U.S. at 555 (emphasis added). Thus, Count IV of Plaintiff's Complaint should be dismissed.

### III. Plaintiff's Due Process claim (Count I) should be dismissed against all Defendants because Plaintiff had adequate state court remedies.

The allegations in Plaintiff's Complaint are insufficient to state a due process claim because adequate state court remedies existed that were available and utilized by Plaintiff. To succeed on a Due Process Clause claim, Plaintiff must prove the following: (1) a cognizable liberty interest; (2) a deprivation of that liberty interest occurred; and (3) an absence of due process caused by Defendants' conduct. *See Mann v. Vogel,* 707 F.3d 872, 877 (7th Cir. 2013) (citing *Khan v. Bland,* 630 F.3d 519, 527 (7th Cir. 2010)); *Toney-El v. Franzen,* 777 F.2d 1224, 1227 (7th Cir. 1985). "In section 1983 actions challenging the mistakes made by state employees rather than the state procedures by

which those mistakes were made, courts must consider the adequacy and availability of remedies under state law before concluding that a deprivation of life, liberty, or property violates due process of law." *Figgs v. Dawson*, 829 F.3d 895, 907 (7th Cir. 2016) (citations omitted). The Seventh Circuit has found that adequate remedies could include a Petition for Writ of Habeas Corpus filed in state court, a Petition for Writ of Mandamus, or a false imprisonment claim for monetary damages brought in state court under Illinois tort law. *See Armato v. Grounds*, 766 F.3d 713, 722 (7th Cir. 2014) (finding that state court remedies giving an inmate the right to seek a writ of mandamus from the state court and a cause of action in Illinois courts were both adequate and available remedies, precluding plaintiff's due process claim).

Here, Plaintiff alleges that he filed a petition for *habeas corpus* in the Circuit Court of Will County in fall 2014 that stated he had served his time and should be released. (ECF No. 1, ¶ 19). Not only did Plaintiff have adequate state court remedies, he took advantage of them by filing the *habeas corpus* petition. *See Figgs*, 829 F.3d at 907 (finding that the state court proceeding precluded plaintiff's procedural due process claim and noting this is consistent with *Toney-El*, where the court found that the state-court habeas corpus remedy was adequate despite the fact that the prisoner plaintiff had been held for 306 days past his lawful term of incarceration). Thus, Plaintiff is precluded from bringing a federal due process claim against the IDOC Defendants, and Count I of his Complaint should be dismissed.

**IV.     Plaintiff's Section 1983 False Imprisonment claim (Count II) should be dismissed because it is time-barred.**

Plaintiff's false imprisonment claim alleged against the IDOC Defendants should be dismissed because it was filed after the statute of limitations expired. Although failure to file within the limitations period is an affirmative defense (FED. R. CIV. P. 8(c)) and typically, "complaints do not have to anticipate affirmative defenses to survive a motion to dismiss," dismissal is appropriate when "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005) (citing *Leavell v. Kieffer*, 189 F.3d 492, 495 (7th Cir. 1999)). "When the plaintiff effectively pleads himself out of court by alleging facts sufficient to establish a statute of limitations defense, dismissal is appropriate." *Reyes v. City of Chicago,* 585 F.Supp.2d 1010, 1014-15 (N.D. Ill. Oct. 28, 2008) (citations omitted).

Under Illinois law, the appropriate statute of limitations for § 1983 claims is two years. 735 ILCS § 5/13-202; *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998). "A Section 1983 claim accrues when the plaintiff knows or has reason to know of the injury that is the basis of his action." *Sellars v. Perry*, 80 F.3d 243, 245 (7th Cir. 1996) (citing *Hondo, Inc. v. Sterling*, 21 F.3d 775, 778 (7th Cir. 1994)). With regard to false imprisonment claims, the Seventh Circuit set out a clear rule that a Fourth Amendment § 1983 claim accrues at the time of the improper arrest. *Wallace v. City of Chicago*, 440 F.3d 421, 428 (7th Cir. 2006).

Here, Plaintiff alleges that he was falsely imprisoned from July 30, 2015 to July 20, 2017. (ECF No. 1, at 5-6). Plaintiff had two years from the date he claims he should

9

have been released from IDOC custody, or until July 30, 2017, to bring this claim. However, Plaintiff did not file this lawsuit until December 28, 2017. (ECF No. 1). Therefore, Count II of Plaintiff's Complaint should be dismissed as untimely.

### V.  Plaintiff's Eighth Amendment claim (Count III) should be dismissed because he fails to state a claim against the IDOC and Defendants Pierce and Melvin.

Plaintiff's Eighth Amendment claim should be dismissed because the IDOC is not a proper party and he fails to state sufficient facts to show Defendants Pierce and Melvin were personally involved in the alleged constitutional violation. An Eighth Amendment claim requires Plaintiff to show that "the defendants held him beyond the term of his incarceration without penological justification, and that the prolonged detention was the result of the defendants' 'deliberate indifference.'" *Armato v. Grounds*, 766 F.3d 713, 721 (7th Cir. 2014) (citing *Campbell v. Peters*, 256 F.3d 695, 700 (7th Cir. 2001)). Proving deliberate indifference requires more than a showing of negligent or even grossly negligent behavior; rather, a defendant must have acted with the equivalent of criminal recklessness. *Farmer v. Brennan,* 511 U.S. 825, 835–37 (1994); *McGee v. Adams*, 721 F.3d 474, 480-81 (7th Cir. 2013).

Here, Plaintiff alleges that, "Defendants were deliberately indifferent to Mr. Brzowski's requests to be freed." (ECF No. 1, ¶ 38). Plaintiff further claims that housing him in segregation for 17 months violates his Eighth Amendment rights because he was "wrongfully incarcerated, and subject to restrictive conditions." (ECF No. 1, ¶ 39). Again, Plaintiff merely recites the elements of the claim, but does not allege facts to support his blanket assertions, nor does he cite to any acts by Defendants Pierce or

Melvin that could show deliberate indifference. Plaintiff has not alleged that Defendants were aware of his complaints that he was held past his release date, that they communicated with him at any time, or that they were involved in sentence calculations or release decisions. Plaintiff also does not allege that Defendants were aware of, or involved in the incident that led to his placement in segregation. In fact, Plaintiff's Complaint is void of *any* specific factual allegations against Defendants Pierce and Melvin. Thus, Plaintiff's Eighth Amendment claim (Count III) should be dismissed.

WHEREFORE, for the reasons stated above, Defendants respectfully request that this Honorable Court grant their Rule 12(b)(6) motion and enter an order dismissing Plaintiff's Complaint, and for such other relief as the Court finds just and reasonable.

Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois

s/ *Colleen M. Shannon*
COLLEEN M. SHANNON
Assistant Attorney General
General Law Bureau
Office of the Illinois Attorney General
100 W. Randolph St., 13th Fl.
Chicago, Illinois 60601
(312) 814-4450
cshannon@atg.state.il.us