NOTICE: This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2017 IL App (3d) 160228-U

Order filed June 8, 2017

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2017

| | | |
|---|---|---|
| WALTER J. BRZOWSKI, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Will County, Illinois. |
| | ) | |
| v. | ) | Appeal No. 3-16-0228 |
| | ) | Circuit No. 14-MR-2630 |
| GUY PIERCE, Warden, and TOM SPILLER, | ) | |
| | ) | The Honorable |
| | ) | Cory D. Lund, |
| Defendants-Appellees. | ) | Judge, presiding. |
| | ) | |

JUSTICE McDADE delivered the judgment of the court.
Justices Schmidt and Wright concurred in the judgment.

## ORDER

¶ 1 *Held*: The trial court erred in denying plaintiff's petition for *habeas corpus*.

¶ 2 Plaintiff Walter J. Brzowski filed two petitions for *habeas corpus*, alleging that the trial court lacked jurisdiction in this case and that plaintiff had completed his sentence and mandatory supervised release (MSR) term. The court denied the first petition without prejudice and,

**EXHIBIT B**

subsequently, denied the second petition, determining that plaintiff had additional days to serve in Illinois Department of Corrections (DOC) custody. Plaintiff appeals to this court. We reverse.

¶ 3 FACTS

¶ 4 In 2010, plaintiff Brzowski was charged in two separate cases for violating an order of protection obtained for his ex-wife and two children. In case No. 2010 CF 1923, plaintiff was convicted and sentenced to two concurrent one-year sentences and a four-year MSR term. In a separate trial in case No. 2010 CF 2494, plaintiff was convicted and sentenced to two concurrent three-year sentences and a four-year MSR term. The two sentences were to run consecutively for a total of four years' imprisonment, with day-for-day good time to apply, and probably four, but possibly eight years of MSR. Plaintiff appealed his convictions.

¶ 5 In September 2013, plaintiff had completed both terms of actual incarceration and was released from prison to begin his four-year MSR term. He was, however, arrested 20 days later for multiple MSR violations in October 2013, including, possibly, failure to find an approved host site after release. He was remanded to the DOC on November 29, 2013, to serve the revoked MSR and has remained there to the present day.

¶ 6 In 2014, plaintiff filed a petition for *habeas corpus*, alleging he had served all of his time and seeking release from the DOC. While the petition was pending, this court reversed plaintiff's 2011 convictions, holding the trial court had failed to properly admonish plaintiff of his right to waive counsel and remanded the cases for new trials. *People v. Brzowski*, 2015 IL App (3d) 120376-U. On remand, plaintiff pled guilty to violating the order of protection in case No. 2010 CF 1923 and was sentenced on July 22, 2015, to three years' imprisonment and a four-year MSR term. The State's Attorney *nolle prosequied* the second case. At the 2015 sentencing hearing, the State's Attorney told the court that the plaintiff had served, with the credits and new

sentence, all the time he should have served. He did not, however, assert that the plaintiff should be released. Subsequently, the court dismissed plaintiff's petition for *habeas corpus* without prejudice.

¶ 7  In the 2015 calculation to determine if he should be released, plaintiff was credited 1452 days for time served, which included credit for his pretrial detention beginning on July 30, 2011, and his entire time in the DOC. The court's order expressly stated that except for the 20 days he was released on his failed MSR, plaintiff had remained in DOC custody. Plaintiff was immediately returned to DOC custody because of his MSR revocation two years earlier. According to a DOC Counseling Summary dated November 28, 2015, the prisoner review board reduced plaintiff's four-year MSR term to two years because he would not be serving it in the community and he had received day-for-day credit while in custody. The Counseling Summary incorrectly recited, however, that plaintiff was not "received at IDOC until 7/28/15".

¶ 8  In June 2015, plaintiff filed an emergency petition for *habeas corpus* and the trial court granted the petition but stayed its judgment for 21 days. Ultimately, the court vacated its judgment because it questioned whether it had jurisdiction to grant judgment while an Illinois Supreme Court case was pending on the original petition for *habeas corpus*. *Brzowski v. Pfister*, No. M13686 (Ill. Jan. 21, 2016) (motion for leave to file writ of *habeas corpus* denied). On January 15, 2016, plaintiff then filed a motion to reinstate the court's earlier judgment that he should be released. On March 3, 2016, the trial court, however, denied the motion, holding that plaintiff was not entitled to immediate release because he had not completed his sentence. Plaintiff filed a motion to reconsider, which the trial court denied. Plaintiff appeals to this court.

¶ 9  ANALYSIS

¶ 10  A. Writ of *Habeas Corpus*

3

¶ 11   Plaintiff brings a claim of *habeas corpus* before this court challenging the trial court's jurisdiction and his time served in prison. In Illinois, a writ of *habeas corpus* is available only to obtain the release of a prisoner who has been incarcerated under a judgment of a court which lacked jurisdiction of the subject matter or the person of the petitioner, or where there has been some occurrence subsequent to the prisoner's conviction which entitled him to release. *Barney v. Prisoner Review Board*, 184 Ill. 2d 428, 430 (1998). "A petition for writ of *habeas corpus* may not be used to review proceedings which do not exhibit one of these defects." *Id.* Here the enabling occurrence was the appellate court's decision vacating his conviction and resulting in the challenged period of incarceration. If a petitioner has been deprived of his liberty, his remedy is immediate release from custody. *People ex rel. Burbank v. Irving*, 108 Ill. App. 3d 697, 700 (1982). A denial of a petition for *habeas corpus* is reviewed *de novo*. *Hennings v. Chandler*, 229 Ill. 2d 18, 24 (2008).

¶ 12                            1. Excessive Sentence

¶ 13   Plaintiff seeks *habeas corpus* relief, alleging that he has served his time on his sentence and should be immediately released from DOC custody.

¶ 14   We begin by addressing plaintiff's sentence imposed on remand. It is well established in Illinois that "a harsher sentence imposed after a successful appeal or motion to reconsider is only proper if it is based on additional bad conduct performed by the defendant after the original sentence." *People v. Moore*, 177 Ill. 2d 421, 433 (1997). Plaintiff was involved in additional bad conduct in the form of violations of his initial MSR. Although he was penalized for them by revocation of the MSR, we are unaware of any proscription against using them to justify an increase in his sentence on remand.

4

¶ 15      However, the record reveals that plaintiff had completed his sentences of incarceration *on the original convictions* even before the appellate court reversed them, and his original revoked MSR term would have been completed very shortly after he received his new sentence on remand in July 2015 that required plaintiff to serve an additional 548 days in prison. Specifically, plaintiff was convicted of violating the order of protection and sentenced to four years' imprisonment that he served and completed, with day-for-day good time credit, from September 10, 2011, to September 10, 2013. Plaintiff was released from prison on September 10, 2013, to begin his four-year MSR term; however, his MSR was revoked 20 days later when he was arrested in October for violating his MSR. Plaintiff's DOC summary, in addressing the revocation, stated that he was to serve two years instead of four years of MSR because the same day-for-day credit ordered for his term of incarceration would apply to his in-house MSR. The summary also noted that plaintiff was to receive credit for jail time he served beginning July 30, 2011. Based on this information, plaintiff had completed the two years of his MSR term in July 2015. Also, if we apply plaintiff's credit for time served against his sentence and MSR term as the trial court did in this case, he had eight days left on his sentence as of July 22, 2015.[1] The DOC suggests that plaintiff was not received into its custody until July 28, 2015, but the record shows that, except for the 20 days in September/October 2013, plaintiff has not ever been released from the DOC since 2011. Plaintiff's new sentence on remand does not restart his sentence, and he is entitled to all of the credit he earned in prison (730 ILCS 5/5-4.5-100(b) (West 2010) (offender is entitled to credit against his sentence for time spent in custody as a result of the offenses for which the sentence was imposed); see also 730 ILCS 5/3-3-9(a)(3)(ii)

---

[1] As a result of day-for-day credit, plaintiff served two years of his sentence and served two years of MSR in prison based on the terms of his IDOC summary, totaling four years or 1,460 days. In July 2015, the trial court calculated plaintiff had 1,452 days of credit. Plaintiff's sentence after day-for-day credit is applied (1,460 days) subtracted by his time served (1,452 days) leaves eight days left on plaintiff's sentence.

5

(West 2010) (offender is entitled to credit against his term of reimprisonment after MSR revocation)). Therefore, we determine that the trial court erred when it denied plaintiff's petition for *habeas corpus* relief.

¶ 16  Defendants cite *United States v. Johnson*, 529 U.S. 53 (2000), for the proposition that excess time served in prison does not reduce the length of a MSR term. In *Johnson*, the United States Supreme Court reviewed whether a defendant was entitled to credit against his MSR for excessive time served on his sentence. *Id.* at 54. The Court determined that supervised released was not imposed until after imprisonment and defendant is released from DOC custody. *Id.* at 57-58. The Court also noted that the objectives of supervised release, *i.e.*, assisting individuals in their transition into the community, would not be fulfilled if defendants were given excess time served against their MSR term. *Id.* at 59. Therefore, the Court concluded that excess time served in prison cannot be applied to a supervised release term. *Id.*

¶ 17  *Johnson* is distinguishable from this case. First, *Johnson* involves a defendant who has been released from DOC custody whereas plaintiff in this case had his MSR revoked and remained in DOC custody. Furthermore, plaintiff is not fulfilling the objectives of his MSR term because he cannot transition into the community while he is imprisoned.

¶ 18  Moreover, credit for time served actually has been applied to MSR revocation in Illinois. Section 3-3-9(a)(3)(ii) states, "the person shall be given credit against the term of reimprisonment or reconfinement for time spent in custody since he or she was paroled or released which has not been credited against another sentence or period of confinement." 730 ILCS 5/3-3-9(a)(3)(ii) (West 2010). Also, the Fourth District in *Jackson v. Fairman*, 94 Ill. App. 3d 131, 132 (1981), determined that a defendant was entitled to credit against his MSR revocation pursuant to section 3-3-9. See 730 ILCS 5/3-3-9(a)(3)(ii) (West 2010). In *Jackson*, the

6

defendant was arrested for theft and given credit against the theft for time spent in custody between the arrest and sentencing on the theft offense. Afterward, the defendant's MSR was revoked and he sought credit against the revocation of his MSR for time he was incarcerated between his sentencing for theft and the MSR revocation. *Id.* at 132-33. The Fourth District held that the defendant was entitled to credit for time served against his MSR revocation sentence. *Id.* at 133. Regardless, plaintiff served his MSR time when he was imprisoned for violating his MSR from October 2013 to October 2015. Thus, defendants' argument fails on this issue. We find that plaintiff's incarceration for all but eight days of his revoked MSR should be credited against his new MSR.

¶ 19     The new MSR imposed after remand was four years served outside of prison. Nonetheless, the DOC determined that he should still be subject to the earlier revocation and should serve a new two-year in-house term. The DOC is vested with the authority to make this determination by section 3-6-3 of the Unified Code of Corrections (730 ILCS 5/3-6-3 (West 2010)). See also *Johnson v. Franzen*, 77 Ill. 2d 513, 516 (1979) ("The Code expressly directs the Department to prescribe rules and regulations providing for good-conduct on a day-for-day basis.").

¶ 20     By this point, defendant has completed the remaining eight days of his revoked MSR term. We find plaintiff has served his time in case No. 2010 CF 1923 and reverse the trial court's ruling denying plaintiff's petition for *habeas corpus*. Accordingly, in this case, plaintiff is entitled to immediate release from DOC custody. The record is silent on whether plaintiff is also in custody on other unrelated charges or convictions. Unless the trial court determines that plaintiff should remain in custody for such *other* reason, he should be released immediately.

¶ 21                           2. Petition for Substitution of Judge

7

¶ 22   The issue above is dispositive of this case; however, we continue our review of plaintiff's remaining issues. Next, plaintiff argues that the trial court's denial of his petition for substitution of judge was error and, therefore, any subsequent judgment is void due to lack of jurisdiction.

¶ 23   " 'Jurisdiction is a fundamental prerequisite to a valid prosecution and conviction. Where jurisdiction is lacking, any resulting judgment rendered is void and may be attacked either directly or indirectly at any time.' " *People v. Castleberry*, 2015 IL 116916, ¶ 11 (quoting *People v. Davis*, 156 Ill. 2d 149, 155 (1993)). There are two types of jurisdiction: personal and subject matter. *Id.* ¶ 12. Personal jurisdiction is acquired when an individual appears personally before the court. *People v. Kleiss*, 90 Ill. App. 3d 53, 55 (1980). Pursuant to the Illinois Constitution, a circuit court has subject matter jurisdiction over all justiciable matters. Ill. Const. 1970, art. VI, § 9. A justiciable matter is "a controversy appropriate for review by the court, in that it is definite and concrete, as opposed to hypothetical or moot, touching upon the legal relations of parties having adverse legal interest." *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 335 (2002).

¶ 24   Once jurisdiction is established, "no subsequent error or irregularity will oust the jurisdiction thus acquired." *People v. Davis*, 156 Ill. 2d 149, 156 (1993). Jurisdiction is not lost when a court makes a mistake in its determination. *Id.* Nor do constitutional violations deprive a court of jurisdiction. *People v. Raczkowski*, 359 Ill. App. 3d 494, 498-99 (2005).

¶ 25   Here, the trial court did not lack jurisdiction when it denied plaintiff's petition for substitution of judge. The court had personal jurisdiction over plaintiff because he was present in court for violating an order of protection. Further, the court had subject matter jurisdiction over the case because the criminal prosecution for violating an order of protection is a justiciable matter before the court. The alleged error from the court's denial of the petition for substitution

8

of judge does not affect the court's jurisdiction. *Davis*, 156 Ill. 2d at 156 (jurisdiction is not lost when court makes subsequent error in the case). Therefore, we hold that plaintiff is not entitled to *habeas corpus* relief on the issue of the denial of the petition for substitution of judge.

¶ 26                                        3. Order of Protection

¶ 27        Lastly, plaintiff contends that the court lacked jurisdiction after it ordered a subsequent order of protection because the earlier order of protection contained fatal defects.

¶ 28        As previously discussed above, "no subsequent error or irregularity will oust the jurisdiction thus acquired" once jurisdiction is established. *Davis*, 156 Ill. 2d at 156. Jurisdiction is not lost when a court makes a mistake in its determination. *Id.*

¶ 29        We have established that the court had personal and subject matter jurisdiction in this case and that no subsequent error will remove the court's jurisdiction. Plaintiff's argument also fails with regard to any alleged error in the order of protection, and therefore, we find that plaintiff is not entitled to *habeas corpus* relief on the issue of the order of protection.

¶ 30                                        CONCLUSION

¶ 31        The judgment of the circuit court of Will County is reversed on the issue of whether plaintiff has actually served the requisite time to complete his sentence in this case. The matter is remanded to the trial court for determination of whether other convictions require that he remain incarcerated.

¶ 32        Reversed and remanded for further proceedings consistent with this order.