IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| Walter Brzowski, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17 CV 9339 |
| | ) | |
| John R. Baldwin, et al., | ) | Judge Matthew F. Kennelly |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants, John Baldwin, Michael Melvin, Guy Pierce, Nicholas Lamb, Brenda Sigler, and David Hadley ("Defendants"), by and through their attorney, Lisa Madigan, Attorney General of Illinois, submit the following memorandum of law in support of their motion to dismiss Plaintiff's First Amended Complaint ("Complaint") pursuant to Fed. R. Civ. P. 12(b)(6).

**INTRODUCTION**

Plaintiff Walter Brzowski ("Plaintiff") brought this lawsuit under 42 U.S.C. § 1983 against Defendants John Baldwin (IDOC Director), Michael Melvin (former Pontiac Warden), Guy Pierce (former Pontiac Assistant Warden), Nicholas Lamb (former Stateville Warden), Brenda Sigler (Pontiac Records Department Supervisor), and David Hadley (Correctional Officer) alleging that he remained in the custody of the Illinois Department of Corrections ("IDOC") beyond his release date, in violation of his constitutional rights. (*See* Complaint, at ECF 24).

1

Plaintiff's Complaint alleges a Due Process violation (Count I), and claims for false imprisonment claim (Count II) and failure to intervene (Count IV) against all Defendants; an Eighth Amendment claim against Defendants Baldwin, Pierce, and Melvin (Count III); and a state law indemnification claim (Count V). (ECF 24, at 7-10). Plaintiff is suing Defendant Lamb in his official capacity; and Defendants Baldwin, Melvin, Pierce, Sigler, and Hadley in their individual capacities. (*Id.*, at 2-3). As more fully set forth below, Plaintiff's Complaint should be dismissed in its entirety for failure to state a claim.

## BACKGROUND

According to the Complaint, Plaintiff was convicted of two criminal cases in 2010 and 2012 that resulted in a combined sentence of four years imprisonment and four to eight years Mandatory Supervised Release ("MSR"). (ECF 24, at ¶¶15-18). Plaintiff appealed both convictions. (*Id.*, at ¶19). On September 10, 2013, Plaintiff was released from prison to begin serving a four-year MSR term. (*Id.*, at ¶20). Less than a month later, Plaintiff was arrested for violating his MSR, and he was remanded to the IDOC on November 29, 2013. (*Id.*, at ¶21). On October 10, 2014, Plaintiff was found not guilty of the criminal case that gave rise to his MSR violation. (*Id.*, at ¶22). Plaintiff then filed a petition for *habeas corpus* for his release. (*Id.*, at ¶23). Meanwhile, the Illinois Appellate Court reversed and remanded his two underlying criminal convictions. (*Id.*, at ¶24). On July 22, 2015, Plaintiff was re-sentenced to three years in prison and four years MSR. (*Id.*, at ¶25). Plaintiff calculates that he should have only had to serve an additional eight days in the IDOC custody in order to fulfill this sentence based on his good time

2

credit. (*Id.*, at ¶28). On October 14, 2015, the Prisoner Review Board reduced Plaintiff's MSR term to two years, which he claims reduced his sentence to a total of 1,278 days in custody. (*Id.*, at ¶29). On June 8, 2017, the Illinois Appellate Court ordered Plaintiff's release from the IDOC, unless the trial court determined that he was being held on any other charges. (*Id.*, at ¶33). Plaintiff was discharged on July 20, 2017. (*Id.*, at ¶34). Plaintiff's Complaint alleges that he was in custody for 902 days beyond his release date. (*Id.*, at ¶36).

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This "standard demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The Court need not draw inferences which are not apparent on the face of the complaint. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). Furthermore, to be liable under Section 1983, an individual must have caused or participated in a constitutional deprivation. *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012).

3

**ARGUMENT**

**I. Plaintiff's claims for damages from the State should be dismissed because they are barred by the Eleventh Amendment.**

Plaintiff's claims against Defendant Lamb in his official capacity for money damages, and Plaintiff's indemnification claim should be dismissed because the Eleventh Amendment bars suits against the State and state officials acting in their official capacities for monetary damages. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

   1. *Claims against Defendant Lamb in his official capacity (Counts I, II, and IV)*

Defendant Lamb should be dismissed from this lawsuit. Section 1983 provides a federal remedy against any "person" who, under color of state law, deprives "any citizen of the United States...of any rights, privileges, or immunities secured by the Constitution and laws." *Planned Parenthood of Indiana, Inc. v. Commissioner of Indiana State Dep't. Health*, 699 F.3d 962, 972 (7th Cir. 2012) (quoting 42 U.S.C. § 1983). Additionally, the Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under [Section] 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Here, Plaintiff requests monetary relief from Defendant Lamb in his official capacity, as Stateville's former warden. (ECF 24). A suit for money damages against a defendant in his or her official capacity is really a suit for money damages against the state, which is barred by the Eleventh Amendment. *Shockley v. Jones*, 823 F.2d 1068, 1070

4

(7th Cir. 1987). Therefore, all of Plaintiff's claims against Defendant Lamb are barred by the Eleventh Amendment and should be dismissed.

  2. *Indemnification, 5 ILCS 350/1 (Count V)*

Count V of Plaintiff's Complaint, which is brought pursuant to the State Employee Indemnification Act (5 ILCS 350/1), should be dismissed because it is barred by the Eleventh Amendment and because this Court lacks jurisdiction. Plaintiff's Complaint asks the Court to order the Defendants "to submit an award of compensatory damages, costs, and reasonable attorneys' fees entered against them to the State of Illinois for payment." (ECF 24, at 10). As such, Plaintiff is asking this Court to order the State to pay him money.

Federal courts must look to state immunity rules regarding state law causes of action. *Magdziak v. Byrd,* 96 F.3d 1045, 1048 (7th Cir. 1996). In Illinois, the Court of Claims has exclusive jurisdiction over "claims against the State founded upon any law of the State of Illinois or upon any regulation adopted thereunder by an executive or administrative officer or agency...." 705 ILCS 505/8(a). Here, Plaintiff's indemnification claim is actually a claim against the State seeking money damages for the Defendants' actions, which must be brought in the Illinois Court of Claims. *Armato v. Grounds*, 944 F. Supp. 2d 627, 635–36 (C.D. Ill. 2013), *aff'd,* 766 F.3d 713 (7th Cir. 2014). In sum, the Court does not have jurisdiction over Plaintiff's indemnification claim. Thus, Count V should be dismissed with prejudice.

 **II.** **Plaintiff's Section 1983 Failure to Intervene claim (Count IV) should be dismissed for failure to state a claim.**

Plaintiff fails to state a claim for failure to intervene because his Complaint does not allege sufficient facts to show that any of the Defendants were aware that he should not have been in custody, or that Defendants had any realistic opportunity to intervene. To state a failure to intervene claim, Plaintiff must show that Defendants: "(1) knew that a constitutional violation was committed; and (2) had a realistic opportunity to prevent it." *Gill v. City of Milwaukee,* 850 F.3d 335, 342 (7th Cir. 2017).

Here, Plaintiff alleges that, "each of the Defendants knew a constitutional violation was committed and had a realist [sic] opportunity to prevent the violation" (ECF 24, at ¶53); and that "Defendants had ample, reasonable opportunities to prevent this harm but failed to do so." (*Id.*, at ¶56). Plaintiff also claims that he "filed numerous grievances and complaints informing each of the Defendants of the miscalculation of his time served and the violation of his constitutional rights." (*Id.*, at ¶54). Lastly, Plaintiff suggests in his Complaint that Defendants "could have calculated [Plaintiff's] time served correctly in the first place," or "re-calculated the time served and avoided a continued violation" after Defendants were "informed of the error." (*Id.*, at ¶55).

However, these allegations are not sufficient to state a claim for failure to intervene. Plaintiff does not divulge any details about the "numerous grievances and complaints" he allegedly wrote to Defendants, nor does he provide any facts as to the date, form, or substance of his complaints. In fact, Plaintiff's Complaint is void of any specific allegations that Defendants were made aware of his complaints that he should be released from custody, or that any of these Defendants had a realistic opportunity to intervene and stop the alleged constitutional violations. *See Montano v. City of*

6

*Chicago,* 535 F.3d 558, 569 (7th Cir. 2008) (providing that the officer must have been "informed of the facts that establish a constitutional violation and had the ability to prevent it") (internal citations omitted). Furthermore, Defendants Baldwin and Lamb cannot be held liable because they were not even working at Pontiac during the time period in which Plaintiff claims he was wrongfully held past his release date. *See Powell v. City of Berwyn*, 68 F. Supp. 3d 929, 942 (N.D. Ill. 2014) (stating that officers who are not present during a constitutional violation cannot be held liable for a failure to intervene).

Simply put, Plaintiff fails to adequately plead a failure to intervene claim under the standard set forth in *Twombly* and *Iqbal*. While "detailed factual allegations" are not required, "labels and conclusions, and a *formulaic recitation of the elements of a cause of action will not do*." *Twombly*, 550 U.S. at 555 (emphasis added). Thus, Count IV of Plaintiff's Complaint should be dismissed.

### III. Plaintiff's Due Process claim (Count I) should be dismissed for failure to state a claim.

Count I should be dismissed because Plaintiff fails to allege that he was deprived of a cognizable liberty interest without due process, and because Plaintiff had adequate state court remedies available to him. Here, Plaintiff alleges that he was "wrongfully detained for an extra 902 days after he had served his sentence" and that, "as a result of that over-detention, [he] suffered loss of liberty…." (ECF 24, at ¶¶41-42). In addition, Plaintiff states that "Defendants opposed [his] petitions to be released and falsely represented that [he] was correctly incarcerated, thereby depriving him of due process of law." (*Id.*, at ¶44). It should be noted that Plaintiff's Complaint does not contain any

7

further details or explanation as to how these boilerplate allegations are attributable to the Defendants.

To succeed on a Due Process Clause claim, Plaintiff must prove: (1) a cognizable liberty interest under the Fourteenth Amendment; (2) a deprivation of that liberty interest occurred; and (3) an absence of due process caused by Defendants' conduct. *See Mann v. Vogel,* 707 F.3d 872, 877 (7th Cir. 2013) (citing *Khan v. Bland,* 630 F.3d 519, 527 (7th Cir. 2010)). As to the first prong, the Seventh Circuit has expressly held that there is "no substantive due process right to an early release from prison." *Toney-El v. Franzen,* 777 F.2d 1224, 1227 (7th Cir. 1985); *see also Greenholtz v. Inmates of Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). Thus, Plaintiff's alleged denial of out-of-custody MSR does not constitute a violation of a substantive due process right. In addition, Plaintiff fails to allege facts to support his blanket allegation that that he was, in fact, denied due process by the Defendants.

Alternatively, Plaintiff's Due Process claim fails because he had adequate state law remedies available for challenging the alleged improper sentence calculation. "In section 1983 actions challenging the mistakes made by state employees rather than the state procedures by which those mistakes were made, courts must consider the adequacy and availability of remedies under state law before concluding that a deprivation of life, liberty, or property violates due process of law." *Figgs v. Dawson*, 829 F.3d 895, 907 (7th Cir. 2016) (internal citations omitted). The Seventh Circuit has found

adequate remedies to include a petition for writ of habeas corpus filed in state court, a petition for writ of mandamus, or an Illinois false imprisonment claim for monetary damages brought in state court under Illinois tort law. *See Armato v. Grounds*, 766 F.3d 713, 722 (7th Cir. 2014) (finding that state court remedies giving an inmate the right to seek a writ of mandamus from the state court and a cause of action in Illinois courts were both adequate and available remedies, precluding plaintiff's due process claim).

Here, Plaintiff alleges that he filed a petition for *habeas corpus* in the Circuit Court of Will County in fall 2014, stating that he served his time and should be released. (ECF 24, at ¶23). Not only did Plaintiff have adequate state court remedies, he actually used those remedies by filing the *habeas corpus* petition. Thus, Plaintiff is precluded from bringing a federal due process claim against the Defendants. *See Figgs*, 829 F.3d at 907 (finding that the state court proceeding precluded plaintiff's procedural due process claim); *see also Toney-El*, 777 F.2d at 1228 (finding that a writ of mandamus and a cause of action in Illinois courts for false imprisonment were "adequate and available" state court remedies where the plaintiff was held in prison for 306 days past his release date, thereby precluding a due process claim in federal court). Accordingly, Count I of Plaintiff's Complaint should be dismissed.

### IV. Plaintiff's Section 1983 False Imprisonment claim (Count II) should be dismissed because it is time-barred.

Plaintiff's false imprisonment claim should be dismissed because he fails to allege any facts to show Defendants' personal involvement in the alleged violation, and because this lawsuit was filed after the statute of limitations expired. Here, Count II of

Plaintiff's Complaint states, "The imprisonment of Plaintiff for 902 days without probable cause, or other lawful justification, was a direct result of the failure by IDOC to, among other things, not unnecessarily limit Plaintiff's freedom and violated Plaintiff's rights under the Fourth and Fourteenth Amendments…." (ECF 24, at ¶46).

Although Plaintiff purports to bring this claim against all of the Defendants, there are no factual allegations to support Plaintiff's assertion that the individual Defendants had anything to do with the calculation of his sentence, or that he was held in custody without a lawful justification. Moreover, these vague allegations are insufficient to state a claim because Plaintiff is attributing the alleged violation to the IDOC, rather than any of the individual Defendants. It is well-established that, to be liable under Section 1983, an *individual* must have caused or participated in a constitutional deprivation. *Kuhn*, 678 F.3d at 556.

Regardless, this claim is barred by the applicable statute of limitations. Although failure to file within the limitations period is an affirmative defense (FED. R. CIV. P. 8(c)), and typically, "complaints do not have to anticipate affirmative defenses to survive a motion to dismiss," dismissal is appropriate when "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005) (citing *Leavell v. Kieffer*, 189 F.3d 492, 495 (7th Cir. 1999)). "When the plaintiff effectively pleads himself out of court by alleging facts sufficient to establish a statute of limitations defense,

dismissal is appropriate." *Reyes v. City of Chicago,* 585 F.Supp.2d 1010, 1014-15 (N.D. Ill. Oct. 28, 2008) (internal citations omitted).

Under Illinois law, the appropriate statute of limitations for Section 1983 claims is two years. 735 ILCS § 5/13-202; *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998). "A Section 1983 claim accrues when the plaintiff knows or has reason to know of the injury that is the basis of his action." *Sellars v. Perry*, 80 F.3d 243, 245 (7th Cir. 1996) (citing *Hondo, Inc. v. Sterling*, 21 F.3d 775, 778 (7th Cir. 1994)). With regard to false imprisonment claims, the Seventh Circuit set out a clear rule that a Fourth Amendment Section 1983 claim accrues at the time of the improper arrest. *Wallace v. City of Chicago*, 440 F.3d 421, 428 (7th Cir. 2006).

Here, Plaintiff alleges that he was falsely imprisoned for 902 days. (ECF 24, at ¶46). According to the Complaint, Plaintiff was released from IDOC on July 20, 2017. (*Id.*, at ¶13). Thus, Plaintiff contends that he was falsely imprisoned as of January 30, 2015. According to the timeline set forth in the Complaint, Plaintiff had until January 30, 2017 to bring this claim. However, Plaintiff did not file this lawsuit until December 28, 2017 – eleven months after the statute of limitations expired. (ECF 1). Therefore, even if Plaintiff had pled sufficient facts to show Defendants' personal involvement in the alleged false imprisonment, Count II should still be dismissed because it is untimely.

### V. Plaintiff's Eighth Amendment claim (Count III) should be dismissed because he fails to state a claim against Defendants Baldwin, Pierce, and Melvin.

Count III should be dismissed because Plaintiff's Complaint does not state any facts to show that Defendants Baldwin, Pierce, or Melvin were personally involved in,

11

or aware of an alleged Eighth Amendment violation. "To be liable under Section 1983, an individual must have caused or participated in a constitutional deprivation." *Pepper v. Vill. Of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (internal citations omitted); *Kuhn*, 678 F.3d at 556. An Eighth Amendment claim requires Plaintiff to show that "the defendants held him beyond the term of his incarceration without penological justification, and that the prolonged detention was the result of the defendants' 'deliberate indifference.'" *Armato*, 766 F.3d at 721 (citing *Campbell v. Peters*, 256 F.3d 695, 700 (7th Cir. 2001)). Proving deliberate indifference requires more than a showing of negligent or even grossly negligent behavior; rather, a defendant must have acted with the equivalent of criminal recklessness. *Farmer v. Brennan*, 511 U.S. 825, 835–37 (1994); *McGee v. Adams*, 721 F.3d 474, 480-81 (7th Cir. 2013).

Here, Plaintiff alleges that "Defendants Baldwin, Melvin, and Pierce were deliberate indifferent to [his] requests to be freed." (ECF 24, at ¶48). Plaintiff also alleges that these Defendants "acted recklessly" by placing him in segregation for seventeen months and that this amounts to a violation of his right to be free from cruel and unusual punishment. (*Id.*, at ¶¶49-50). Lastly, Plaintiff claims that Defendants were aware that he should not have been incarcerated or placed in the segregation unit because he "filed numerous grievances and complaints informing Defendants Baldwin, Pierce, and Melvin of the miscalculation of his time served and that he should be freed." (*Id.*, at ¶51).

None of these allegations are sufficient to show that Defendants acted with deliberate indifference. *See Thomas v. Knight*, 196 Fed. Appx. 424, 429 (7th Cir. 2006)

12

(explaining that a warden does not incur liability under § 1983 for a subordinate's conduct just by participating in the grievance process). Plaintiff merely recites the elements of the claim, but does not provide any facts to support these blanket assertions, nor does he describe any specific acts by Defendants Baldwin, Pierce, or Melvin that could show deliberate indifference.

Plaintiff has not alleged that Defendants ever received any of his alleged grievances or complaints, that they communicated with him at any time, or that they were involved in sentence calculations or release decisions. Plaintiff does not even provide any details about the grievances he allegedly wrote to the Defendants, such as the date, contents, or manner in which it was filed. Plaintiff also does not allege that Defendants were aware of, or involved in the incident that led to his placement in segregation. In fact, Plaintiff's Complaint is void of *any* specific factual allegations against Defendants Baldwin, Pierce, and Melvin. Thus, Plaintiff's Eighth Amendment claim (Count III) should be dismissed.

WHEREFORE, for the reasons stated above, Defendants respectfully request that this Honorable Court grant their Rule 12(b)(6) motion and enter an order dismissing Plaintiff's First Amended Complaint, and for such other relief as the Court finds just and reasonable.

Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois    /s *Colleen M. Shannon*
                                COLLEEN M. SHANNON

                                                Assistant Attorney General
                                                General Law Bureau
                                                100 W. Randolph St., 13th Fl.
                                                Chicago, Illinois 60601
                                                (312) 814-4450
                                                cshannon@atg.state.il.us