IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WALTER BRZOWSKI ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 17 CV 09339 |
| ) | |
| JOHN R. BALDWIN, MICHAEL ) | |
| MELVIN, GUY PIERCE, NICHOLAS ) | |
| LAMB, BRENDA SIGLER, and ) | |
| DAVID HADLEY, ) | |
| ) | |
| Defendants. ) | |

## SECOND AMENDED COMPLAINT

Plaintiff Walter Brzowksi complains of Defendants John R. Baldwin, Michael Melvin, Guy Pierce, Nicholas Lamb, Warden, Brenda Sigler, and David Hadley as follows:

## Background

1. Walter Brzowski was wrongfully held in the custody for an extra 902 days because the Defendants incorrectly calculated the time that Mr. Brzowski was incarcerated. Mr. Brzowski should have been released on July 30, 2015, but Defendants kept him until July 20, 2017, and *refused* to release him, despite Mr. Brzowski having served his time. Worse, Mr. Brzowski was confined in segregation for 17 of the 30 months that he was wrongfully held. During his incarceration, Mr. Brzowski filed numerous administrative grievances, complaints, petitions, and *habeas corpus* petitions pointing out the miscalculation and asking to be freed.

Each time, Defendants willfully opposed the request to release Mr. Brzowski and deliberately miscalculated his time served. Finally, on June 8, 2017, the Illinois Appellate Court ordered that Mr. Brzowski be released. Mr. Brzowski was finally freed six weeks later on July 20, 2017.

## Jurisdiction and Venue

2. Federal jurisdiction over this Civil Rights action, brought pursuant to 42 U.S.C. § 1983, is based upon 28 U.S.C. § 1331 and § 1343(a), and there is supplemental jurisdiction over the state law claim, as provided under 28 U.S.C. § 1367(a).

3. Venue is proper because acts or events giving rise to the complaint occurred in the Northern District of Illinois, Eastern Division.

## Parties

4. Plaintiff WALTER BRZOWSKI is a citizen of the State of Illinois and resident of the City of Chicago.

5. Defendant, JOHN R. BALDWIN, the Director of the Illinois Department of Corrections, is sued in his individual capacity.

6. Defendant MICHAEL MELVIN, the Warden of Pontiac Correctional Center, is sued in his individual capacity.

7. Defendant GUY PIERCE, the Interim Warden of Operations at Pontiac Correctional Center and Warden of Pontiac Correctional Center, is sued in his individual capacity.

8. Defendant NICHOLAS LAMB, the Warden of Stateville Correctional Center, is sued in his individual capacity.

9. Defendant BRENDA SIGLER, the Records Department Supervisor of Pontiac Correctional Center, is sued in her individual capacity.

10. Defendant, DAVID HADLEY, a Correctional Officer in Pontiac Correctional Center, is sued in his individual capacity.

## Procedural History

11. On January 12, 2017, the United States Court of Appeals for the Seventh Circuit, determined that, "Brzowski had made a substantial showing that he is being denied his right to due process of law by being kept in [the Illinois Department of Corrections] beyond his sentence." (*See* Exhibit A, 1/12/17 Order.)

12. On June 8, 2017, the Illinois Appellate Court determined that Mr. Brzowksi had served excessive time and that, "[u]nless the trial court determines that plaintiff should remain in custody for such other reason, he should be released *immediately*" (*emphasis added*). (*See* Exhibit B, 6/8/17 Order.)

13. Mr. Brzowski was discharged from custody on July 20, 2017.

14. Mr. Brzowski was wrongfully forced to serve an extra 902 days in IDOC despite repeatedly demonstrating that he had served his time.

## Facts

15. In 2010, Mr. Brzowski was convicted and sentenced to time in the Illinois Department of Corrections ("IDOC").

16. On May 4, 2012, in Will County Case No. 2010 CF 1923, Mr. Brzowski was sentenced to two concurrent one-year sentences and a four year mandatory supervised release ("MSR") term.

17. On June 1, 2012, in Will County Case No. 2010 CF 2494, Mr. Brzowski was convicted and sentenced to two concurrent three year sentences and a four year MSR term.

18. These two sentences were to run consecutively for a total of four years with day-for-day good time and four to eight years of MSR.

19. Mr. Brzowski appealed both convictions in the Illinois Appellate Court after June 1, 2012, in Case No. 03-12-00376-U.

20. On September 10, 2013, Mr. Brzowski completed both terms of his incarceration and was released from custody to begin a four year MSR term.

21. On October 1, 2013, Mr. Brzowski was arrested for violating the terms of his MSR and remanded to IDOC on November 29, 2013.

22. On October 10, 2014, Mr. Brzowski was found *not* guilty in Cook County criminal Case No. 13 CR 210201, which triggered the violation of his MSR on October 1, 2013.

23. In the fall of 2014, Mr. Brzowski filed a petition for *habeas corpus* in Will County, Circuit Court Case No. 14 MR 2630, stating that he had served his time and that he should be released.

24. While that petition was pending, Mr. Brzowski's two Will County convictions, which gave rise to his incarceration, were reversed by the Illinois Appellate Court and remanded for new trials.

25. Mr. Brzowski was re-sentenced on July 22, 2015, in his original Will County Case No. 10 CF 1923 to three years imprisonment and a four year MSR term.

26. His other Will County Case No. 10 CF 2494 was *nolle prosequi* on July 22, 2015 as part of a plea deal with the State's Attorney.

27. At that hearing, the State's Attorney told the court that Mr. Brzowski had already served his time, however, Mr. Brzowski was *not* released.

28. The calculation of Mr. Brzowski's sentence at that time was as follows:

   a. Mr. Brzowski was credited with 1452 days for time-served, which included his pretrial detention, beginning July 30, 2011, through his entire time in IDOC.

   b. The court stated that except for the 20 days he was released on his MSR term, Mr. Brzowksi had remained in IDOC custody.

   c. Based on his day-for-day good time credits, Mr. Brzowski's sentence on July 22, 2015 required that he serve 1460 days in prison.

   d. As of July 22, 2015, Mr. Brzowski only needed to serve eight additional days in prison, before he had fully completed his sentence (1460 days imposed by the new sentence less 1452 days credited as time served).

  e. After serving the eight additional days in prison, Mr. Brzowski would have been fully discharged from IDOC, without needing to serve any more time on MSR.

29. On October 14, 2015 the Illinois Prisoner Review Board reduced Mr. Brzowski's period of MSR from four years to two years, reducing the total days he needed to be held in custody from 1,460 to 1,278.

30. An IDOC Counseling Summary, created by Defendant Brenda Sigler, incorrectly indicated that Mr. Brzowski was received in IDOC custody on July 28, 2015, rather than the correct date of July 30, 2011.

31. An affidavit executed by Defendant Sigler, dated December 15, 2015, maintains that Mr. Brzowski's date of custody was July 28, 2015.

32. Mr. Brzowski specifically alerted Defendant Sigler to the issues in her report, through written grievances, which were documented through IDOC Counseling Summaries.

33. In these grievances, Mr. Brzowski specifically cited the miscalculation, and identified the correct calculation of his release date.

34. Despite Mr. Brzowski's numerous grievances, he was not released from custody.

35. In an order dated June 8, 2017, the Illinois Appellate Court determined that Mr. Brzowski was to be released from IDOC custody *immediately* unless the trial court determined that he was being held on any other charges.

36. Mr. Brzowski was released from IDOC on July 20, 2017.

37. In total, Mr. Brzowski was held in IDOC for 2,180 days, and only needed to be held for 1,278 days.

38. Mr. Brzowski served 902 days in IDOC beyond his original sentence.

39. Making matters worse, Mr. Brzowski was placed in segregation from December 30, 2015 to May 30, 2017 due to a ticket from Pontiac Correctional Officer, David Hadley, which was later determined to be unfounded.

40. Guy Pierce was the Chief Administrative Officer who signed off the Final Summary Report placing Mr. Brzowski in segregation.

41. During that time, Mr. Brzowski had restricted access to prison services, including communication and visits with his family.

42. The restriction placed upon Mr. Brzowski by the confinement to segregation inhibited his ability to advocate for his release.

## COUNT I
## 42 U.S.C. § 1983 – VIOLATION OF DUE PROCESS
(All Defendants)

43. Paragraphs 1-42 are incorporated herein.

44. Mr. Brzowski was wrongfully detained for an extra 902 days after he had served his sentence.

45. As a result of that over-detention Mr. Brzowski suffered loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other grievous and continuing injuries.

46. By depriving Mr. Brzowski of his fundamental right to liberty, Defendants violated the Due Process Clause of the Fourteenth Amendment to the

United States Constitution. As Defendants were acting under the color of state law, Plaintiff's claims are actionable under 42 U.S.C. § 1983.

47. Defendants opposed Mr. Brzowski's petitions to be released and falsely represented that Mr. Brzowski was correctly incarcerated, thereby depriving him of due process of law.

**WHEREFORE**, Plaintiff prays that the Court enter judgment for him and against Defendants, and award Plaintiff compensatory damages and reasonable attorney fees sufficient to compensate Plaintiff for his injuries.

## COUNT II
### 42 U.S.C. § 1983 – FALSE IMPRISONMENT
**(All Defendants)**

48. Paragraphs 1-42 are incorporated herein.

49. The imprisonment of Plaintiff for 902 days without probable cause, or other lawful justification, was a direct result of the failure by IDOC to, among other things, not unnecessarily limit Plaintiff's freedom and violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

**WHEREFORE**, Plaintiff prays that the Court enter judgment for him and against Defendants, and award Plaintiff compensatory damages and reasonable attorney fees sufficient to compensate Plaintiff for his injuries.

## COUNT III
### EIGHTH AMENDMENT CRUEL AND UNUSUAL PUNISHMENT
**(John R. Baldwin, Guy Pierce, and Michael Melvin)**

50. Paragraphs 1-39 are incorporated herein.

51. Defendants Baldwin, Pierce, and Melvin were deliberately indifferent to Mr. Brzowski's requests to be freed.

52. The housing of Mr. Brzowski in segregation for 17 months amounts to a violation of his Eighth Amendment right to be free from cruel and unusual punishment, because he was both wrongfully incarcerated, and subject to restrictive conditions.

53. Defendants Baldwin, Pierce, and Melvin acted recklessly in placing Mr. Brzowski in segregation for 17 straight months, despite his pleas to be released.

54. Defendants Baldwin, Pierce, and Melvin were aware that Mr. Brzowski should not have been incarcerated or placed in segregation because Mr. Brzowski filed numerous, detailed grievances informing Defendants Baldwin, Pierce, and Melvin of the miscalculation of his time served and that he should be freed.

**WHEREFORE**, Plaintiff prays that the Court enter judgment for him and against Defendants, and award Plaintiff compensatory damages and reasonable attorney fees sufficient to compensate Plaintiff for his injuries.

### COUNT IV
### 42 U.S.C. § 1983 – FAILURE TO INTERVENE
**(All Defendants)**

55. Paragraphs 1-42 are incorporated herein.

56. During the constitutional violations described herein, each of the Defendants knew a constitutional violation was committed and had a realistic opportunity to prevent the violation.

57. Mr. Brzowski filed numerous grievances and complaints informing each of the Defendants of the miscalculation of his time served and the violation of his constitutional rights.

58. The Defendants John R. Baldwin, Michael Melvin, and Nicholas Lamb had multiple and realistic opportunities to prevent the violation. These Defendants could have calculated Mr. Brzowski's time served correctly in the first place, thereby completely avoiding the violation. Defendants, informed of the error, also could have re-calculated the time served and avoided a continued violation.

59. As a result of Defendants John R. Baldwin, Michael Melvin, and Nicholas Lamb's failure to intervene and prevent the violation of Mr. Brzowski's constitutional rights, Plaintiff suffered pain and injury, as well as emotional distress. These Defendants had ample, reasonable opportunities to prevent this harm but failed to do so.

**WHEREFORE**, Plaintiff prays that the Court enter judgment for him and against Defendants, and award Plaintiff compensatory damages and reasonable attorney fees sufficient to compensate Plaintiff for his injuries.

**COUNT V**
**INDEMNIFICATION – 5 ILCS 350/1**

60. Paragraphs 1-59 are incorporated herein.

61. Defendants were employees of the State of Illinois, as that term is used in 5 ILCS 350/1(b).

62. Defendants, pursuant to 5 ILCS 350/1, are entitled to indemnity provided the Defendants serve notice upon the State of any judgment entered herein.

**WHEREFORE**, Plaintiff prays that Defendants be ordered to submit any award of compensatory damages, costs, and reasonable attorneys' fees entered against them to the State of Illinois for payment.

## PLAINTIFF DEMANDS TRIAL BY JURY

**DATED:** July 23, 2018

**PLAINTIFF WALTER BRZOWSKI**

/s/ Victor P. Henderson
One of his Attorneys

Victor P. Henderson
Alexandra H. Roffman
**HENDERSON PARKS, LLC**
140 South Dearborn, Suite 1020
Chicago, IL 60603
Phone: (312) 262-2900
Facsimile: (312) 262-2901
vphenderson@-henderson-parks.com
aroffman@henderson-parks.com