IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| Walter Brzowski, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17 CV 9339 |
| | ) | |
| John R. Baldwin, et al., | ) | Judge Matthew F. Kennelly |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants John Baldwin, Michael Melvin, Guy Pierce, Nicholas Lamb, Brenda Sigler, and David Hadley ("Defendants"), by and through their attorney, Lisa Madigan, Attorney General of Illinois, submit the following memorandum of law in support of their motion to dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

**INTRODUCTION**

Plaintiff Walter Brzowski ("Plaintiff") brought this lawsuit under 42 U.S.C. § 1983 against Defendants John Baldwin (IDOC Director), Michael Melvin (former Pontiac Warden), Guy Pierce (former Pontiac Assistant Warden), Nicholas Lamb (former Stateville Warden), Brenda Sigler (Pontiac Records Department Supervisor), and David Hadley (Correctional Officer) alleging that he was in the custody of the Illinois Department of Corrections ("IDOC") beyond his release date, in violation of his constitutional rights. *See* Plaintiff's Second Amended Complaint (hereafter "Complaint").

1

Plaintiff's five-count Complaint alleges claims for false imprisonment, failure to intervene, and a Due Process violation against all the Defendants; an Eighth Amendment claim against Defendants Baldwin, Pierce, and Melvin; and a state law indemnification claim. Docket ("Dkt.") 30 at 7-11. Plaintiff is suing all of the Defendants in their individual capacities. *Id.* at 2-3. As more fully set forth below, Plaintiff fails to state a claim against any of the named Defendants and his Complaint should be dismissed in its entirety.

## BACKGROUND

Plaintiff was convicted of two criminal cases in 2010 and 2012 that resulted in a combined sentence of four years imprisonment followed by four to eight years of Mandatory Supervised Release ("MSR"). Dkt. 30 at ¶¶15-18. On September 10, 2013, Plaintiff was released from prison to begin serving a four-year term of MSR. *Id.* at ¶20. Less than a month later, Plaintiff was arrested for violating his MSR, and he was remanded to the IDOC on November 29, 2013. *Id.* at ¶21. On October 10, 2014, Plaintiff was found not guilty of the criminal case that gave rise to his MSR violation. *Id.* at ¶22. Plaintiff then filed a petition for *habeas corpus* for his release. *Id.* at ¶23. Meanwhile, the Illinois Appellate Court reversed and remanded Plaintiff's two underlying criminal convictions. *Id.* at ¶24.

On July 22, 2015, Plaintiff was re-sentenced to three years imprisonment and four years MSR. *Id.* at ¶25. Plaintiff calculates that he should have only had to serve eight more days in the IDOC in order to fulfill this sentence based on his good time credit. *Id.* at ¶28. On October 14, 2015, the Prisoner Review Board reduced Plaintiff's MSR term to

2

two years, which he claims reduced his sentence to a total of 1,278 days in custody. *Id*. at ¶29. On June 8, 2017, the Illinois Appellate Court ordered Plaintiff's release from the IDOC, unless the trial court determined that he was being held on any other charges. *Id*. at ¶33. Plaintiff was discharged on July 20, 2017. *Id*. at ¶34. Plaintiff alleges that he was held in custody for 902 days beyond his release date. *Id*. at ¶36.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This "standard demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Moreover, the Court need not draw inferences which are not apparent on the face of the complaint. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

## ARGUMENT

### I. Indemnification (Count V)

Plaintiff's indemnification claim should be dismissed because the Eleventh Amendment bars suits against the State for monetary damages. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). In addition,

this Court lacks jurisdiction over Plaintiff's state law claim seeking payment from the State. Count V of Plaintiff's Complaint is brought pursuant to the State Employee Indemnification Act (5 ILCS 350/1) and asks this Court to order the Defendants "to submit an award of compensatory damages, costs, and reasonable attorneys' fees entered against them to the State of Illinois for payment." Dkt. 30 at 11.

Federal courts must look to state immunity rules regarding state law causes of action. *Magdziak v. Byrd,* 96 F.3d 1045, 1048 (7th Cir. 1996). In Illinois, the Court of Claims has exclusive jurisdiction over "claims against the State founded upon any law of the State of Illinois or upon any regulation adopted thereunder by an executive or administrative officer or agency...." 705 ILCS 505/8(a). Here, Plaintiff's indemnification claim is actually claim against the State seeking money damages for the Defendants' actions, which must be brought in the Illinois Court of Claims. *Armato v. Grounds*, 944 F. Supp. 2d 627, 635–36 (C.D. Ill. 2013), *aff'd,* 766 F.3d 713 (7th Cir. 2014). The Illinois Court of Claims has exclusive jurisdiction Plaintiff's state law indemnification claim. Thus, Count V of Plaintiff's Complaint should be dismissed.

## II. Section 1983 Failure to Intervene (Count IV)

Plaintiff fails to state a claim for failure to intervene because he does not allege sufficient facts to show that any of the Defendants were personally involved in the alleged constitutional violation. To state a failure to intervene claim, Plaintiff must show that Defendants: "(1) knew that a constitutional violation was committed; and (2) had a realistic opportunity to prevent it." *Gill v. City of Milwaukee,* 850 F.3d 335, 342 (7th Cir. 2017). Here, Plaintiff alleges that, "each of the Defendants knew a constitutional

violation was committed and had a realistic opportunity to prevent the violation." Dkt. 30 at ¶56. To support this allegation (which merely recites the elements of the claim), Plaintiff states that he "filed numerous grievances and complaints informing each of the Defendants of the miscalculation of his time served and the violation of his constitutional rights." *Id*. at ¶57. Plaintiff also alleges that Defendants Baldwin, Melvin, and Lamb "had multiple and realistic opportunities to prevent the violation." *Id*. at ¶¶58-59.

    None of these bare allegations are sufficient to state a claim for failure to intervene. Plaintiff does not provide a single detail about the "numerous grievances and complaints" he allegedly wrote to Defendants or state which Defendant(s) he wrote them to, nor does he provide any facts as to the date, form, or substance of his alleged complaints. In fact, Plaintiff's Complaint is void of any specific allegations that Defendants were made aware of his complaints that he should be released from custody, or that they had a realistic opportunity to intervene. *See Montano v. City of Chicago*, 535 F.3d 558, 569 (7th Cir. 2008) (providing that the officer must have been "informed of the facts that establish a constitutional violation and had the ability to prevent it") (internal citations omitted). Furthermore, Plaintiff's claim against Defendants Baldwin and Lamb fails because they were not even working at Pontiac when Plaintiff claims he was wrongfully held past his release date. *See Powell v. City of Berwyn*, 68 F. Supp. 3d 929, 942 (N.D. Ill. 2014) (stating that officers who are not present during a constitutional violation cannot be held liable for a failure to intervene).

5

In sum, Plaintiff's failure to intervene claim fails to meet the standard set forth in *Twombly* and *Iqbal*. While "detailed factual allegations" are not required, "labels and conclusions, and a *formulaic recitation of the elements of a cause of action will not do*." *Twombly*, 550 U.S. at 555 (emphasis added). Plaintiff merely recites the elements of the claim without providing any factual support. As such, Count IV of Plaintiff's Complaint should be dismissed.

## III. Due Process Violation (Count I)

Plaintiff's Due Process claim should be dismissed for three reasons: (1) he does not allege that he was deprived of a cognizable liberty interest without due process; (2) there are no facts to show any of the Defendants were personally involved in the alleged violation; and (3) adequate state court remedies were available to Plaintiff.

To succeed on a Due Process Clause claim, Plaintiff must prove: (1) a cognizable liberty interest under the Fourteenth Amendment; (2) a deprivation of that liberty interest occurred; and (3) an absence of due process caused by Defendants' conduct. *Mann v. Vogel*, 707 F.3d 872, 877 (7th Cir. 2013) (citing *Khan v. Bland*, 630 F.3d 519, 527 (7th Cir. 2010)). As to the first prong, the Seventh Circuit has expressly held that there is "no substantive due process right to an early release from prison." *Toney-El v. Franzen*, 777 F.2d 1224, 1227 (7th Cir. 1985); *see also Greenholtz v. Inmates of Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). Thus, Plaintiff's alleged denial of out-of-custody MSR is not a violation of a substantive due process right.

6

Second, Plaintiff does not allege any facts to show Defendants' personal involvement. It is well-settled that, to be liable under Section 1983, an individual must have caused or participated in a constitutional deprivation. *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012). Here, Plaintiff alleges that he suffered a loss of liberty as a result of being "wrongfully detained for an extra 902 days after he had served his sentence." Dkt. 30 at ¶¶44-45. In addition, Plaintiff states that "Defendants opposed [his] petitions to be released and falsely represented that [he] was correctly incarcerated, thereby depriving him of due process of law." *Id*. at ¶44. However, Plaintiff's Complaint does not contain any facts to support these conclusory statements. He does not provide details as to which Defendant(s) opposed his petitions or who made a "false representation." In fact, there is nothing in the Complaint to even remotely suggest that Defendants Baldwin, Melvin, Pierce, Lamb, Sigler, and Hadley were aware of an error in Plaintiff's sentence calculation, or that they personally interfered with or denied his access to due process.

Lastly, Plaintiff's Due Process claim fails because he had adequate state law remedies available for challenging the alleged improper sentence calculation. "In section 1983 actions challenging the mistakes made by state employees rather than the state procedures by which those mistakes were made, courts must consider the adequacy and availability of remedies under state law before concluding that a deprivation of life, liberty, or property violates due process of law." *Figgs v. Dawson*, 829 F.3d 895, 907 (7th Cir. 2016) (internal citations omitted). The Seventh Circuit has found that adequate remedies include a petition for writ of habeas corpus filed in state court, a

7

petition for writ of mandamus, or an Illinois false imprisonment claim for monetary damages brought in state court under Illinois tort law. *See Armato v. Grounds*, 766 F.3d 713, 722 (7th Cir. 2014) (finding that state court remedies giving an inmate the right to seek a writ of mandamus from the state court and a cause of action in Illinois courts were both adequate and available remedies, precluding plaintiff's due process claim).

Here, Plaintiff alleges that he filed a petition for *habeas corpus* in the Circuit Court of Will County in fall 2014, stating that he served his time and should be released. Dkt. 30 at ¶23. Not only did Plaintiff have adequate state court remedies, he actually used those remedies by filing the *habeas corpus* petition. Thus, Plaintiff is precluded from bringing a federal due process claim against the Defendants. *See Figgs*, 829 F.3d at 907 (finding that the state court proceeding precluded plaintiff's procedural due process claim); *see also Toney-El*, 777 F.2d at 1228 (finding that a writ of mandamus and a cause of action in Illinois courts for false imprisonment were "adequate and available" state court remedies where the plaintiff was held in prison for 306 days past his release date, thereby precluding a due process claim in federal court). Accordingly, Count I of Plaintiff's Complaint should be dismissed.

**IV.   Section 1983 False Imprisonment (Count II)**

Plaintiff's false imprisonment claim should be dismissed because he fails to allege any facts to show Defendants' personal involvement in the alleged violation and because this lawsuit was filed after the statute of limitations expired. Plaintiff's Complaint alleges that, "the imprisonment of Plaintiff for 902 days without probable cause, or other lawful justification, was a direct result of the failure by IDOC to, among

8

other things, not unnecessarily limit Plaintiff's freedom and violated Plaintiff's rights under the Fourth and Fourteenth Amendments…." Dkt. 30 at ¶49.

Although Plaintiff purports to bring this claim against "All Defendants," this claim, as drafted, is actually brought against the IDOC. Once again, Plaintiff fails to meet Section 1983's personal involvement requirement. *See Kuhn*, 678 F.3d at 556 (explaining that, to be liable under Section 1983, an *individual* must have caused or participated in a constitutional deprivation). Plaintiff's inability to attribute the violation to any of the individual Defendants is highlighted by the lack of specific factual allegations. Plaintiff does not – and cannot – state which Defendant(s) falsely imprisoned him, or what role they played in his sentence calculation.

Regardless, this claim is barred by the applicable statute of limitations. Although failure to file within the limitations period is an affirmative defense, and typically, "complaints do not have to anticipate affirmative defenses to survive a motion to dismiss," dismissal is appropriate when "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005) (citing *Leavell v. Kieffer*, 189 F.3d 492, 495 (7th Cir. 1999)); Fed. R. Civ. P. 8(c). "When the plaintiff effectively pleads himself out of court by alleging facts sufficient to establish a statute of limitations defense, dismissal is appropriate." *Reyes v. City of Chicago,* 585 F.Supp.2d 1010, 1014-15 (N.D. Ill. Oct. 28, 2008) (internal citations omitted).

Under Illinois law, the appropriate statute of limitations for Section 1983 claims is two years. 735 ILCS § 5/13-202; *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998). "A Section 1983 claim accrues when the plaintiff knows or has reason to know of the injury that is the basis of his action." *Sellars v. Perry*, 80 F.3d 243, 245 (7th Cir. 1996) (citing *Hondo, Inc. v. Sterling*, 21 F.3d 775, 778 (7th Cir. 1994)). With regard to false imprisonment claims, the Seventh Circuit has set out a clear rule that a Fourth Amendment Section 1983 claim accrues at the time of the improper arrest. *Wallace v. City of Chicago*, 440 F.3d 421, 428 (7th Cir. 2006).

Here, Plaintiff alleges that he was falsely imprisoned for 902 days. Dkt. 30 at ¶49. According to the Complaint, Plaintiff was released from the IDOC on July 20, 2017. *Id.* at ¶13. Thus, Plaintiff contends that he was falsely imprisoned as of January 30, 2015. According to the timeline set forth in the Complaint, Plaintiff had until January 30, 2017 to bring this claim. However, he did not file this lawsuit until December 28, 2017 – eleven months after the statute of limitations expired. Dkt. 1. Therefore, even if Plaintiff had pled sufficient facts to show Defendants' personal involvement, Count II should still be dismissed because it is untimely.

## V. Eighth Amendment claim (Count III)

Count III should be dismissed because Plaintiff's Complaint does not state any facts to show that Defendants Baldwin, Pierce, or Melvin were personally involved in, or aware of an alleged Eighth Amendment violation. "To be liable under Section 1983, an individual must have caused or participated in a constitutional deprivation." *Pepper v. Vill. Of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (internal citations omitted). An

10

Eighth Amendment claim requires Plaintiff to show that "the defendants held him beyond the term of his incarceration without penological justification, and that the prolonged detention was the result of the defendants' 'deliberate indifference.'" *Armato*, 766 F.3d at 721 (citing *Campbell v. Peters*, 256 F.3d 695, 700 (7th Cir. 2001)). Proving deliberate indifference requires more than a showing of negligent or even grossly negligent behavior; rather, a defendant must have acted with the equivalent of criminal recklessness. *Farmer v. Brennan,* 511 U.S. 825, 835–37 (1994); *McGee v. Adams*, 721 F.3d 474, 480-81 (7th Cir. 2013).

Here, Plaintiff alleges that "Defendants Baldwin, Melvin, and Pierce were deliberately indifferent to [his] requests to be freed." Dkt. 30 at ¶51. Plaintiff also alleges that these Defendants "acted recklessly" by placing him in segregation for seventeen months and that this amounts to a violation of his right to be free from cruel and unusual punishment. *Id*. at ¶¶52-53. Lastly, Plaintiff claims that the Defendants were aware that he should not have been incarcerated or placed in the segregation unit because he "filed numerous grievances and complaints informing Defendants Baldwin, Pierce, and Melvin of the miscalculation of his time served and that he should be freed." *Id*. at ¶54.

None of these allegations are sufficient to show that Defendants Baldwin, Melvin, or Pierce acted with deliberate indifference. *See Thomas v. Knight*, 196 Fed. Appx. 424, 429 (7th Cir. 2006) (explaining that a warden does not incur liability under § 1983 for a subordinate's conduct just by participating in the grievance process). Like the rest of his Complaint, Plaintiff merely recites the elements of the claim without

11

providing any factual support. There are no allegations that the Defendants received any of his grievances or complaints, communicated with him at any time, or that they were involved in sentence calculations or release decisions. Plaintiff does not even provide any details about the grievances he allegedly wrote. There is nothing in the Complaint to show that the Defendants even interacted with Plaintiff at all, much less that they acted with criminal recklessness. Thus, Plaintiff's Eighth Amendment claim should be dismissed.

WHEREFORE, for the reasons stated above, Defendants respectfully request that this Honorable Court grant their Rule 12(b)(6) motion and enter an order dismissing Plaintiff's Second Amended Complaint, and for such other relief as the Court finds reasonable and just.

Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois

/s *Colleen M. Shannon*
COLLEEN M. SHANNON
Assistant Attorney General
General Law Bureau
100 W. Randolph St., 13th Fl.
Chicago, Illinois 60601
(312) 814-4450
cshannon@atg.state.il.us

### CERTIFICATE OF SERVICE

The undersigned certifies that on August 20, 2018, the foregoing document was electronically filed using the Court's CM/ECF system.

/s *Colleen M. Shannon*