IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WALTER BRZOWSKI )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN R. BALDWIN, MICHAEL )<br>MELVIN, GUY PIERCE, NICHOLAS )<br>LAMB, BRENDA SIGLER, and )<br>DAVID HADLEY, )<br>)<br>Defendants. ) | No. 17 CV 09339 |

**PLAINTIFF'S MOTION TO SUBMIT NEW AUTHORITY IN
RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff Walter Brzowski moves to submit new authority in support of his Response to Defendants' Motions to Dismiss (Dkt. No. 35), and, in support, states as follows:

1. On August 20, 2018, Defendants filed a Motion to Dismiss, (Dkt. No. 33.) in which they argued that Mr. Brzowski's false imprisonment claim should be dismissed because the statute of limitations began accruing during his imprisonment, on January 30, 2015. (Dkt. No. 33, p.9-10.)

2. In his response, Mr. Brzowski argued that his claims did not begin accruing until he was released from prison in July 2017. (Dkt. No. 25, pgs. 5-7.) Among other authorities, Mr. Brzowski's response cited to the U.S. Supreme Court's decision in *Manuel v. City of Joliet, Illinois, et al.*, which remanded to the Seventh Circuit to determine when the claim in that case accrued. (*Id.*)

3. On September 10, 2018,[1] the Seventh Circuit issued an opinion on the remand of *Manuel v. City of Joliet, Illinois, et al.*, addressing the accrual date of Fourth Amendment claims. (**Exhibit 1**, Slip. Op.; 2018 U.S. App. LEXIS 25594 (7th Cir. Sept. 10, 2018).)

4. In addressing when Manuel's claims related to detention accrued, the Seventh Circuit held that "when a search or seizure causes injury independent of time spent in custody, the claim accrues immediately; but when the objection is to the custody, a different approach must control." *Id.* at *4.

5. The Seventh Circuit held that when an injury is ongoing, as in the case of a detention, the statute of limitations does not begin accruing until the wrong ends. *Id.* (holding that "a claim cannot accrue until the would-be plaintiff is entitled to sue, yet the existence of detention forbids a suit for damages contesting that detention's validity.").

6. Finally, the Seventh Circuit, consistent with Mr. Brzowski's arguments in this case, that a claim does not accrue before it is possible to sue on it. *Id.* at *7 (citation omitted).

7. The Seventh Circuit's application of the Supreme Court's holding in *Manuel* confirms that the statute of limitations did not begin accruing on Mr. Brzowski's claim of false imprisonment until he was actually released from IDOC custody in July 2017. Until the Illinois appellate court ruled that his detention was

---

[1] This was the same day that Plaintiff's response was filed and counsel did not have access to the decision before filing the response brief.

improper, Mr. Brzowski could not have brought suit under § 1983 and his claim could not have started accruing.

**WHEREFORE**, Plaintiff Walter Brzowski respectfully requests that this Court consider the Seventh Circuit's decision in *Manuel v. City of Joliet, Illinois, et al.* and deny Defendants' motion to dismiss based on the statute of limitations.

**PLAINTIFF WALTER BRZOWKSI**

By: /s/Victor P. Henderson
   One of his Attorneys

Victor P. Henderson
Christopher W. Carmichael
Alexandra H. Roffman
**HENDERSON PARKS, LLC**
140 South Dearborn St., Suite 1020
Chicago, IL 60603
Tel.: (312) 262-2900
vphenderson@-henderson-parks.com
ccarmichael@henderson-parks.com
aroffman@henderson-parks.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on **September 14, 2018**, the foregoing **Plaintiff's Motion to Submit New Authority In Response to Defendants' Motion to Dismiss** was electronically filed with the Clerk of the United States District Court for the Northern District of Illinois by filing through the CM/ECF system, which served a copy of the foregoing upon all counsel of record.

By: /s/ Victor P. Henderson