# EXHIBIT 1

In the

# United States Court of Appeals
## For the Seventh Circuit

———————————————

No. 14-1581

ELIJAH MANUEL,

*Plaintiff-Appellant,*

*v.*

CITY OF JOLIET, ILLINOIS, *et al.*,

*Defendants-Appellees.*

———————————————

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
On Remand from the Supreme Court of the United States.
No. 13 C 3022 — **Milton I. Shadur**, *Judge.*

———————————————

ARGUED SEPTEMBER 19, 2017 — DECIDED SEPTEMBER 10, 2018

———————————————

Before WOOD, *Chief Judge*, and EASTERBROOK and ROVNER, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. Elijah Manuel was arrested and charged with possessing unlawful drugs. A judge decided that he would be held in jail pending trial. Forty-seven days later the prosecutor dismissed all charges after concluding that the pills Manuel had been carrying were legal. The next day he was released. Last year the Supreme Court

held that Manuel is entitled to seek damages on the ground
that detention without probable cause violates the Fourth
Amendment (applied to the states by the Fourteenth). *Manuel v. Joliet*, 137 S. Ct. 911 (2017). The Justices remanded the
question whether Manuel sued in time. *Id*. at 920–22. The
parties agree that Illinois law, which supplies the period of
limitations under *Wilson v. Garcia*, 471 U.S. 261 (1985), gave
Manuel two years from the claim's accrual. But federal law
defines when a claim accrues. *Wallace v. Kato*, 549 U.S. 384,
388 (2007).

Here are the potentially important dates:

- March 18, 2011: Manuel is arrested

- March 18, 2011: A judge orders Manuel to remain in
  custody for trial

- May 4, 2011: The prosecutor dismisses the charge

- May 5, 2011: Manuel is released

- April 22, 2013: Manuel sues under 42 U.S.C. §1983

Defendants contend that Manuel's claim accrued on March
18, when the judge ordered him held pending trial. If that's
right, then Manuel sued too late. He maintains that the clock
started on May 4, when his position was vindicated by dismissal of the prosecution. We do not accept either approach.
We hold that Manuel's claim accrued on May 5, when he
was released from custody. That makes this suit timely.

Defendants' position relies on *Wallace*, which held that a
Fourth Amendment claim accrues (and the period of limitations starts) as soon as the plaintiff has been brought before a
judge (or, in the language of both *Wallace* and *Manuel*, has

No. 14-1581                                                                         3

been held pursuant to legal process). 549 U.S. at 389–91. This
position encounters two problems.

First, Wallace complained about his arrest rather than the
custody that post-dated his appearance before a judge. *Wallace*, 549 U.S. at 386–87. Many violations of the Fourth
Amendment concern pre-custody events: a search may invade privacy without the authorization of a warrant, or the
police may use excessive force. These events can be litigated
without awaiting vindication on the criminal charges, *Wallace* holds, because they do not deny the validity of any ensuing custody. *Id*. at 389–90. Manuel, by contrast, contests the
propriety of his time in custody.

Second, the line that the Justices drew in *Wallace*—in
which a claim accrues no later than the moment a person is
bound over by a magistrate or arraigned on charges, see 549
U.S. at 389, and all Fourth Amendment claims are to be
treated alike—did not survive *Manuel*. There the Court held
that wrongful pretrial custody violates the Fourth Amendment "not only when it precedes, but also when it follows,
the start of legal process in a criminal case." 137 S. Ct. at 918.
When a wrong is ongoing rather than discrete, the period of
limitations does not commence until the wrong ends. See,
e.g., *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101,
115–21 (2002). Notice that we speak of a continuing *wrong*,
not of continuing *harm*; once the wrong ends, the claim accrues even if that wrong has caused a lingering injury. See
*United States v. Kubrick*, 444 U.S. 111 (1979); *Delaware State
College v. Ricks*, 449 U.S. 250 (1980); *Turley v. Rednour*, 729
F.3d 645, 654–55 (7th Cir. 2013) (concurring opinion). *Manuel*
shows that the wrong of detention without probable cause
continues for the length of the unjustified detention. When a

search or seizure causes injury independent of time spent in custody, the claim accrues immediately; but when the objection is to the custody, a different approach must control.

Manuel's position, which relies on an analogy to the tort of malicious prosecution—in which the claim does not accrue until the plaintiff has prevailed ("been vindicated") in the criminal case—might have seemed sensible before the Supreme Court spoke. As the Supreme Court recounted, it was popular among other courts of appeals, which characterized the claim as "Fourth Amendment malicious prosecution." *Manuel*, 137 S. Ct. at 921. If that's the claim, then what could be better than a rule devised for malicious-prosecution suits? Indeed, the defendants themselves conceded when this case was last here that, if the wrong is (as Manuel insisted) "Fourth Amendment malicious prosecution," then the accrual date is May 4. But the Justices deprecated the analogy to malicious prosecution.

After *Manuel*, "Fourth Amendment malicious prosecution" is the wrong characterization. There is only a Fourth Amendment claim—the absence of probable cause that would justify the detention. 137 S. Ct. at 917–20. The problem is the wrongful custody. "[T]here is no such thing as a constitutional right not to be prosecuted without probable cause." *Serino v. Hensley*, 735 F.3d 588, 593 (7th Cir. 2013). But there *is* a constitutional right not to be held in custody without probable cause. Because the wrong is the detention rather than the existence of criminal charges, the period of limitations also should depend on the dates of the detention.

The wrong of detention without probable cause continues for the duration of the detention. That's the principal reason why the claim accrues when the detention ends. (The

No. 14-1581                                                                    5

parties have debated whether a need to prove malice affects the claim's accrual. But after the Supreme Court's decision this is a plain-vanilla Fourth Amendment claim, and analysis under that provision is objective. See, e.g., *Ashcroft v. al-Kidd*, 563 U.S. 731 (2011).)

A further consideration supports our conclusion that the end of detention starts the period of limitations: a claim cannot accrue until the would-be plaintiff is entitled to sue, yet the existence of detention forbids a suit for damages contesting that detention's validity.

*Preiser v. Rodriguez*, 411 U.S. 475 (1973), holds that the right way to contest ongoing state custody is by a petition for a writ of habeas corpus under 28 U.S.C. §2241 or §2254, not by an action under §1983 seeking an injunction requiring release. *Heck v. Humphrey*, 512 U.S. 477 (1994), adds that §1983 cannot be used to obtain damages for custody based on a criminal conviction—not until the conviction has been set aside by the judiciary or an executive pardon. Although *Heck* dealt exclusively with §1983 proceedings that imply the invalidity of a conviction, *Edwards v. Balisok*, 520 U.S. 641 (1997), extended its approach to custody that rests on the decision of a prison's administrative panel revoking some of a prisoner's good-time credits.

After *Preiser*, *Heck*, and *Edwards*, §1983 cannot be used to contest ongoing custody that has been properly authorized. Those decisions do not concern the way to deal with executive custody that lacks a judicial imprimatur—for example, detention in a police department's cells before presentation to a judge. But Manuel was held by authority of a judicial decision that probable cause existed to show that he had committed a drug offense. He contends that the police

hoodwinked the judge by falsely asserting that the pills he
possessed had tested positive for an unlawful drug, and if he
is right he is entitled to damages. Still, his detention was ju-
dicially authorized, which given *Preiser* means that a §1983
suit had to wait until his release. *Heck* tells us that a claim
does not accrue before it is possible to sue on it. 512 U.S. at
489–90. Once he was out of custody and could sue, Manuel's
claim accrued. He filed this action within two years and is
therefore entitled to a decision on the merits.

The judgment of the district court is reversed, and the
case is remanded for proceedings consistent with this opin-
ion and the Supreme Court's.