IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| Walter Brzowski, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 17 CV 9339 |
| John R. Baldwin, et al., | ) ) | Judge Matthew F. Kennelly |
| Defendants. | ) ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION
TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants John Baldwin, Michael Melvin, Guy Pierce, Nicholas Lamb, Brenda Sigler, and David Hadley ("Defendants"), by and through their attorney, Lisa Madigan, Attorney General of Illinois, submit the following reply in support of their Rule 12(b)(6) motion to dismiss Plaintiff's Second Amended Complaint ("Complaint"):

**INTRODUCTION**

Defendants' motion to dismiss should be granted because Plaintiff's Complaint relies on legal conclusions without sufficient factual support and he has not shown that any of the named defendants were actually involved in or aware of the alleged constitutional violations.

**ARGUMENT**

Plaintiff's Response to Defendants' Motion to Dismiss ("Response") fails to rebut Defendants' argument that his Complaint relies almost entirely on unsupported legal conclusions and fails to allege sufficient personal involvement. Plaintiff argues that his Complaint provides sufficient facts that "weave a story of the deliberate indifference of

1

the Illinois Department of Corrections." (Dkt. 35, pg. 2). However, not all the facts alleged in his Complaint are even entitled to the assumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (explaining that bare assertions that amount to nothing more than a formulaic recitation of the elements are not entitled to the assumption of truth). "Mere conclusory statements are insufficient to survive a motion to dismiss, and the Court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Brown v. Bryant*, 15 C 10445, 2018 WL 2201584, at *3 (N.D. Ill. May 14, 2018) (quoting *Olson v. Champaign County*, 784 F.3d 1093, 1099 (7th Cir. 2015)).

Moreover, individual liability under Section 1983, regardless of the particular constitutional theory, must be based upon personal responsibility. *Manney v. Monroe*, 151 F. Supp. 2d 976, 985 (N.D. Ill. 2001) (citing *Schultz v. Baumgart*, 738 F. 2d 231, 238 (7th Cir. 1984)). "Section 1983 creates a cause of action based on personal liability and predicated on fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation. *Id*. (quoting *Vance v. Peters,* 97 F.3d 987, 991 (7th Cir.1996)). The focus must be on whether any of the defendants had the personal involvement necessary to permit a finding of liability. *Id*.

The facts alleged here do not infer more than a mere possibility of misconduct, and Plaintiff's Response highlights the Complaint's dependency on legal conclusions, rather than facts. As to his Due Process claim, Plaintiff argues that, "the Complaint explains how the Defendants were involved in incorrectly calculating his sentence and in opposing his release, and how they refused to correct the errors in internal grievances." (Dkt. 35, pg. 3). Similarly, with respect to his false imprisonment claim,

2

Plaintiff argues, "the Defendants miscalculated [his] sentence, refused to correct the error despite repeatedly being advised of it, and argued to several courts that Plaintiff was properly detained." *Id*. at 7. To support these conclusions, Plaintiff cites to allegations in the Complaint that Defendant Sigler put the wrong custody date on his counseling summary, and that he alerted her to these issues through grievances, but that he was not released from custody. *Id*. at 3 and 7. He also cites to allegations regarding his placement in segregation for a disciplinary ticket from Defendant Hadley and a final summary report that was signed off on by Defendant Pierce. *Id*.

According to Plaintiff's Response, these facts – which only account for six of the sixty-two paragraphs in his Complaint – are sufficient to show that the Defendants held him in custody for 902 days past his release date. *Id*. at 7. Yet, he still has not explained how any of the Defendants were involved in calculating his sentence or opposing his release. Furthermore, Plaintiff even acknowledges that, "until the Illinois appellate court ruled in Plaintiff's favor, the trial court had ruled that he was lawfully detained…." *Id*. at 6. Thus, Plaintiff's allegation that he was "wrongfully detained" for 902 days is not supported by the facts and is not entitled to the assumption of truth. *See Iqbal*, 556 U.S. at 679; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007) (legal conclusions alone are insufficient, and "without some further factual enhancement it stops short of the line between the possibility and plausibility or 'entitlement to relief'").

In his Response, Plaintiff attempts to save his Eighth Amendment claim by inflating the allegations against Defendants Pierce, Melvin, and Baldwin. (Dkt. 35, pg. 8). For example, Plaintiff states, "Defendants wrongfully held Plaintiff in custody for

3

902 days and told courts that he was properly detained." *Id*. (citing Dkt. 30, ¶ 38). However, paragraph 38 of the Complaint does not allege that the Defendants communicated with courts regarding Plaintiff's detention and there are no facts anywhere in the Complaint to support this accusation. In addition, Plaintiff argues that "Defendant Pierce was responsible for reviewing [his] placement in segregation, and signed off on the order directing him to be held there for years." *Id*. at 8. In support, Plaintiff cites to paragraph 40 of his Complaint, which states "Guy Pierce was the Chief Administrative Officer who signed off [on] the Final Summary Report placing [Plaintiff] in segregation." (Dkt. 30, ¶ 40). Plaintiff also argues that Defendants Baldwin and Melvin "were responsible for overseeing the review and evaluation of…the IDOC Counseling Summaries, which incorrectly calculated Plaintiff's time…[and] the grievances that he filed." (Dkt. 35, pg. 8) (citing Dkt. 30, ¶¶ 5-6, 32-34). Again, this is not an accurate representation of what was actually alleged in the Complaint. Lastly, Plaintiff concludes that the Defendants "deliberately" placed him in solitary confinement, "making it more difficult to advocate for his freedom." *Id*. at 9 (citing Dkt. 30, ¶ 39). This argument is also unsupported by the Complaint, which merely states that he was placed in segregation due to a ticket from Defendant Hadley that was later determined to be unfounded. (Dkt. 30, ¶ 39).

Despite Plaintiff's attempts to bolster his allegations, the Complaint still fails because he cannot establish personal involvement. Plaintiff's Response fails to point to facts to establish a failure to intervene claim against each individual defendant. He argues that Defendant Sigler created "the erroneous Counseling Summary which

4

miscalculated his time;" Defendants Pierce and Hadley placed him in segregation; Defendants Lamb and Melvin "were both wardens of the facilities where Plaintiff was house and responsible for supervising the employees who ignored the grievances regarding his detention;" and Defendant Baldwin is responsible for all defendants as the Director of the IDOC. (Dkt. 35, pg. 9-10). None of these allegations explain that the Defendants were on notice of a constitutional violation or that they had a realistic opportunity to intervene. Also, it should be noted that Plaintiff's Complaint does not contain any details of the grievances he allegedly filed, and his argument in his Response that he "submitted them to the Defendants at both Stateville and Pontiac Correctional Centers" is vague and unsupported by the allegations in the Complaint.

Plaintiff's Response makes clear that he is suing Defendants Baldwin, Lamb, and Melvin based on their supervisory position. This is not sufficient to establish liability. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). To be held liable under § 1983, "supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. *Id*. They must in other words act either knowingly or with deliberate, reckless indifference." *Id.* But, "supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable." *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (internal citations omitted). Also, the disciplinary ticket that Defendants Hadley and Pierce were allegedly involved in is insufficient to state a claim because they had no reason to think Plaintiff was being wrongfully detained and there are no allegations that they were involved in the grievance process or aware of any of Plaintiff's specific grievances. Some causal

5

connection or affirmative link between the complained-of action and the official sued is necessary for § 1983 recovery. *Hildebrandt v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003). Thus, Plaintiff's Complaint should be dismissed because the allegations do not even raise an inference that the Defendants were acting with deliberate indifference.

WHEREFORE, for the reasons stated above, Defendants respectfully request that this Honorable Court grant their Rule 12(b)(6) motion and enter an order dismissing Plaintiff's Second Amended Complaint.

Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois

/s *Colleen M. Shannon*
COLLEEN M. SHANNON
Assistant Attorney General
General Law Bureau
100 W. Randolph St., 13th Fl.
Chicago, Illinois 60601
(312) 814-4450
cshannon@atg.state.il.us

**CERTIFICATE OF SERVICE**

The undersigned certifies that on September 25, 2018, the foregoing document was electronically filed using the Court's CM/ECF system.

/s *Colleen M. Shannon*