## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

WALTER BRZOWSKI,                    )
                                    )
                    Plaintiff,      )
                                    )
        v.                          )        No.   17 CV 9339
                                    )
                                    )
                                    )        Judge Matthew F. Kennelly
BRENDA SIGLER,                      )
                                    )
                                    )
                    Defendant.      )

## PARTIES' PROPOSED FINAL PRE-TRIAL ORDER

Pursuant to the June 29, 2020 Order entered by the Hon. Matthew F. Kennelly, the parties

submit the following Proposed Pre-Trial Order, stating the following:

### 1. Trial Attorneys:

Devlin J. Schoop
Victor P. Henderson
Attorneys for Plaintiff Walter Brzowski
HENDERSON PARKS, LLC
140 South Dearborn Street, Suite 1020
Chicago, Illinois 60603
Phone: (312) 262-2900

Colleen M. Shannon
Nicholas S. Staley
Assistant Attorneys General
Office of the Illinois Attorney General
100 West Randolph Street, 13th Floor
Chicago, Illinois 60601
Phone: (312) 814-3953

**2. Witness Lists:**

**(a)**          Witnesses who <u>will</u> be called to testify at trial

**i.**          Plaintiff's Witness List:

| Plaintiff's Witnesses | Defendant's Objections |
|---|---|
| **Walter Brzowski**: Mr. Brzowski is the Plaintiff in this case. He is expected to testify about his knowledge of the facts and circumstances surrounding his over-detention in Pontiac Prison beyond his sentence, his 30+ attempts to secure his release from prison, and his multiple communication interaction with Defendant Sigler to secure his release. Mr. Brzowski is also anticipated to testify about the injuries that the sustained as a result of the additional days that he spent incarcerated beyond his July 22, 2015 sentence. | None |
| **Jamie Horton:** Ms. Horton is a counselor employed by IDOC and assigned to handle inmate inquiries for services. Ms. Horton was Mr. Brzowski's case worker while he was incarcerated at Pontiac prison and is anticipated to have knowledge and information concerning the 30+ complaints/grievances that Mr. Brzowski concerning his over-detention by the IDOC. | None |
| **Brenda Sigler:** Ms. Sigler is the records officer at Pontiac Prison and the Defendant in this case. Ms. Sigler is anticipated to have knowledge and information concerning Mr. Brsowski's 30+ complaints and grievances about his over-detention while incarcerated at Pontiac Prison. | None |

ii.　Defendant's Witness List

| Defendant's Witnesses | Plaintiff's Objections |
|---|---|
| **Will Call:** | |
| Brenda Sigler | None. |
| Christina Batson (Pinckneyville Correctional Center Records Office Supervisor) | Plaintiff objects to the extent Defendant attempts to elicit testimony concerning the subject of alleged multiple master inmate files for Plaintiff as set forth in Paragraph Nos. 6 through 11 of Batson's November 22, 2019 declaration. (Dkt. 138-1) *See* Plaintiff's Motion in *Limine* #8.  Plaintiff has no objection to Batson testifying about the October 22, 2015 email (Plaintiff's proposed Exhibit No. 3) |
| **May Call:** | |
| Walter Brzowski (Plaintiff) | None. |

(c)　**Witnesses whose testimony a party will present by deposition or other prior testimony**

**By Plaintiff:**

| | |
|---|---|
| **Nicholas Lamb:** Mr. Lamb is the former Assistant Warden for Operations at Stateville Prison. Mr. Lamb is anticipated to testify by deposition designation concerning, generally, the creation, maintenance and transfer of a master inmate file when inmates are transferred from different IDOC facilities. | Defendant objects to Plaintiff presenting the witness by way of deposition testimony. Fed. R. Civ. P. 32; Fed. R. Evid. 403. |
| **Guy Pierce:** Mr. Pierce is the former Warden of Pontiac Prison.  Mr. Pierce is anticipated to testify by deposition designation concerning, generally, | Defendant objects to Plaintiff presenting the witness by way of |

| | |
|---|---|
| warden tours conducted during his tenure at Pontiac Prison, Brenda Sigler's role in handling inmate inquiries concerning issues within the purview of Pontiac's Records Office, how inmates generally were not allowed to be inside the Records Office, how master inmate files are transferred to and from different prisons when inmates change prisons. | deposition testimony. Fed. R. Evid. 403. |
| **Jamie Horton:** Ms. Horton is a counselor employed by IDOC and assigned to handle inmate inquiries for services. Ms. Horton was Mr. Brzowski's case worker while he was incarcerated at Pontiac prison and is anticipated to have knowledge and information concerning the 30+ complaints/grievances that Mr. Brzowski concerning his over-detention by the IDOC. | Defendant objects to Plaintiff presenting the witness by way of deposition testimony. Fed. R. Evid. 403. |

3.    Exhibit Lists

(a)    Plaintiff's Exhibit List

| Exhibit Number | Date | Exhibit Description | Defendant's Objections | Basis for Admissibility |
|---|---|---|---|---|
| 1 | July 22, 2015 | Judgment – Sentence to Illinois Department of Corrections in *People of the State of Illinois v. Walter J. Brzowski, 10 CF 1923* | None | FRE 201<br><br>FRE 401<br><br>FRE 803(6)<br><br>FRE 803(8)<br><br>FRE 901(b)(7)<br><br>United States v. Lawrence, 934 F.2d 868, 781 (7th Cir. 1991) ("once a defendant voluntarily produces documents and implicitly represents them to be the subpoenaed corporate records, he cannot be heard to contend that they are not so")<br><br>EEOC v. Celadon Trucking Servs., Case No. 12 CV 275-SEB-TAB, U.S. Dist. LEXIS 84639 * 11 (S.D. Ind. June 30, 2015) ("First [Defendants] produced four of these documents in discovery, thereby implicitly |

| | | | | authenticating them.") |
|---|---|---|---|---|
| 2 | July 28, 2015 | Inmate Calculation Sheet for Walter Brzowski M29120 (IDOC 000096) | None | FRE 401 <br><br> FRE 803(6) <br><br> FRE 803(8) |
| 3 | October 22, 2015 | Email from Pontiac Prison to Pinckneyville Prison requesting the Master Inmate File for Walter Brzowski M29120 (Brzowski ESI 000242) | Fed. R. Evid. 402, 403, 602, 802, and 901 | FRE 401 <br><br> FRE 803(6) <br><br> FRE 803(8) <br><br> United States v. Lawrence, 934 F.2d 868, 781 (7th Cir. 1991) ("once a defendant voluntarily produces documents and implicitly represents them to be the subpoenaed corporate records, he cannot be heard to contend that they are not so") <br><br> EEOC v. Celadon Trucking Servs., Case No. 12 CV 275-SEB-TAB, U.S. Dist. LEXIS 84639 * 11 (S.D. Ind. June 30, 2015) ("First [Defendants] produced four of these documents in discovery, thereby implicitly |

| | | | | authenticating them.") |
|---|---|---|---|---|
| 4 | November 19, 2015 | Email from Pontiac Warden's Office to Brenda Sigler -- "looks like a pile of nonsense (and still could be)" (Brzowski ESI 000065) | Fed. R. Evid. 402, 403, 602, 802, and 901 | FRE 401 FRE 803(6) FRE 803(8) |
| 5 | November 19, 2015 | Email from Brenda Sigler to Warden's Office – "ok" (Brzowski ESI 00066) | Fed. R. Evid. 402, 403, 802, and 901 | FRE 401 FRE 803(6) FRE 803(8) |
| 6 | November 20, 2015 | Email from Brenda Sigler to Amanda Chaley re: file (Brzowski ESI 00064) | Fed. R. Evid. 402, 403, and 901 | FRE 401 FRE 803(6) FRE 803(8) |
| 7 | June 26, 2017 | Email string from Pinckneyville Prison to Pontiac Prison concerning Brzowski Master Inmate File -- "thank you so much !!!!!!!!!!") (Brzowski ESI 000138 – 000153) | Fed. R. Evid. 402, 403, 602, 802, and 901 | FRE 401 FRE 803(6) FRE 803(8) |
| 8 | November 23, 2015 through February 13, 2017 | Cumulative Counseling Summaries for Walter Brzowski, Inmate No. M29120 (IDOC 000794 – 000829) | Fed. R. Evid. 402, 403, and 802 | FRE 401 FRE 803(6) FRE 803(8) |
| 9 | June 8, 2017 | Appellate Court decision in *Brzowski v. Pierce & Spiller*, 2017 IL App (3d) 160228-U | Fed. R. Evid. 403 and 802 | FRE 201 FRE 401 FRE 803(6) FRE 803(8) |

| | | | | FRE 901(b)(7) |
|---|---|---|---|---|
| 10 | Various Dates from June 5, 2012 to July 20, 2017 | IDOC Inmate Location Sheets for Walter Brzowski (IDOC 000830 - 000842 | None | FRE 401 <br><br> FRE 803(6) <br><br> FRE 803(8) <br><br> United States v. Lawrence, 934 F.2d 868, 781 (7th Cir. 1991) ("once a defendant voluntarily produces documents and implicitly represents them to be the subpoenaed corporate records, he cannot be heard to contend that they are not so") <br><br> EEOC v. Celadon Trucking Servs., Case No. 12 CV 275-SEB-TAB, U.S. Dist. LEXIS 84639 * 11 (S.D. Ind. June 30, 2015) ("First [Defendants] produced four of these documents in discovery, thereby implicitly authenticating them.") |
| 11 | April 11, 2019 | Defendants' Responses to Plaintiff's Rule 36 Request to Admit | Fed. R. Evid. 402, 403, 602, 802, and 901 | FRE 401 <br><br> In re. Matter of Lisse, 905 F.3d 495 (7th Cir. 2018) |

| 12 | Undated | Brzowski M29120 Calculation – "In my opinion this offender has served his full sentence." (IDOC 000011) | Fed. R. Evid. 402, 403, 602, 802, 901, and 902. *See* Defendant's Motion *in Limine* No. 5. | FRE 401<br><br>FRE 803(6)<br><br>FRE 803(8)<br><br>United States v. Lawrence, 934 F.2d 868, 781 (7th Cir. 1991) ("once a defendant voluntarily produces documents and implicitly represents them to be the subpoenaed corporate records, he cannot be heard to contend that they are not so")<br><br>EEOC v. Celadon Trucking Servs., Case No. 12 CV 275-SEB-TAB, U.S. Dist. LEXIS 84639 * 11 (S.D. Ind. June 30, 2015) ("First [Defendants] produced four of these documents in discovery, thereby implicitly authenticating them.") |
| --- | --- | --- | --- | --- |
| 13 | July 26, 2015 | State of Illinois – Department of Corrections – Admitting County Custodial Transfer Information<br><br>(IDOC 000101) | None | FRE 401<br><br>FRE 803(6)<br><br>FRE 803(8)<br><br>United States v. Lawrence, 934 F.2d 868, 781 (7th |

| | | | | |
|---|---|---|---|---|
| | | | | Cir. 1991) ("once a defendant voluntarily produces documents and implicitly represents them to be the subpoenaed corporate records, he cannot be heard to contend that they are not so")<br><br>EEOC v. Celadon Trucking Servs., Case No. 12 CV 275-SEB-TAB, U.S. Dist. LEXIS 84639 * 11 (S.D. Ind. June 30, 2015) ("First [Defendants] produced four of these documents in discovery, thereby implicitly authenticating them.") |
| 14 | Undated | Custodial Card for Walter Brzowski, M219120 for date received July 28, 2015 (IDOC 000106) | None | FRE 401<br><br>FRE 803(6)<br><br>FRE 803(8)<br><br>United States v. Lawrence, 934 F.2d 868, 781 (7th Cir. 1991) ("once a defendant voluntarily produces documents and implicitly represents them to be the subpoenaed corporate records, |

| | | | | |
|---|---|---|---|---|
| | | | | he cannot be heard to contend that they are not so") <br><br> EEOC v. Celadon Trucking Servs., Case No. 12 CV 275-SEB-TAB, U.S. Dist. LEXIS 84639 * 11 (S.D. Ind. June 30, 2015) ("First [Defendants] produced four of these documents in discovery, thereby implicitly authenticating them.") |
| 15 | Undated | State of Illinois Department of Corrections – Walter J. Brzowski Date Sentenced May 4, 2012 (Brzowski ESI 00167) | Fed. R. Evid. 402, 403, 802, and 901. *See* Defendant's Motion *in Limine* No. 6. | FRE 401 <br><br> FRE 803(6) <br><br> FRE 803(8) <br><br> United States v. Lawrence, 934 F.2d 868, 781 (7th Cir. 1991) ("once a defendant voluntarily produces documents and implicitly represents them to be the subpoenaed corporate records, he cannot be heard to contend that they are not so") <br><br> EEOC v. Celadon Trucking Servs., Case No. 12 CV 275-SEB-TAB, U.S. Dist. LEXIS |

| | | | | |
|---|---|---|---|---|
| | | | | 84639 * 11 (S.D. Ind. June 30, 2015) ("First [Defendants] produced four of these documents in discovery, thereby implicitly authenticating them.")produced four of these documents in discovery, thereby implicitly authenticating them.") |
| 16 | Undated | Good Time Credit Calculation Sheet for Walter Brzowski M29120 – Maximum Release Date November 12, 2015 (Brzowski ESI 001168) | Fed. R. Evid. 402, 403, 802, and 901. *See* Defendant's Motion *in Limine* No. 6. | FRE 401 FRE 803(6) FRE 803(8) United States v. Lawrence, 934 F.2d 868, 781 (7th Cir. 1991) ("once a defendant voluntarily produces documents and implicitly represents them to be the subpoenaed corporate records, he cannot be heard to contend that they are not so") EEOC v. Celadon Trucking Servs., Case No. 12 CV 275-SEB-TAB, U.S. Dist. LEXIS 84639 * 11 (S.D. Ind. June 30, |

| | | | | |
|---|---|---|---|---|
| | | | | 2015) ("First [Defendants] produced four of these documents in discovery, thereby implicitly authenticating them.") |
| 17 | May 13, 2013 | Sentence Calculation Worksheet for Walter Brzowski (IDOC 000061) | Fed. R. Evid. 402, 403, and 802. *See* Defendant's Motion *in Limine* No. 6. | FRE 401<br><br>FRE 803(6)<br><br>FRE 803(8)<br><br>United States v. Lawrence, 934 F.2d 868, 781 (7th Cir. 1991) ("once a defendant voluntarily produces documents and implicitly represents them to be the subpoenaed corporate records, he cannot be heard to contend that they are not so")<br><br>EEOC v. Celadon Trucking Servs., Case No. 12 CV 275-SEB-TAB, U.S. Dist. LEXIS 84639 * 11 (S.D. Ind. June 30, 2015) ("First [Defendants] produced four of these documents in discovery, thereby implicitly authenticating them.")produced four of these |

| | | | | |
|---|---|---|---|---|
| | | | | documents in discovery, thereby implicitly authenticating them.") |
| 18 | May 2, 2013 | Third Amended Judgment – Sentence to Illinois Department of Corrections in *People of the State of Illinois v. Walter Brzowski*, Case No. 10 CF 1923<br><br>(IDOC 000062) | Fed. R. Evid. 402 and 403. *See* Defendant's Motion *in Limine* No. 6. | FRE 401<br><br>FRE 803(6)<br><br>FRE 803(8)<br><br>FRE 901(b)(7)<br><br>FRE 902(1)<br><br>United States v. Lawrence, 934 F.2d 868, 781 (7th Cir. 1991) ("once a defendant voluntarily produces documents and implicitly represents them to be the subpoenaed corporate records, he cannot be heard to contend that they are not so")<br><br>EEOC v. Celadon Trucking Servs., Case No. 12 CV 275-SEB-TAB, U.S. Dist. LEXIS 84639 * 11 (S.D. Ind. June 30, 2015) ("First [Defendants] produced four of these documents in discovery, |

| | | | | |
|---|---|---|---|---|
| | | | | thereby implicitly authenticating them.")produced four of these documents in discovery, thereby implicitly authenticating them.") |
| 19 | June 20, 2012 | Second Amended Judgment – Sentence to Illinois Department of Corrections in *People of the State of Illinois v. Walter Brzowski*, Case No. 10 CF 1923 (IDOC 000063) | Fed. R. Evid. 402 and 403. *See* Defendant's Motion *in Limine* No. 6. | FRE 401<br><br>FRE 803(6)<br><br>FRE 803(8)<br><br>FRE 901(b)(7)<br><br>FRE 902(1)<br><br>United States v. Lawrence, 934 F.2d 868, 781 (7th Cir. 1991) ("once a defendant voluntarily produces documents and implicitly represents them to be the subpoenaed corporate records, he cannot be heard to contend that they are not so")<br><br>EEOC v. Celadon Trucking Servs., Case No. 12 CV 275-SEB-TAB, U.S. Dist. LEXIS 84639 * 11 (S.D. Ind. June 30, 2015) ("First [Defendants] produced four of |

| | | | | |
|---|---|---|---|---|
| | | | | these documents in discovery, thereby implicitly authenticating them.")produced four of these documents in discovery, thereby implicitly authenticating them.") |
| 20 | June 20, 2012 | Amended Judgment – Sentence to Illinois Department of Corrections in *People of the State of Illinois v. Walter Brzowski*, Case No. 10 CF 1923 (Brzowski ESI 001202) | Fed. R. Evid. 402 and 403. *See* Defendant's Motion *in Limine* No. 6. | FRE 401 <br><br> FRE 803(6) <br><br> FRE 803(8) <br><br> FRE 901(b)(7) <br><br> FRE 902(1) <br><br> United States v. Lawrence, 934 F.2d 868, 781 (7th Cir. 1991) ("once a defendant voluntarily produces documents and implicitly represents them to be the subpoenaed corporate records, he cannot be heard to contend that they are not so") <br><br> EEOC v. Celadon Trucking Servs., Case No. 12 CV 275-SEB-TAB, U.S. Dist. LEXIS 84639 * 11 (S.D. Ind. June 30, 2015) ("First |

| | | | | |
|---|---|---|---|---|
| | | | | [Defendants] produced four of these documents in discovery, thereby implicitly authenticating them.")produced four of these documents in discovery, thereby implicitly authenticating them.") |
| 21 | January 14, 2013 | Sentence Calculation Sheet Consecutive Sentence – Determinate/Misdemeanor Walter Brzowski M29120 (Brzowski ESI 001206) | Fed. R. Evid. 402, 403, and 802. *See* Defendant's Motion *in Limine* No. 6. | FRE 401 FRE 803(6) FRE 803(8) United States v. Lawrence, 934 F.2d 868, 781 (7th Cir. 1991) ("once a defendant voluntarily produces documents and implicitly represents them to be the subpoenaed corporate records, he cannot be heard to contend that they are not so") EEOC v. Celadon Trucking Servs., Case No. 12 CV 275-SEB-TAB, U.S. Dist. LEXIS 84639 * 11 (S.D. Ind. June 30, 2015) ("First [Defendants] produced four of |

| | | | | these documents in discovery, thereby implicitly authenticating them.")produced four of these documents in discovery, thereby implicitly authenticating them.") |
|---|---|---|---|---|
| 22 | September 11, 2012 | Sentence Calculation Sheet Consecutive Sentence – Determinate/Misdemeanor Walter Brzowski M29120 (IDOC 000069) | Fed. R. Evid. 402, 403, and 802. *See* Defendant's Motion *in Limine* No. 6. | FRE 401 <br><br> FRE 803(6) <br><br> FRE 803(8) <br><br> United States v. Lawrence, 934 F.2d 868, 781 (7th Cir. 1991) ("once a defendant voluntarily produces documents and implicitly represents them to be the subpoenaed corporate records, he cannot be heard to contend that they are not so") <br><br> EEOC v. Celadon Trucking Servs., Case No. 12 CV 275-SEB-TAB, U.S. Dist. LEXIS 84639 * 11 (S.D. Ind. June 30, 2015) ("First [Defendants] produced four of |

| | | | | these documents in discovery, thereby implicitly authenticating them.")produced four of these documents in discovery, thereby implicitly authenticating them.") |
|---|---|---|---|---|
| 23 | June 8, 2012 | Sentence Calculation Sheet Consecutive Sentence – Determinate/Misdemeanor Walter Brzowski M29120 (IDOC 000072) | Fed. R. Evid. 402, 403, and 802. *See* Defendant's Motion *in Limine* No. 6. | FRE 401<br><br>FRE 803(6)<br><br>FRE 803(8)<br><br>United States v. Lawrence, 934 F.2d 868, 781 (7th Cir. 1991) ("once a defendant voluntarily produces documents and implicitly represents them to be the subpoenaed corporate records, he cannot be heard to contend that they are not so")<br><br>EEOC v. Celadon Trucking Servs., Case No. 12 CV 275-SEB-TAB, U.S. Dist. LEXIS 84639 * 11 (S.D. Ind. June 30, 2015) ("First [Defendants] produced four of these documents in discovery, |

| | | | | |
|---|---|---|---|---|
| | | | | thereby implicitly authenticating them.")produced four of these documents in discovery, thereby implicitly authenticating them.") |
| 24 | June 4, 2012 | State of Illinois – Department of Corrections – Admitting County Custodial Transfer Information for Walter Brzowski<br><br>(IDOC 000083) | Fed. R. Evid. 402 and 403. *See* Defendant's Motion *in Limine* No. 6. | FRE 401<br><br>FRE 803(6)<br><br>FRE 803(8)<br><br>United States v. Lawrence, 934 F.2d 868, 781 (7th Cir. 1991) ("once a defendant voluntarily produces documents and implicitly represents them to be the subpoenaed corporate records, he cannot be heard to contend that they are not so")<br><br>EEOC v. Celadon Trucking Servs., Case No. 12 CV 275-SEB-TAB, U.S. Dist. LEXIS 84639 * 11 (S.D. Ind. June 30, 2015) ("First [Defendants] produced four of these documents in discovery, thereby implicitly authenticating |

| | | | | |
|---|---|---|---|---|
| | | | | them.")produced four of these documents in discovery, thereby implicitly authenticating them.") |
| 25 (Group 25-1 through 25-36) | Undated | Photographs of Walter Brzowski's prison cells and leg irons utilized for prison transport (PON 000001 to PON 0000034) | Fed. R. Evid. 402 and 403 | FRE 401 FRE 803(6) FRE 803(8) United States v. Lawrence, 934 F.2d 868, 781 (7th Cir. 1991) ("once a defendant voluntarily produces documents and implicitly represents them to be the subpoenaed corporate records, he cannot be heard to contend that they are not so") EEOC v. Celadon Trucking Servs., Case No. 12 CV 275-SEB-TAB, U.S. Dist. LEXIS 84639 * 11 (S.D. Ind. June 30, 2015) ("First [Defendants] produced four of these documents in discovery, thereby implicitly authenticating |

| | | | | |
|---|---|---|---|---|
| | | | | them.")produced four of these documents in discovery, thereby implicitly authenticating them.") |
| 26 | October 14, 2015 | Northern R&C MSR Violator Computer Calculation for Walter Brzowski, M29120 (IDOC 00091) | None | FRE 401<br><br>FRE 803(6)<br><br>FRE 803(8)<br><br>United States v. Lawrence, 934 F.2d 868, 781 (7th Cir. 1991) ("once a defendant voluntarily produces documents and implicitly represents them to be the subpoenaed corporate records, he cannot be heard to contend that they are not so")<br><br>EEOC v. Celadon Trucking Servs., Case No. 12 CV 275-SEB-TAB, U.S. Dist. LEXIS 84639 * 11 (S.D. Ind. June 30, 2015) ("First [Defendants] produced four of these documents in discovery, thereby implicitly authenticating them.")produced four of these documents in |

| | | | | |
|---|---|---|---|---|
| | | | | discovery, thereby implicitly authenticating them.") |
| 27 | July 20, 2017 | Statesville Correctional Facility July 20, 2017 Discharge for Walter Brzowski, M29120 (IDOC 000103) | Fed. R. Evid. 1001 and 1002 | FRE 401<br><br>FRE 803(6)<br><br>FRE 803(8)<br><br>United States v. Lawrence, 934 F.2d 868, 781 (7th Cir. 1991) ("once a defendant voluntarily produces documents and implicitly represents them to be the subpoenaed corporate records, he cannot be heard to contend that they are not so")<br><br>EEOC v. Celadon Trucking Servs., Case No. 12 CV 275-SEB-TAB, U.S. Dist. LEXIS 84639 * 11 (S.D. Ind. June 30, 2015) ("First [Defendants] produced four of these documents in discovery, thereby implicitly authenticating them.")produced four of these documents in discovery, thereby implicitly |

| | | | | authenticating them.") |
|---|---|---|---|---|
| 28 | July 2014 | Pontiac Correctional Center Offender Orientation Manual General Population and Segregation (IDOC 000675 - 000703) | Fed. R. Evid. 402 and 403 | FRE 401 FRE 803(6) FRE 803(8) United States v. Lawrence, 934 F.2d 868, 781 (7th Cir. 1991) ("once a defendant voluntarily produces documents and implicitly represents them to be the subpoenaed corporate records, he cannot be heard to contend that they are not so") EEOC v. Celadon Trucking Servs., Case No. 12 CV 275-SEB-TAB, U.S. Dist. LEXIS 84639 * 11 (S.D. Ind. June 30, 2015) ("First [Defendants] produced four of these documents in discovery, thereby implicitly authenticating them.")produced four of these documents in discovery, thereby implicitly authenticating them.") |

| 29 | January 2016 | Pontiac Correctional Center Offender Orientation Manual General Population and Segregation (IDOC 000704 - 000767) | None | FRE 401 |
|---|---|---|---|---|
| | | | | FRE 803(6) |
| | | | | FRE 803(8) |
| | | | | United States v. Lawrence, 934 F.2d 868, 781 (7th Cir. 1991) ("once a defendant voluntarily produces documents and implicitly represents them to be the subpoenaed corporate records, he cannot be heard to contend that they are not so") |
| | | | | EEOC v. Celadon Trucking Servs., Case No. 12 CV 275-SEB-TAB, U.S. Dist. LEXIS 84639 * 11 (S.D. Ind. June 30, 2015) ("First [Defendants] produced four of these documents in discovery, thereby implicitly authenticating them.")produced four of these documents in discovery, thereby implicitly authenticating them.") |
| 30 | January 15, 2019 | Brenda Sigler's Verified Answers to Interrogatories | Fed. R. Evid. 402 and 403 | FRE 401 |
| | | | | FRE 801(d)(2) |

| | | | | |
|---|---|---|---|---|
| 31 | June 26, 2017 | Appellate Court decision in *Brzowski v. Melvin*, Appeal Nos. 16-2107 and 17-1289 rendered by the U.S. Court of Appeals for the Seventh Circuit | Fed. R. Evid. 402, 403, and 802 | FRE 201<br><br>FRE 401<br><br>FRE 803(6)<br><br>FRE 803(8)<br><br>FRE 901(b)(7) |
| 32 | November 23, 2015 | State of Illinois – Department of Corrections Counseling Summary – "Exhibit B" – Walter Brzowski rebuttal to Brenda Sigler November 23, 2015<br><br>(Brzowski 0005) | Fed. R. Evid. 802 | FRE 201<br><br>FRE 401<br><br>FRE 803(6)<br><br>FRE 803(8) |
| 33 | January 25, 2019 | Defendant's First Supplemental Response to Plaintiff's Request for Production of Documents<br><br>(includes Defendant's production of IDOC 000003 – 000380, which was represented to be the complete inmate file for Walter Brzowski) | Fed. R. Evid. 402 and 403. Defendant also objects to Plaintiff's mischaracterizati on of Defendant's discovery responses. Defendant's First Supplemental Responses to Plaintiff's Requests for Production of Documents does *not* "include Defendant's production of IDOC 000003-000380" and those documents were *not* "represented to be the complete inmate file for | FRE 401<br><br>FRE 801(d)(2)<br><br>FRE 803(6)<br><br>FRE 803(8) |

| | | | | Walter Brzowski." | |
|---|---|---|---|---|---|
| 34 | Various Dates | The complete inmate file for Walter Brzowski, Inmate No. M29120<br><br>(IDOC 000003 – 000380)<br><br>Note: Plaintiff does not intend to use portions of Plaintiff's master inmate file that would be subject to Plaintiff's motions in Limine Nos. | Fed. R. Evid. 402, 403, 602, 802, and 901. Defendant also objects to Plaintiff's representation that IDOC 000003-000380 is "the complete inmate file for Walter Brzowski, Inmate No. M29120" to the extent that this mischaracterizes Defendant's discovery responses and document production. | FRE 201<br><br>FRE 401<br><br>FRE 803(6)<br><br>FRE 803(8) |
| 35 | December 20, 2015 | "Dear Will County Circuit Court Clerk" correspondence for habeas corpus relief (Brzowski 0008) | Fed. R. Evid. 402, 403, and 802 | FRE 201<br><br>FRE 401<br><br>FRE 803(6)<br><br>FRE 803(8) |
| 36 | November 17, 2010 | Bill of Indictment, *People of the State of Illinois v. Walter J. Brzowski*, Case No. 2010 CF 1923, | Fed. R. Civ. P. 26, 34, and 37 | FRE 201<br><br>FRE 401<br><br>FRE 803(8) |

**For impeachment purposes only:**

| Exhibit Number | Date | Exhibit Description | Defendant's Objection | Basis for Admissibility |
|---|---|---|---|---|
| 32 | December 15, 2015 | Affidavit of Brenda Sigler | None | Possible impeachment on |

| | | | | |
|---|---|---|---|---|
| | | (Brzowski 0006 - 0007) | | the basis of prior inconsistent statement. |
| 33 | November 22, 2019 | Declaration of Christina Batson (Dkt. 138-1) | None | Possible impeachment on the basis of prior inconsistent statement. |

**Demonstrative:**

| Exhibit Number | Date | Exhibit Description | Defendant's Objection | Basis for Admissibility |
|---|---|---|---|---|
| 1 | Undated | Enlarged Photograph of Walter Brzowski's prison cell | Fed. R. Evid. 402 and 403 | To show the living conditions Plaintiff endured for his additional days of extended incarceration beyond his July 22, 2015 sentencing order. |

**(b)    Defendant's Exhibit List:**

| Exhibit Number | Date | Exhibit Description | Plaintiff's Objection | Basis for Admissibility |
|---|---|---|---|---|
| 1 | Effective August 1, 2013 | IDOC Administrative Directive 01.07.400: Sentence Calculation for Offenders (IDOC 000381-000390) | FRE 401, 402 and 403. | Fed. R. Evid. 401 and 402 |
| 2 | Effective October 1, 1996 | IDOC Administrative Directive 01.07.421A-J: Single or Concurrent Determinate Sentences and Jail Time Credit (IDOC 000394-000397) | FRE 401, 402 and 403 | Fed. R. Evid. 401 and 402. |

| 3 | Effective October 1, 1996 | IDOC Administrative Directive 01.07.427A-J: Restoration of Good Conduct Credits – Determinate Sentence (IDOC 000413-000415) | FRE 401, 402 and 403 | Fed. R. Evid. 401 and 402 |
|---|---|---|---|---|
| 4 | Effective October 1, 1996 | IDOC Administrative Directive 01.07.428A-J: Revocation of Good Conduct Credits – Determinate Sentence (IDOC 000416-000418) | FRE 401, 402 and 403 | Fed. R. Evid. 401 and 402 |
| 5 | July 22, 2015 | Official Statement of Facts for Plaintiff's Will County criminal case no. 10 CF 1923 (IDOC 000100) | FRE 401, 402, 403 and Plaintiff's Motion *in Limine* #2 | Fed. R. Evid. 401, 402, and 609(a)(1); *see also* Defendant's Response to Plaintiff's Motion *in Limine* No. 2 |
| 6 | July 22, 2015 | Will County Circuit Court Judgment – Sentence to Illinois Department of Corrections (*People v. Brzowski*, 10 CF 1923) (IDOC 000098) | Objection to the extent that the Judgment is not redacted to omit nature of Plaintiff's convictions. *See* Plaintiff's motion *In Limine* # 2 | Fed. R. Evid. 401, 402, and 609(a)(1); *see also* Defendant's Response to Plaintiff's Motion *in Limine* No. 2 |
| 7 | July 28, 2015 | IDOC Master File Face Sheet, Offender Grade Status Card, and Good Conduct Credit Card for | FRE 401, 402, 403 and | Fed. R. Evid. 401, 402, and 803; *see also* Defendant's Response to |

| | | Brzowski #M29120 (IDOC 000004-000006) | Plaintiff's motion *in Limine* # 2, 7 and 8 | Plaintiff's Motions *in Limine* No. 2, 7, and 8 |
|---|---|---|---|---|
| 8 | September 9, 2015 | Prisoner Review Board Order for Brzowski #M29120 (hearing continued) (IDOC 000094) | FRE 401, 402 and 403 | Fed. R. Evid. 401 and 402 |
| 9 | October 14, 2015 | Prisoner Review Board Order for Brzowski #M29120 (declared violator as of 7/28/15) (IDOC 000092) | FRE 403 <br> Plaintiff's motion *in Limine* #7 and Defendant's motion *in Limine* No. 2. | Fed. R. Evid. 401, 402, and 803; *see also* Defendant's Response to Plaintiff's Motions *in Limine* No. 2, 7, and 8 |
| 10 | December 30, 2015; January 4, 2016 | Offender Disciplinary Report, Incident Report, and Adjustment Committee Final Summary Report for Brzowski #M29120 (IDOC 000347-000350) | FRE 401, 402, 403 <br> FRE 403 <br> Plaintiff's motion *in Limine* #7 and Defendant's motion *in Limine* No. 2. | Fed. R. Evid. 401, 402, and 803; *see also* Defendant's Response to Plaintiff's Motions *in Limine* No. 2, and 7 |
| 11 | April 4, 2016 | Good Conduct Credit Revocation for Brzowski #M29120 (approved 6 | FRE 403 | Fed. R. Evid. 401, 402, and 803; *see also* |

| | | | | |
|---|---|---|---|---|
| | | months GCC revocation) (IDOC 000008) | Plaintiff's motion *in Limine* #7 and Defendant's motion *in Limine* No. 2. | Defendant's Response to Plaintiff's Motions *in Limine* No. 2 and 7 |
| 12 | April 26, 2016 | IDOC Sentence Calculation Worksheet for Brzowski #M29120 (Revocation of Good Conduct Credits when Sentence is Determinate Under 1978 Law) (IDOC 000007) | FRE 403 Plaintiff's motion *in Limine* #7 and Defendant's motion *in Limine* No. 2. | Fed. R. Evid. 401, 402, and 803; *see also* Defendant's Response to Plaintiff's Motions *in Limine* No. 2 and 7 |
| 13 | July 5, 2017 | IDOC Offender Count Adjustment for Brzowski #M29120 (transfer from Pontiac to Stateville) (IDOC 000102) | None. | |
| 14 | July 20, 2017 | Will County Circuit Court Order (*Brzowski v. Pierce*, Case No. 14 MR 2630) (IDOC 000010) | None. | |
| 15 | July 20, 2017 | IDOC Offender Count Adjustment for Brzowski #M29120 (discharge from Stateville) (IDOC 000105) | This exhibit is identical to Plaintiff's proposed Exhibit No. 27 to which | Fed. R. Evid. 401 and 402. Defendant's exhibit is the *complete* version of the form that Plaintiff listed as his proposed exhibit 27. |

| | | | Defendants objected. | |
|---|---|---|---|---|
| 16 | Various | IDOC Offender Disciplinary Card for Brzowski #M29120 (IDOC 000294) | FRE 401, 402, 403 and Plaintiff's motion *in Limine* #7 and Defendant's motion *in Limine* No. 2. | Fed. R. Evid. 401, 402, and 803; *see also* Defendant's Response to Plaintiff's Motions *in Limine* No. 2 and 7 |
| 17 | Various | IDOC Assignment History for Brzowski #M29120 (IDOC 000979-000982) | FRE 401, 402, 403 and Plaintiff's motions *in Limine* #2 and 7. | Fed. R. Evid. 401, 402, and 803; *see also* Defendant's Response to Plaintiff's Motions *in Limine* No. 2 and 7 |

**For impeachment purposes only:**

| Exhibit Number | Date | Exhibit Description | Plaintiff's Objection | Basis for Admissibility |
|---|---|---|---|---|

3. **<u>Proposed Jury Instructions</u>**

## **AGREED JURY INSTRUCTIONS**

## FUNCTIONS OF THE COURT AND THE JURY

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

**Parties' Agreed Jury Instruction No. 1**

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

_Source: Seventh Circuit Pattern Jury Instruction 1.01_

## NO INFERENCE FROM JUDGE'S QUESTIONS

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions, I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

**Parties' Agreed Jury Instruction No. 2**

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

_Source: Seventh Circuit Pattern Jury Instruction 1.02_

**EVIDENCE**

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true.

I have taken judicial notice of certain facts. You must accept those facts as proved.

**Parties' Agreed Jury Instruction No. 3**

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.04*

## WHAT IS NOT EVIDENCE

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

**Parties' Agreed Jury Instruction No. 4**

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.06*

**NOTE-TAKING**

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

**Parties' Agreed Jury Instruction No. 5**

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

_Source: Seventh Circuit Pattern Jury Instruction 1.07_

## CONSIDERATION OF ALL EVIDENCE
## REGARDLESS OF WHO PRODUCED

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

**Parties Agreed Jury Instruction No. 6**

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.08*

## WEIGHING THE EVIDENCE

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

**Parties' Agreed Jury Instruction No. 7**

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.11*

- 41 -

## DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

**Parties' Agreed Jury Instruction No. 8**

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.12*

**TESTIMONY OF WITNESSES**
**(DECIDING WHAT TO BELIEVE)**

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

-     the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

-     the witness's memory;

-     any interest, bias, or prejudice the witness may have;

-     the witness's intelligence;

-     the manner of the witness while testifying;

-     and the reasonableness of the witness's testimony in light of all the evidence in the case.

**Parties' Agreed Jury Instruction No. 9**

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.13*

## PRIOR INCONSISTENT STATEMENTS OR ACTS

You may consider statements given by a Party or a Witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

**Parties' Agreed Jury Instruction No. 10**

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

_Source: Seventh Circuit Pattern Jury Instruction 1.14_

## IMPEACHMENT OF WITNESS – CONVICTIONS

You have heard testimony that Walter Brzowski has been convicted of a crime.  You may consider this evidence in deciding whether Walter Brzowski's testimony is truthful, in whole, in part, or not at all.  You may not consider this evidence for any other purpose.

**Parties' Agreed Jury Instruction No. 11**

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.15*

**LAWYER INTERVIEWING WITNESS**

It is proper for a lawyer to meet with any witness in preparation for trial.

**Parties' Agreed Jury Instruction No. 12**

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.16*

## NUMBER OF WITNESSES

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

**Parties' Agreed Jury Instruction No. 13**

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.17*

**ABSENCE OF EVIDENCE**

The law does not require any party to call as a witness every person who might have had knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

**Parties' Agreed Jury Instruction No. 14**

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.18*

**BURDEN OF PROOF**

When I say a particular party must prove something by "a preponderance of the evidence,"
or when I use the expression "if you find," or "if you decide," this is what I mean: When you have
considered all the evidence in the case, you must be persuaded that it is more probably true than
not true.

**Parties' Agreed Jury Instruction No. 15**

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.27*

## SELECTION OF PRESIDING JUROR;
## GENERAL VERDICT

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

Forms of verdict read.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdicts, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

**Parties' Agreed Jury Instruction No. 16**

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.32*

## COMMUNICATION WITH COURT

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

**Parties' Agreed Jury Instruction No. 17**

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.33*

## DISAGREEMENT AMONG JURORS

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

**Parties' Agreed Jury Instruction No. 18**

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.34*

## CAUTIONARY INSTRUCTION BEFORE RECESS

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately. Do not read or listen to any news reports of the trial. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.

**Parties' Agreed Jury Instruction No. 19**

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 2.01*

**STIPULATIONS OF FACT**

The parties have stipulated, or agreed, that at all relevant time Defendant Sigler was acting "under color of law." You must now treat this fact as having been proved for the purpose of this case.

**Parties' Agreed Jury Instruction No. 20**

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 2.05*

**JUDGE'S COMMENTS TO LAWYER**

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

**Parties' Agreed Instruction No. 21**

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 2.14*

## <u>PLAINTIFF'S PROPOSED JURY INSTRUCTIONS</u>

## DEPOSITION TESTIMONY

During the trial, certain testimony was presented to you by the reading of a deposition. You should give this testimony the same consideration you would give it had the witness appeared and testified here in court.

**Plaintiff's Proposed Jury Instruction No. 1**

_____ Given

_____ Rejected

_____ Withdrawn

_____X Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.05*

Basis for Defendant's objection: Objection. Defendant objects to Plaintiff's Proposed Jury Instruction No. 1 as unnecessary. Defendant is objecting to Plaintiff's proposed deposition testimony under Fed. R. Civ. P. 32 and Fed. R. Evid. 403. *See* § 2(c), *supra*. Not all of Plaintiff's proposed witnesses are "unavailable" under Fed. R. Civ. P. 32 and providing this testimony via deposition will lead to jury confusion, unfair prejudice, and confusion of the issues. Moreover, as former or current state employees, these witnesses can testify via video.

**LIMITED PURPOSE OF EVIDENCE**

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

**Plaintiff's Proposed Jury Instruction No. 2**

_____ Given

_____ Rejected

_____ Withdrawn

 X\_\_\_\_ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.09*

Basis for Defendant's objection: Objection. Defendant objects to Plaintiff's Proposed Jury Instruction No. 2 as unnecessary. Defendant is unsure what evidence, if any, this would apply to. If during the course of the trial limited purpose evidence is admitted, Defendant will consider withdrawing her objection.

## DEMONSTRATIVE EXHIBITS

Certain diagrams or photographs have been shown to you. Those diagrams or photographs are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

**Plaintiff's Proposed Jury Instruction No. 3**

_____ Given

_____ Rejected

_____ Withdrawn

_____<u>X</u> Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.24*

Basis for Defendant's objection: Objection. Defendant objects to Plaintiff's Proposed Jury Instruction No.3 as premature. The court has yet to rule on Defendant's objection to Plaintiff's demonstrative exhibits.  If during the course of the trial demonstrative exhibits are admitted, Defendant will consider withdrawing her objection.

**JUDICIAL NOTICE**

I have decided to accept as proved the fact that Walter Brzowski was sentenced

[sentencing order]

**Plaintiff's Proposed Jury Instruction No. 4**

_____ Given

_____ Rejected

_____ Withdrawn

_____ X  Objected to

*Source: Seventh Circuit Pattern Jury Instruction 2.06*

Basis for Defendant's objection: Objection. Defendant objects to Plaintiff's Proposed Jury Instruction No. 4 as premature. The court has not yet ruled on whether it will take judicial notice of any fact. Furthermore, Defendants are opposing Plaintiff's request that the Court take judicial notice of Defendant's alleged admission. *See* Defendant's Response to Plaintiff's Motion *in Limine* No. 3. If during the course of the trial the court takes judicial notice of any fact, Defendant will consider withdrawing her objection.

## DEPOSITION AS SUBSTANTIVE EVIDENCE

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

[The deposition of Nicholas Lamb, which was taken on July 2, 2019, is about to be presented to you.]

[The deposition of Guy Pierce, which was taken on July 25, 2019, is about to be presented to you.]

Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

**Plaintiff's Proposed Jury Instruction No. 5**

_____ Given

_____ Rejected

_____ Withdrawn

_____ X  Objected to

_Source: Seventh Circuit Pattern Jury Instruction 2.08_

Basis for Defendant's objection: Objection. Defendant objects to Plaintiff's Proposed Jury Instruction No. 5 as unnecessary. Defendant is objecting to Plaintiff's proposed deposition testimony under Fed. R. Civ. P. 32 and Fed. R. Evid. 403. _See_ § 2(c), _supra_. Not all of Plaintiff's proposed witnesses are "unavailable" under FRCP 32 and providing this testimony via deposition will lead to jury confusion, unfair prejudice, and confusion of the issues. Moreover, as former or current state employees, these witnesses can testify via video.

## STIPULATED TESTIMONY

The parties have stipulated or agreed what [name's] testimony would be if [name] were called as a witness. You should consider that testimony in the same way as if [name] had given the testimony here in court.

**Plaintiff's Proposed Jury Instruction No. 6**

_____ Given

_____ Rejected

_____ Withdrawn

____X___ Objected to

_Source: Seventh Circuit Pattern Jury Instruction 2.04 modified_

Basis for Defendant's objection: Objection. Defendant objects to Plaintiff's Proposed Jury Instruction No. 6 as unnecessary. The parties have not stipulated to any testimony.

## PLAINTIFF'S EIGHTH AMENDMENT
## CRUEL AND UNUSUAL PUNISHMENT CLAIM

To succeed on his claim challenging his continued incarceration beyond his sentence, Plaintiff must prove each of the following things by a preponderance of the evidence:

1.  Incarceration beyond the date when Plaintiff was entitled to be released subjected Plaintiff to a strong likelihood of serious harm. In assessing the seriousness of harm, you should consider the severity of the incarceration beyond the date Plaintiff was entitled to be released and the length of time Plaintiff was exposed to incarceration beyond the date Plaintiff was entitled to be released.

2.  Defendant was aware of this strong likelihood that Plaintiff would be seriously harmed in the form of continued incarceration beyond the date Plaintiff was entitled to be released or strongly suspected facts showing a strong likelihood that Plaintiff would be subjected to continued incarceration beyond the date Plaintiff was entitled to be released, but refused to confirm whether these facts were true. You may infer this from the fact that the risk was obvious.

3.  Defendant consciously failed to take reasonable measures to prevent Plaintiff's continued incarceration beyond the date Plaintiff was entitled to be released. In deciding this, you may consider how serious the potential harm to Plaintiff was, how difficult it would have been for Defendant to take additional corrective action.

4.  Plaintiff would not have been harmed or would have suffered less harm if Defendant had taken reasonable measures to prevent Plaintiff's continued incarceration beyond the date Plaintiff was entitled to be released.

5.  Defendant acted under color of state law.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.

**Plaintiff's Proposed Jury Instruction No. 7**

_____ Given

_____ Rejected

_____ Withdrawn

\_\_\_\_X\_\_\_Objected to

*Source: Source: Seventh Circuit Proposed Pattern Jury Instruction 7.15 (modified to case); Figgs v. Dawson*, 829 F.3d 895, 903 (7th Cir. 2016)*.*

Basis for Defendant's objection: Defendant objects to Plaintiff's Proposed Jury Instruction No. 7 because it is not a complete and accurate statement of the law under the facts of this case and would likely result in jury confusion. Plaintiff relies on a modified version of the Seventh Circuit Pattern Instructions, but neither the Supreme Court nor the Seventh Circuit has held that this standard applies in every case involving conditions of confinement. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *see also* Seventh Circuit Proposed Pattern Jury Instruction 7.15, Committee Comment C. Defendant's proposed instruction coupled with her instruction on deliberate indifference accurately states the law under this fact pattern.

**UNDER COLOR OF LAW**

One of the things that Plaintiff must prove is that Defendant acted "under color of law."

A person who is employed by the government acts "under color of law" if she uses or misuses authority that she has because of her official position. A person may act under color of law even if she is violating a state law or policy.

You may find that Defendant acted under color of law even if she was acting outside of her authority if she represented herself as having or if she otherwise used her position to accomplish the act.

[Note: will likely be withdrawn if parties enter agreed stipulation about Defendant Sigler acting under color of state law]

**Plaintiff's Proposed Jury Instruction No. 8**

_____ Given

_____ Rejected

_____ Withdrawn

\_\_\_\_X\_\_ Objected to

*Source: Source: Seventh Circuit Proposed Pattern Jury Instruction 7.03*

Basis for Defendant's objection: Objection. Defendant objects to Plaintiff's Proposed Jury Instruction No. 8 as unnecessary. The parties have stipulated that the Defendant was acting "under color of law."

## SUBJECTIVE INTENT

The fact that defendant had no specific intent or purpose to deprive plaintiffs of their constitutional rights will not absolve him or her from liability if he or she did in fact deprive him of those rights.

**Plaintiffs' Proposed Jury Instruction No. 9**

_____  Given

_____  Rejected

_____  Withdrawn

\_\_\_\_X\_\_\_Objected to

*Source: Instruction Given, Kerr v. City of Chicago, 424 F. 2d 1134 (7th Cir. 1970)*

Basis for Defendant's objection: Defendant objects to Plaintiff's Proposed Jury Instruction No. 9 because it is not an accurate statement of the law under the facts of this case and would cause jury confusion. Moreover, the case cited by Plaintiff involved a pretrial detainee, not a convicted prisoner. Therefore, the case was analyzed under the Fourteenth Amendment, not the Eighth Amendment. The analyses of conditions-of-confinement claims under Fourteenth Amendment and Eighth Amendment overlap in the assessment of whether the conditions were sufficiently severe, but they diverge in the assessment of the propriety of the defendant's conduct: the standard is subjective for Eighth Amendment claims (which require a showing of deliberate indifference) and objective for Fourteenth Amendment claims (which require a showing of unreasonableness). *See Hardeman v. Curran*, 933 F.3d 816, 822 (7th Cir. 2019).

## DAMAGES: COMPENSATORY

If you find in favor of Plaintiff on Plaintiff's claims, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find Plaintiff sustained as a direct result of his continued incarceration beyond his sentence of imprisonment.

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

a. The physical and mental and emotional pain and suffering that Plaintiff has experienced. No evidence of the dollar value of physical or mental and emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate the Plaintiff for the injury they have sustained.

b. The reasonable value of property damaged or destroyed.

If you return a verdict for a Plaintiff, but that Plaintiff has failed to prove compensatory damages, then you must award nominal damages of $1.00 for that Plaintiff.

**Plaintiff's Proposed Jury Instruction No. 10**

_____ Given

_____ Rejected

_____ Withdrawn

\_\_\_\_X\_\_\_\_ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 7.26*

Basis for Defendant's objection: Objection. Plaintiff's Jury Instruction No. 10 includes the instruction that when determining damages the jury should consider, "[t]he reasonable value of property damaged or destroyed." Defendants believe this sentence is unnecessary as there is no evidence of damaged or destroyed property. Defendants have included a more appropriate version of Seventh Circuit Civil Pattern Instruction 7.27 in their own proposed jury instructions.

## DAMAGES: PUNITIVE

If you find for Plaintiff, you may, but are not required to, assess punitive damages against the Defendant. The purposes of punitive damages are to punish a defendant for his or her conduct and to serve as an example or warning to defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against the defendant. You may assess punitive damages only if you find that his or her conduct was malicious or in reckless disregard of Plaintiffs' rights.  Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring (in this case) Plaintiffs. Conduct is in reckless disregard of a person's rights if, under the circumstances, a defendant simply did not care about the person's rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either/any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of the Defendant conduct;

- the impact of Defendant's conduct on Plaintiff;

- the relationship between Plaintiff and Defendant;

- the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;

- the relationship of any award of punitive damages to the amount of actual harm that Plaintiff suffered.

**Plaintiffs' Proposed Jury Instruction No. 11**

_____  Given

_____  Rejected

_____  Withdrawn

\_\_\_\_\_X\_\_  Objected to

*Source: Seventh Circuit Proposed Pattern Jury Instruction 7.28*

Basis for Defendant's objection: Objection. Defendant objects to any punitive damages instruction as there has not been a finding that Defendant's conduct was motivated by evil intent or involved reckless or callous indifference to Plaintiff's constitutional rights. *See Coulter v. Vitale*, 882 F.2d 1286, 1289 (7th Cir. 1989). Therefore, punitive damages are not appropriate.

## PLAINTIFF'S PROPOSED VERDICT FORM

We, the jury, on the claims of the plaintiff against the defendant, find as follows:

## PART I

(Place and "X" on the appropriate line as to each party and claim.)

## CLAIM -- CRUEL AND UNUSUAL PUNISHMENT

On Claim No. 1 Plaintiff Walter Brzowski against Defendant Brenda Sigler we find:

For Plaintiff_____          For Defendant          _____

## PART II

## DAMAGES

If you find in favor of Plaintiff on the claim of cruel and unusual punishment, you need to determine the amount of damages:

### Compensatory Damages

We award compensatory damages in the amount of $_____ to the Plaintiff Walter Brzowski.

If you find in favor of Plaintiff on the claim of cruel and unusual punishment, and determine that punitive damages are appropriate, you should determine the amount of punitive damages:

**Punitive Damages**

Against Defendant Brenda Sigler          $_____

## <u>PART III</u>

Please sign and date below and return the entire Verdict Form to the marshal (Each juror must sign the form).

Date: _____

_____

_____

Foreperson                                                   Juror

_____

_____

Juror                                                              Juror

_____

_____

Juror                                                              Juror

_____

_____

Juror                                                              Juror

_____

_____

Juror                                           Juror

_____

Juror


**Plaintiffs' Proposed Verdict Form**


_____    Given

_____    Rejected

_____    Withdrawn

\_\_\_\_X\_\_\_        Objected to


*Source: Seventh Circuit Pattern Jury Instruction 7.10*

Basis for Defendant's objection: This proposed verdict form omits any reference to nominal damages. Moreover, this verdict form put an emphasis on punitive damages and there has not been a finding that Defendant's conduct was motivated by evil intent or involved reckless or callous indifference to Plaintiff's constitutional rights. *See Coulter v. Vitale*, 882 F.2d 1286, 1289 (7th Cir. 1989). Finally, this form will lead to jury confusion as it references the "claims" against Defendant – there is only one – and informs the jury that they "need" and "should" award damages.

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

## DISMISSED/WITHDRAWN DEFENDANTS

David Hadley, Guy Pierce, and Nicholas Lamb are no longer defendants in this case. You should not consider any claims against David Hadley, Guy Pierce, and Nicholas Lamb. Do not speculate on the reasons. You should decide this case as to the remaining party.

**Defendant's Proposed Jury Instruction No. 1**

_____ Given

_____ Rejected

_____ Withdrawn

_____X Objected to

*Source: Seventh Circuit Pattern Instruction 1.26*

Basis for Plaintiff's objection: This instruction is unnecessary as Defendant Sigler is the sole defendant after the Court's June 26, 2020. (Dkt. No. 146)   This instruction contemplates a situation where parties and/or claims are dismissed during the course of trial where the jury has become aware of party and/or claim.  Such a circumstance is impossible where, as here, there is a single defendant.  Plaintiff's Motion *in Limine* #7, if granted, would prohibit any reference to previously dismissed claims and/or parties.  Plaintiff further objects to this instruction as unfairly prejudicial under Fed. R. Evid. 403 as it could mislead the jury to believe that the Court has expressed an opinion about the strength and/or merit of Plaintiff's claim against Defendant Sigler and/or that Plaintiff's lawsuit lacks merit.

## NO NEED TO CONSIDER DAMAGES INSTRUCTION

If you decide for Defendant Sigler on the question of liability, then you should not

consider the question of damages.

**Defendant's Proposed Jury Instruction No. 2**

_____ Given

_____ Rejected

_____ Withdrawn

 X\_\_\_\_ Objected to

*Source*: *Seventh Circuit Pattern Instruction 1.31*

Basis for Plaintiff's objection: The verdict form itself instructs the jury on how it is to be completed once the jury has reached its verdict. Giving a separate affirmative instruction to the jury about the completion of the form seemingly suggests that the court has directed or seeks a particular outcome.

## IMPEACHMENT BY CONVICTION OF CRIME

You have heard evidence that Walter Brzowski has been convicted of a crime. You may use that evidence only to help you decide whether to believe Walter Brzowski and how much weight to give his testimony.

**Defendant's Proposed Jury Instruction No. 3**

_____ Given

_____ Rejected

_____ Withdrawn

_____X Objected to

*Source: Seventh Circuit Pattern Instruction 2.11*

Basis for Plaintiff's objection: This instruction is redundant because Parties' Agreed Exhibit No. 11 adequately addresses this issue. Agreed Exhibit No. 11 tracks the language contained in Seventh Circuit Pattern Instruction No. 1.15, and is a clearer and less suggestive instruction concerning the consideration of evidence of a prior conviction.

## WITHDRAWAL OF CLAIMS

David Hadley, Guy Pierce, and Nicholas Lamb are no longer defendants in this case. You should not consider any claims against David Hadley, Guy Pierce, and Nicholas Lamb. Do not speculate on the reasons. Your focus must be on the remaining party.

**Defendant's Proposed Jury Instruction No. 4**

_____ Given

_____ Rejected

_____ Withdrawn

_____X Objected to

*Source: Seventh Circuit Pattern Instruction 2.13*

Basis for Plaintiff's objection: This instruction is unnecessary as Defendant Sigler is the sole defendant after the Court's June 26, 2020 ruling. (Dkt. No. 146)   This instruction contemplates a situation where parties and/or claims are dismissed during the course of trial where the jury has become aware of party and/or claim.  Such a circumstance is impossible where, as here, the jury will only be aware of a single defendant.  Indeed, giving this instruction will only serve to alert the jury of the prior dismissal of claims or parties.  Plaintiff's Motion *in Limine* #7, if granted, would prohibit any reference to previously dismissed claims and/or parties.  Plaintiff further objects to this instruction as unfairly prejudicial under Fed. R. Evid. 403 as it could mislead the jury to believe that the Court has expressed an opinion about the strength and/or merit of Plaintiff's claim against Defendant Sigler and/or that Plaintiff's lawsuit lacks merit.

**GENERAL: ILLINOIS DEPARTMENT OF CORRECTIONS NOT A PARTY**

Defendant Sigler is being sued as an individual. Neither the Illinois Department of Corrections nor the State of Illinois is a party to this lawsuit.

**Defendant's Proposed Jury Instruction No. 5**

_____ Given

_____ Rejected

_____ Withdrawn

 X\_\_\_\_\_ Objected to

*Source: Seventh Circuit Pattern Instruction 7.01*

Basis for Plaintiff's objection: This instruction is unnecessary as the caption and verdict form clearly reflect that Defendant Sigler is the sole defendant in this case. Emphasizing something that is not at issue is a clear attempt to imply that Defendant Sigler is unable to pay a resulting judgment and/or invoke sympathy by suggesting that she is being held responsible for the actions of the Illinois Department of Corrections and/or the State of Illinois and should therefore be held not liable. Plaintiff further objects to this instruction on the bases set forth in Plaintiff's motion *in Limine* #4 concerning the issues of indemnification and the injection of evidence, argument or innuendo by Defendant Sigler of an inability to pay a judgment/verdict.

**GENERAL: REQUIREMENT OF PERSONAL INVOLVEMENT**

Plaintiff must prove by a preponderance of the evidence that Brenda Sigler was personally involved in the conduct that Plaintiff complains about. You may not hold Brenda Sigler liable for what others did or did not do.

**Defendant's Proposed Jury Instruction No. 6**

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

*Source: Seventh Circuit Pattern Instruction 7.02*

**LIMITING INSTRUCTION CONCERNING EVIDENCE OF STATUTES, ADMINISTRATIVE RULES, REGULATIONS, AND POLICIE**

You have heard evidence about whether Defendant's conduct violated a state statute, administrative rule or directive.

You may consider this evidence in your deliberations. But remember that the issue is whether Defendant was deliberately indifferent to the risk that Plaintiff would be imprisoned after his lawful release date, not whether a statute or administrative directive might have been violated.

**Defendant's Proposed Jury Instruction No. 7**

_____ Given

_____ Rejected

_____ Withdrawn

 X \_\_\_\_\_ Objected to

*Source: Seventh Circuit Pattern Instruction 7.04*

Basis for Plaintiff's objection: There is no claim that Defendant violated a "statute, rule, regulation or policy." Plaintiff's claim is that Defendant Sigler violated the Eighth Amendment by keeping Plaintiff in prison beyond his release date as determined by the July 22, 2015 sentencing order. Defendant has cited no statute, rule, regulation or policy that was allegedly violated by Defendant Sigler and referencing materials that are not in evidence would likely confuse the jury and would not be a proper basis for instruction due to lack of evidentiary basis. *Jaffee v. Redmond*, 51 F.3d 1346, 1353 (7th Cir. 1995) ("jury instructions must be correct statements of the law that are supported by the evidence."). Furthermore, compliance or non-compliance with internal rules or regulations does not establish compliance or non-compliance with the U.S. Constitution.

**EIGHTH AMENDMENT: CRUEL AND UNUSUAL PUNISHMENT – ELEMENTS**

To succeed on his claim that the Defendant was deliberately indifferent to the risk that Plaintiff would be incarcerated beyond his release date, Plaintiff must prove each of the following three elements:

1. Defendant had knowledge of Plaintiff's problem and thus of the risk that unwarranted punishment was being, or would be, inflicted;

2. Defendant either failed to act or took only ineffectual action under the circumstances, indicating that her response to the problem was a product of deliberate indifference to the prisoner's plight; and

3. A causal connection between Defendant's response to the problem and the unjustified detention.

Relevant circumstances to consider when assessing these factors are the scope of Defendant's duties and the role Defendant played in the administration of the prison.

**Defendant's Proposed Jury Instruction No. 8**

_____ Given

_____ Rejected

_____ Withdrawn

 X\_\_\_\_ Objected to

Source: *Armato v. Grounds*, 766 F.3d 713, 721 (7th Cir. 2014); *Campbell v. Peters*, 256 F.3d 695, 700 (7th Cir. 2001); *Sample v. Diecks*, 885 F.2d 1099, 1110 (3rd Cir. 1989).

Basis for Plaintiff's objection: This is not a complete and accurate statement of the law of Eighth Amendment claims in the context of over-detention (*i.e.*, continued incarceration beyond a prisoner's sentence) and would likely result in jury confusion. Plaintiff's Proposed Jury Instruction No. 7 reflects a complete and accurate description of the law.

**EIGHTH AMENDMENT: "DELIBERATELY INDIFFERENT" DEFINITION**

When I say "deliberately indifferent" I mean that the Defendant knew of or strongly suspected a substantial risk that Plaintiff was being incarcerated beyond his lawful release date, and that Defendant consciously disregarded that risk by failing to take reasonable measures to prevent it.

In deciding whether Defendant failed to take reasonable measures, you may consider whether it was practical for her to take additional corrective actions. Negligence, or even gross negligence on the part of the Defendant is not a Constitutional violation.

If Defendant took reasonable measures to respond to a risk, then she was not deliberately indifferent, even if Plaintiff was ultimately harmed.

**Defendant's Proposed Jury Instruction No. 9**

_____ Given

_____ Rejected

_____ Withdrawn

_____X\_ Objected to

*Source: Figgs v. Dawson*, 829 F.3d 895, 902-03 (7th Cir. 2016); *McGee v. Adams*, 721 F.3d 474, 480–81 (7th Cir. 2013).

Basis for Plaintiff's objection: This is not an accurate statement of the law and will likely result in jury confusion about the elements Plaintiff must prove to establish liability. *Jaffee v. Redmond*, 51 F.3d 1346, 1353 (7th Cir. 1995) ("jury instructions must be correct statements of the law that are supported by the evidence."). Plaintiff's Proposed Jury Instruction No. 7 taken from the Seventh Circuit Pattern Instruction No. 7.15, is a more accurate statement of the law.

## EIGHTH AMENDMENT: REASONABLE RELIANCE ON STATUTE

In making determinations about a prisoner's release, prison officials are entitled to rely on "a reasonable interpretation of state statute" even if they are ultimately mistaken.

**Defendant's Proposed Jury Instruction No. 10**

_____ Given

_____ Rejected

_____ Withdrawn

_____X\_ Objected to

*Source: Campbell v. Peters*, 256 F.3d 695, 701 (7th Cir. 2001).

Basis for Plaintiff's objection: There is no claim that Defendant violated a "statute, rule, regulation or policy." Plaintiff's claim is that Defendant Sigler violated the Eighth Amendment by keeping Plaintiff in prison beyond his release date as determined by the July 22, 2015 sentencing order. Defendant has cited no statute, rule, regulation or policy that was allegedly violated by Defendant Sigler and referencing materials that are not in evidence would likely confuse the jury and would not be a proper basis for instruction due to lack of evidentiary basis. *Jaffee v. Redmond*, 51 F.3d 1346, 1353 (7th Cir. 1995) ("jury instructions must be correct statements of the law that are supported by the evidence."). Furthermore, compliance or non-compliance with internal rules or regulations does not establish compliance or non-compliance with the U.S. Constitution.

## *HECK* INSTRUCTION

Plaintiff has been convicted of Unlawful Violation of an Order of Protection in Will County Criminal Case No. 10 CF 1923. Plaintiff's criminal conviction has not been overturned or invalidated. Any statements by Plaintiff or any other individuals to the contrary should be disregarded.

**Defendant's Proposed Jury Instruction No. 11**

_____ Given

_____ Rejected

_____ Withdrawn

\_\_\_\_\_X\_ Objected to

*Source: Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); *Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2008).

Basis for Plaintiff's objection: The proposed instruction is unduly prejudicial under Fed. R. Evid. 403 insofar as it specifies the nature of Plaintiff's underlying criminal conviction.   This issue is the subject of Plaintiff's motion *in Limine* #2.

## COMPENSATORY DAMAGES IN PRISONER CASES

If you find in favor of Plaintiff, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained as a direct result of Defendant's conduct. These are called "compensatory damages."

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages and no others:

1. The physical and mental/emotional pain and suffering that Plaintiff has experienced. No evidence of the dollar value of physical or mental/emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

2. In order for Plaintiff to recover any compensatory damages, including for mental and emotional injury, he must first show that he suffered from some form of physical injury or physical harm from the claimed misconduct by Defendants. If you find that Plaintiff has proven a claim, but has failed to prove that he suffered any physical injury as a result of Defendants' conduct, then you must return a nominal damages verdict for Plaintiff in the amount of one dollar ($1.00).

**Defendant's Proposed Jury Instruction No. 11**

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

*Source: Seventh Circuit Pattern Instruction 7.27 (modified)*

Basis for Plaintiff's objection: This proposed instruction is misleading concerning damages recoverable in a case where Plaintiff's theory was that he incarcerated beyond his sentence. Moreover, there is no requirement under *Figgs v. Dawson* to prove *physical* injury. Plaintiff's injury was the over-detention and references to physical injury falsely suggests that Plaintiff needed to be beaten, assaulted, etc. while incarcerated. Plaintiff suggests that Plaintiff's Proposed Instruction No. 10 is a more accurate statement of the law based on the facts likely to be elicited at trial.

## DEFENDANT'S PROPOSED VERDICT FORM

**I.      Liability:**

On Plaintiff's Eighth Amendment deliberate indifference claim against Brenda Sigler we find in favor of (check one):

_____          Plaintiff Walter Brzowski

_____          Defendant Brenda Sigler

*If you found for Plaintiff, continue to Part II. If you found for Defendant, disregard Parts II and III, and proceed directly to Part IV.*

**II.      Nominal Damages:** If you find that Plaintiff has proven that Defendant was deliberately indifferent, but has failed to prove compensatory damages, then you must return a nominal damages verdict for Plaintiff in the amount of one dollar ($1.00): $ _____.

*If you find that Plaintiff has proven compensatory damages, continue to Part III. If you find that Plaintiff has failed to prove compensatory damages, disregard Part III, and proceed directly to Party IV.*

**III.      Compensatory Damages:** State the amount of compensatory damages, if any, necessary to fairly compensate the Plaintiff for any injury that you find he sustained as a result of the conduct for which you have found Defendant liable:

We fix Plaintiff's compensatory damages against Defendant Brenda Sigler as $_____.

**IV.      Signatures:**

_____          _____

Presiding Juror

_____          _____

_____          _____

_____          _____

Dated: _____

    Basis for Plaintiff's objection: This proposed verdict form omits any reference to punitive damages, which is a component of damages recoverable against Defendant. Given the evidence anticipated to be elicited at trial, there is no basis to include a reference to "nominal" damages. This proposed verdict form is also highly suggestive because to the extent that nominal damages are referenced is it done in a fashion that places undue emphasis on the award of nominal damages before referencing compensatory damages.

Respectfully submitted,

/s/ Devlin J. Schoop_____

Dated: July 20, 2020

Devlin J. Schoop
Victor P. Henderson
Attorneys for Plaintiff Walter Brzowski
HENDERSON PARKS, LLC
140 South Dearborn Street, Suite 1020
Chicago, Illinois 60603
Phone: (312) 262-2900

Colleen M. Shannon
Nicholas S. Staley
Assistant Attorneys General
Office of the Illinois Attorney General
100 West Randolph Street, 13th Floor
Chicago, Illinois 60601
Phone: (312) 814-3953

**CERTIFICATE OF SERVICE**

Undersigned hereby certifies that on July 20, 2020, a copy of the foregoing Parties'

Proposed Final Pre-Trial Order was served upon all counsel of record through the CM/ECF

Electronic filing system.

By: /s/ Devlin J. Schoop