## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **WALTER BRZOWSKI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 17 C 9339** |
| | ) | |
| **BRENDA SIGLER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

MATTHEW F. KENNELLY, District Judge:

In 2017, Walter Brzowski, who was formerly incarcerated at Illinois's Pontiac Correctional Center, sued Brenda Sigler, the records office supervisor at Pontiac. Brzowski alleged that he was wrongfully held in custody for 902 days because Sigler repeatedly dismissed his complaints that he was being held beyond his sentence. Under 42 U.S.C. § 1983, Brzowski sought to hold Sigler accountable for violations of his rights under the Eighth and Fourteenth Amendments.

A trial was held, and the jury returned a verdict in Brzowski's favor. The jury awarded Brzowski $721,000 in compensatory damages and $10,000 in punitive damages. After trial, Sigler renewed her motion for judgment as a matter of law and moved for a new trial under Federal Rule of Civil Procedure 59. The Court denied both motions. *See Brzowski v. Sigler*, No. 17 C 9339, 2021 WL 2529569, at *1 (N.D. Ill. June 21, 2021).

Brzowski has petitioned the Court for attorneys' fees and expenses under 42

U.S.C. § 1988 and for costs under 28 U.S.C. § 1920. Brzowski seeks $246,292.50 in fees and expenses and $4,487.30 in costs.[1] The total award requested is $250,779.80. Sigler objects to the propose fees and expenses and would have the Court award only $75,000 in attorneys' fees. Sigler does not object to the requested costs and expenses.

For the reasons set forth below, the Court reduces Brzowski's request fees but not the sizeable extent proposed by Sigler. The total amount of attorneys' fees awarded by the Court is $ 206,994. The Court grants Brzowski's requested and unobjected-to costs in full.

### Discussion[2]

The Court will consider Brzowski's petition for attorneys' fees first and his bill of costs second.

### A.    Attorneys' fees

"The starting point for determination of a reasonable attorney's fee in a section 1983 case is the number of hours reasonably expended on the litigation, multiplied by a reasonable hourly rate." *Fields v. City of Chicago*, No. 10 C 1168, 2018 WL 253716, at *2 (N.D. Ill. 2018) (Kennelly, J.). The result of this arithmetic is referred to as the "lodestar." *Id.* Courts may adjust the lodestar based on the twelve factors described in

---

[1] Though Brzowski has submitted an itemized list of his attorneys' time entries, *see* dkt. no. 191-1, none of his submissions include a totaling of his attorneys' hours or his attorneys' total billings. In other words, though Brzowski's proposed fee appears to be derived from his proposed billing rates for each attorney multiplied by each attorneys' respective total time, Brzowski has not shown his work.

[2] The Court assumes familiarity with the facts of this case and refers those interested in the background to its prior opinions. *See Brzowski*, 2021 WL 2529569, at *1–3; *Brzowski v. Sigler*, No. 17 C 9339, 2020 WL 3489484, at *1–3 (N.D. Ill. June 26, 2020); *Brzowski v. Baldwin*, No. 17 C 9339, 2018 WL 4917084, at *1 (N.D. Ill. Oct. 9, 2018).

*Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983). *See Anderson v. AB Painting & Sandblasting Inc.*, 578 F.3d 542, 544 (7th Cir. 2009). Those factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley*, 461 U.S. at 430 nn.3, 9. Though these factors are instructive, many of them are typically "subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Anderson*, 578 F.3d at 544.

The adjudication of attorneys' fees "should not result in a second major litigation." *Hensley*, 461 U.S. at 437. The party petitioning for fees "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Id.* Should the fee applicant meet his burden, the burden shifts to the opposing party "to offer evidence that sets forth 'a good reason why a lower rate is essential.'" *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 640 (7th Cir. 2011). Courts are obliged to exclude from the petitioning party's calculation any hours "that were not reasonably expended on litigation." *Pouncy v. City of Chicago*, No. 15-CV-1840, 2017 WL 8205488, at *3 (N.D. Ill. Dec. 11, 2017) (internal quotation marks omitted).

Once a lodestar amount is determined, the Court may determine whether it is appropriate to adjust it either upward or downward. *See id.* Though "a plaintiff who achieves excellent results should receive the entire lodestar," that same sum might be "excessive for one who has achieved only partial or limited success." *Sommerfield v.*

3

*City of Chicago*, 863 F.3d 645, 650 (7th Cir. 2017) (internal quotation marks omitted).

Court may adjust the lodestar upward if the party obtained "[e]xtraordinarily good

results." *Id.* When a court chooses to reduce a fee award, it must offer "a concise but

clear explanation of its reasons." *Small v. Richard Wolf Med. Instruments Corp.*, 264

F.3d 702, 708 (7th Cir. 2001) (internal quotation marks omitted). Said differently, a

court may not "simply "eyeball the fee request and cut it down by an arbitrary

percentage because it seemed excessive to the court." *Id.* (internal quotation marks

omitted).

### 1. Prevailing party

Sigler questions whether Brzowski is even a prevailing party entitled to an award

of attorney's fees. Sigler's Resp. Br. at 2–3; *see also* 42 U.S.C. § 1988(b) ("In any

action or proceeding to enforce a provision of . . . [section] 1983 . . . the court, in its

discretion, may allow the prevailing party, other than the United States, a reasonable

attorney's fee as part of the costs."). Because only one out of six defendants and one

out of four claims preceded to trial, Sigler contends that Brzowski is not a prevailing

party for purposes of section 1988. Sigler's Resp. Br. at 3.

There are two elements to a fee award under section 1988: "the party seeking

fees must qualify as a 'prevailing party' and "the fee must be 'reasonable.'" *Simpson v.

Sheahan*, 104 F.3d 998, 1001 (7th Cir. 1997). "A plaintiff prevails when actual relief on

the merits of his claim materially alters the legal relationship between the parties by

modifying the defendant's behavior in a way that directly benefits the plaintiff." *Id.*

(alterations accepted and internal quotation marks omitted). "A judgment for damages

in any amount, whether compensatory or nominal, confers prevailing-party status on a

plaintiff." *Id.* In this, the jury ruled in Brzowski's favor and awarded him substantial damages. Thus, he is entitled to attorney's fees. *See Capps v. Drake*, 894 F.3d 802, 804 (7th Cir. 2018) (holding that because plaintiff was awarded substantial damages, he should have been awarded attorney's fees).

If Brzowski had "received only a technical, nominal, or *de minimis* damage award," Sigler's argument might have some weight. *See id.*; *see also Perlman v. Zell*, 185 F.3d 850, 859 (7th Cir. 1999) ("We have held in a series of recent cases that a litigant who wins less than 10% of his initial demand either is not a prevailing party for purposes of fee-shifting statutes or should be treated *as if* he had not prevailed."). But that is not Sigler's argument. Instead her argument is that because Brzowski's suit was pared down to just one claim against one defendant, he is not a prevailing party. Sigler's Resp. Br. at 2–3. Yet, none of the cases Sigler cites support this theory. *See Simpson v. Sheahan*, 104 F.3d at 101; *Perlman v. Zell*, 185 F.3d at 859; *Fletcher v. City of Fort Wayne*, 162 F.3d 975, 977–78 (7th Cir. 1998) (holding that a party's acceptance of an offer of judgment does not, per se, establish that the plaintiff is a prevailing party entitled to attorney's fees); *Cole v. Wodziak*, 169 F.3d 486, 488 (7th Cir. 1999) (determining that plaintiffs in a race discrimination suit were prevailing parties entitled to reasonable attorney's fees). And the Court has not uncovered any precedent in line with Sigler's theory.

The Court can safely conclude that because Brzowski prevailed at trial on a claim for relief that covered the entirety of his injury and was awarded substantial damages, he is a prevailing party entitled to attorney's fees. *See Capps*, 894 F.3d at 804.

5

### 2.      Reasonable hourly rates

**T**he Court next considers the reasonableness of Brzowski's requested fees.  *See Simpson*, 104 F.3d at 1001.  Reasonable hourly rates must be "based on the local market rate for the attorney's services." *Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014).  "The best evidence of the market rate is the amount the attorney actually bills for similar work, but if that rate can't be determined, then the district court may rely on evidence of rates charged by similarly experienced attorneys in the community and evidence of rates set for the attorney in similar cases." *Id.*

Brzowski's proposes the following rates for his trial team:  $550 per hour for attorney Victor Henderson; $450 per hour for attorneys Devlin Schoop and Christopher Carmichael; $325 per hour for attorney Alexandra Hunstein; and at $275 per hour for attorney Kelsey Van Overloop.  Brzowski's Fee Pet. at 4.  In support of these rates, Brzowski has included affidavits from Henderson, Schoop, and Carmichael that he says support their respective billing rates.  *See* dkt. no. 191-3; dkt. no. 191-4; and dkt. no. 191-6.  Brzowski has also supplied comparator cases that he contends support the reasonableness of his attorneys' respective rates.  *See* Brzowski's Fee Pet. at 6–7.

Sigler argues that these none of the requested rates are justified.  *See* Sigler's Resp. Br. at 12–13.  She notes that the attorneys have not provided evidence of what they billed for similar work and says they have cited to cases that are distinguishable. *Id.* at 13.  Sigler also argues that Henderson's, Schoop's, and Carmichael's affidavits are self-serving and cannot justify their requested rates.  *Id.*  She further notes that Brzowski has not offered any evidence to support the requested rates for Van Overloop and Hunstein.  *Id.* n.2.  As a result, Sigler suggests a rate of $385 per hour for

Henderson, Schoop, and Carmichael.[3]  *See id.* at 14 (citing *Montanez*, 755 F.3d at 554 (affirming a $385 per hour rate for "experienced attorneys" who did not adequately support their proposed rates)).

In his reply, Brzowski concedes that he has not provided any evidence to support either Van Overloop's or Hunstein's rates and asks the Court to instead award these attorneys only $150 per hour.  Brzowski's Reply Br. at 8 n.2, 13 (citing *Cooper v. City of Chicago*, No. 16 C 3519, 2018 WL 3970141, at *16 (N.D. Ill. Aug. 20, 2018) (Kennelly, J.) (assigning a rate of $150 per hour to an attorney who failed to meet her burden of proving her rate)).  Regarding Henderson, Schoop, and Carmichael, Brzowski asserts that the requested rates are reasonable and contends that the declarations and comparator cases are enough to support them.  Brzowski's Reply Br. at 9.

The Court concludes that Brzowski has not adequately supported his proposed rates.  Sigler is right to argue the attorneys' affidavits—at least these particular affidavits—are not enough.  *See Harper v. City of Chicago Heights*, 223 F.3d 593, 604 (7th Cir. 2000) ("[A]n attorney's self-serving affidavit alone cannot establish the market rate for that attorney's services.").  Instead, such affidavits are sufficient to satisfy a fee petitioner's burden when submitted "in conjunction with other evidence of the rates charged by comparable lawyers."  *Id.*

Brzowski has also cited cases in this district that he believes support the requested rates.  *See* Brzowski's Fee Pet. at 6–7 (citing cases).  The cited cases certainly support his argument that the proposed rates are within the range of rates

---

[3] Though she does not say, the Court assumes Sigler is not proposing a $385 per hour rate for Van Overloop and Hunstein, as this rate would be above Brzowski's requested rate for those attorneys.

awarded in this district, but that is not enough. The comparator cases are meant to be "evidence of rates similarly experienced attorneys in the community charge paying clients for similar work." *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 640 (7th Cir. 2011). Because Brzowski has not drawn the link between his attorneys' experience and that of the attorneys in the cited cases, these cases do not move the needle.

With insufficient evidence to support the requested rates, the Court must independently determine the attorneys' appropriate rates. *Alicea v. All Our Children's Advoc. Ctr.*, No. 15 C 7795, 2017 WL 6513164, at *3 (N.D. Ill. Sept. 6, 2017) (quoting *Montanez*, 755 F.3d at 553) ("If the fee applicant does not satisfy its evidentiary burden, then 'the district court can independently determine the appropriate rate.'"); *Pouncy*, 2017 WL 8205488, at *4. To do this, the Court must consider the rates "awarded to similarly experienced Chicago attorneys in other civil-rights cases in the district." *Montanez*, 755 F.3d at 554.

### a. Henderson

Henderson has the most legal experience of Brzowski's attorneys. According to his affidavit, Henderson has been a member of the Illinois bar since 1990, was formerly a partner at a large law firm, and is a past president of the Chicago Bar Association. Dkt. 191–3 at ECF pp. 1–2. He has tried civil rights cases and has civil rights argued appeals, but he does not say how long or how many. *See id.*

Citing *Montanez*, Sigler proposes a rate for Henderson of $385 per hour, but that sets the bar too low. The two lead attorneys in *Montanez* had nine and thirteen years of experience, respectively. *See Montanez*, 755 F.3d at 551. Henderson has at least the thirty-one years of experience, and his hourly rate should reflect that lengthy

experience. Thus, he is entitled to more than $385 per hour. But not as much more as Brzowski proposes. Henderson has not provided "concrete examples of the hourly rates of similarly experienced attorneys performing similar work," *see In re Subpoenas Issued to Danze, Inc.*, No. 05 C 4538, 2006 WL 211942, at *3 (N.D. Ill. Jan. 18, 2006), and he has not established any particular expertise in civil rights cases, *see Montanez*, 755 F.3d at 554.

Balancing these considerations, the Court concludes that reasonable hourly rate for Henderson's work is $465 per hour. This is between the two sides' proposed rates, and more importantly it is comparable to the rates of similarly situated attorneys. *See, e.g., Danze, Inc.*, 2006 WL 211942, at *2–3 (determining, in 2006, that an attorney with thirty-eight years' experience was entitled to only $425 per hour because the case did not involve his area of expertise); *Cooper*, 2018 WL 3970141, at *15 (concluding that an attorney with twenty-two years' experience, who was also admitted into the federal bar and had relevant experience, deserved a $475.00 per hour rate).

### b. Schoop and Carmichael

Schoop has twenty-four years of experience, having been licensed to practice since 1997. *See* dkt. no. 191–4 at ECF p. 2. According to his affidavit, Schoop has experience in civil rights litigation (particularly with section 1983) because he was Senior Counsel in the City of Chicago Law Department's Federal Civil Rights Litigation Division. *Id.* at 2. Schoop has tried a number of civil rights cases and has argued a number of appeals. *Id.* at 2–3 (citing cases). As a former Illinois Circuit Judge, Schoop has also presided over nearly 100 bench trials. *Id.* at 2.

Carmichael has been licensed to practice for nineteen years. *See* dkt. no. 191–6

at ECF p. 1.  Before joining his current firm, Carmichael was a partner at a large law firm.  *Id.* at ECF p. 3.  Since joining his current firm, he has represented plaintiffs in state and federal civil rights cases and has argued more than fifty appeals before state and federal appellate courts.  *Id.*

For Schoop and Carmichael, Sigler proposes a rate of $385 per hour in place of Brzowski's proposed rate of $450.  The Court disagrees with Sigler and instead concludes that Brzowski's proposed rate for both attorneys is reasonable given their experience and the rates charged by similar lawyers with similar experience.  *See Degorski v. Wilson*, No. 04 C 3367, 2014 WL 6704561, at *6 (N.D. Ill. Nov. 26, 2014) (concluding that an Illinois based attorney with twenty-four years or experience with extensive federal and state trial practice and relevant experience was entitled to a $450 rate).

### c.    Van Overloop and Hunstein

Brzowski has conceded that he has failed to offer any evidence to support either Van Overloop's or Hunstein's rates.  Brzowski's Reply Br. at 8 n.2, 13   As such, the Court agrees with Brzowski's revised proposal and concludes that these attorneys' hourly rate should be $150 per hour.  *See Cooper*, 2018 WL 3970141, at *16.

### 2.    Lodestar

In sum, the Court finds that the appropriate hourly rates for Brzowski's counsel are as follows: Henderson at $465 per hour; Schoop and Carmichael at $450 per hour; and Van Overloop and Hunstein at $150 per hour.  With those modifications, Brzowski's proposed lodestar has to be reduced.  Considering the modified rates above and the itemized entries Brzowski has supplied, the lodestar is $224,028.00.  The following table

summarizes the Court's calculations[4] [5]:

| Attorney | Total Hours | Billed Rate | Lodestar |
|---|---|---|---|
| Victor Henderson | 68.2 | $465 | $31,713.00 |
| Devlin Schoop | 338.1 | $450 | $152,145.00 |
| Christopher Carmichael | 58.6 | $450 | $26,370.00 |
| Alexandra Hunstein | 89.1 | $150 | $13,365.00 |
| Kelsey Van Overloop | 2.9 | $150 | $435.00 |
| **Total** | | | $224,028.00 |

### 2. Sigler's objections

Sigler objects to several time entries in Brzowski's billing records on the basis that they are either vague, duplicative, excessive, secretarial tasks, or unrelated. The Court addresses each objection in turn.

### a. Entries unrelated to the prevailing claim

In tandem with her prevailing-party argument, Sigler argues that Brzowski's attorneys have improperly charged for time spent on activity that was not related to the Eighth Amendment claim that he prevailed upon at trial.[6] *See* Sigler's Resp. Br. at 3.

---

[4] In conjunction with the parties' Joint Statement of Facts, the Court has subtracted time spent preparing responses to cross-motions for summary judgment from both Henderson's and Schoop's total hours. *See* dkt. no. 194-1 at ECF p. 47; Local Rule 54.3 Joint Statement of Facts at 10.

[5] Several of the attorneys' billing entries do not identify which attorney completed the reported task. *See* Sigler's Resp. Br. at 9; *see generally* dkt. no. 191-1. In his reply, Brzowski provided the billing attorney for some of these entries but neglected to do the same for others. *See* Brzowski's Reply Br. at 12–13. Hence, the Court excludes from its calculation the unclaimed entries from 6/26/2019, 6/28/2019, 7/12/2019, 10/11/2019, 11/19/2019, 1/3/2019, 1/4/2020, 1/10/2020, 1/22/2020, 1/24/2020, 1/28/2020, 7/9/2020, and 7/20/2020.

[6] Sigler's citation to 42 U.S.C. § 1997e(d)(1)(A) is unavailing. *See id.* (emphasis added) ("In any action *brought by a prisoner who is confined* to any jail, prison, or other correctional facility, in which attorney's fees are authorized under section 1988 of this title, such fees shall not be awarded, except to the extent that . . . the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected

But "when claims are interrelated, as is often the case in civil rights litigation, time spent pursuing an unsuccessful claim may be compensable if it also contributed to the success of other claims." *Bellamy v. City of Chicago*, No. 15 C 02678, 2017 WL 3675729, at *13 (N.D. Ill. Aug. 25, 2017) (citing *Jaffee v. Redmond*, 142 F.3d 409, 413 (7th Cir. 1998)); *see also C.W. v. Bd. of Educ. of City of Chicago, Dist. 299*, No. 11-CV-2349, 2012 WL 355360, at *8 (N.D. Ill. Feb. 1, 2012) (alterations accepted) ("It is appropriate to consider the litigation as a whole, rather than viewing the specific claims atomistically, if 'the plaintiff's claims of relief involve a common core of facts or are based on related legal theories.'").

As such, federal courts have allowed the recovery of fees for unsuccessful claims where those claims involved "'a common core of facts or related legal theories.'" *Bellamy*, 2017 WL 3675729, at *13; *see Hensley*, 461 U.S. at 440 ("Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised."). That some theories and arguments asserted and pursued by Brzowski's counsel were unsuccessful does not mean that those same theories and arguments were also unreasonable. *See Bellamy*, 2017 WL 3675729, at *13. Brzowski's earlier complaints and claims (as well as related work) were "factually related" to the claim on which he prevailed at trial and thus were "reasonably calculated to result in relief." *See Gautreaux v. Chicago Hous. Auth.*, 491 F.3d 649, 661–62 (7th Cir. 2007). Moreover, Brzowski has explained the strategic purpose behind many of the purportedly

---

by a statute."). Brzowski's suit was brought under section 1983 and he was no longer a prisoner at the time his suit was filed.

"unrelated" tasks. *See* Brzowski's Reply Br. at 2–7; *see also Jaffee*, 142 F.3d at 414 (stating that "the touchstone" in cases where fees awarded for unsuccessful claims are or argument is not whether they were successful, but whether they were reasonable). Thus, this Court may award attorneys' fees for this work. *See id.*

Sigler's other objections on this basis are also unavailing. The fact Sigler was not initially a defendant is of no matter. *See* Sigler's Resp. Br at 7. The claims against her were arose from the same common core of facts as the claims that Brzowski pursued before she was added. Brzowski's May 12, 2020 status report may have been unneeded, but it was certainly related to this case and therefore reasonable. *See id.* at 8. And last, of course Brzowski is entitled to attorneys' fees for additional summary judgment briefing ordered by the Court. *See id.* It does not matter that Sigler's second motion for summary judgment would have been unnecessary if the Court had not permitted Brzowski to amend his complaint. The fact of the matter is that Brzowski was permitted to amend his complaint and did so. The third amended complaint involved the same common core of facts as the earlier versions, and thus it was undoubtedly related to the earlier complaints. Moreover, after the complaint was filed, Sigler moved for summary judgment, so it was obviously necessary for Brzowski to respond to that motion.

In short, the Court will not exclude from the fee award reasonable hours spent on related efforts. Brzowski is entitled to an award that takes account of the fact that his counsel went down seemingly promising roads even though they turned out to be dead ends. *See Montanez,* 755 F.3d at 555.

13

### b.  Excessive time

Sigler next argues that many (in fact almost all) of the attorneys' billed time is excessive.  *See* Sigler's Resp. Br. at 6, 11.  "[T]he line between ample preparation and excessive preparation is, at the margin, a fine one."  *Charles v. Daley*, 846 F.2d 1057, 1076 (7th Cir. 1988).  Sigler "offers only a bare list of entries that [she] deems excessive" and little rationale for supporting her conclusion.  *See O'Sullivan v. City of Chicago*, 484 F. Supp. 2d 829, 837 (N.D. Ill. 2007).  She "has offered no objective standard, no 'reasonable' number of hours to spend on a given activity, with which to compare."  *Id.*  As such, the Court "will not engage in an arbitrary determination of how long a 'reasonable' attorney would spend on" a given matter and instead will include the allegedly excessive entries in the lodestar.  *See id.*

### c.  Secretarial tasks

Sigler also asserts that Brzowski has impermissibly billed for secretarial work.  "In calculating the number of hours reasonably expended on a case, courts should disallow time spent on what are essentially clerical or secretarial tasks."  *Cloutier v. GoJet Airlines, LLC*, No. 16 C 1146, 2019 WL 5260756, at *4 (N.D. Ill. Oct. 17, 2019) (Kennelly, J.) (internal quotation marks omitted); *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999) (concluding that "organizing file folders, document preparation, and copying documents" were clerical or secretarial tasks).  In determining whether an entry includes a clerical or secretarial task, the Court must consider whether the task was sufficiently complex enough to justify the use of non-clerical staff.  *See People Who Care v. Rockford Bd. of Educ., Sch. Dist.* No. 205, 90 F.3d 1307, 1315 (7th Cir. 1996)

The Court agrees with Sigler that several of the attorneys' time entries involve clearly secretarial tasks. Some of these entries are poorly documented and therefore make it difficult for the Court to assess the work's complexity. *See Cloutier*, 2019 WL 5260756, at *4. The Court will disallow entries that are too vague to permit a finding that the work required an attorney's skill. The Court will also exclude entries for time spent "organizing files . . . or copying, formatting, processing, or preparing documents." *Id*. On those bases the following entries will be excluded from the final award:

| Date | Attorney | Description | Time Billed |
|------|----------|-------------|-------------|
| 12/28/17 | Hunstein | Complete civil cover sheet and provide summons information for filing (.40); Prepare appearances (.20) | .60 |
| 2/5/18 | Hunstein | Review waivers of service of summons and prepare for issuance. | .40 |
| 5/23/18 | Hunstein | Finalize and file First Amended Complaint | 1.20 |
| 7/23/18 | Hunstein | Finalize and file the Second Amended Complaint | 1.80 |
| 8/23/18 | Carmichael | Review and approve appearance in the case | .20 |
| 9/14/18 | Hunstein | Prepare Notice of Motion for Motion for Leave to Submit Additional Authority created, then edited | .30 |
| 6/28/19 | Carmichael | Obtain copies of decisions involving client | .70 |
| 6/28/19 | Schoop | Drafting and filing attorney appearance for Devlin Joseph Schoop in the Brzowski v. Baldwin matter | .50 |
| 4/17/19 | Schoop | Document2 created, then reviewed (.20); Scanned from a Xerox Multifunction Device created (.10); Creating summary of Brzowski complaints (1) | 1.30 |
| 6/28/19 | Carmichael | Obtain copies of decisions involving client, including Brzowski v Dept of Corrections - 2018 IL App (4th) 170010-U; Laura Brzowski v Walter Brzowski - 2018 IL App (4th) 170010-U; Brzowski v IL Prisoner Review Bd - 2018 ILApp (4th) 160601-U; | .70 |

15

| | | | |
|---|---|---|---|
| | | Brzowski v Tristano - 2019 IL App (1st) 172 558-U; People v Brzowski - 2015 IL App (3d) 120376; and Brzowski v Brzowski 2014 IL App (3d) 130404 | |
| 10/30/19 | Schoop | 2019-10-30, dkt. #87, Defendants' Notice of Motion for Extension of Time to File MSJ Response created (.10); 2019-10-30, dkt. #86 Defendants' Motion for Extension of Time created (.10) | .20 |
| 12/17/19 | Schoop | 2019 -12-02-- _DE 100, Brzowski Defendants' Later Filed Exhibits created (.10) | .10 |
| 7/9/20 | Schoop | Brzowski, Nicholas Lamb Deposition Designations created (.10); Brzowski, Guy Pierce Deposition Designations created (.10) | .20 |
| 7/13/20 | Schoop | Bellamy MILS created (.10); Hostile Witness MIL created (.10); Alexander v Zinchuk MILs created (.10); Wilson MILS created (.10); Anderson Mils created (.10); Brzowski MIL GroupX 1 created (.10); Cooper MILS 1 through 8 created (.10); Brzowski MIL X 2 created (.10) | .80 |
| 7/20/20 | Schoop | People v. Brzowski, 10 CF 1923 Bill of Indictment created (.10); Plaintiff's Proposed Deposition Designations Main Document created (0.10); Parties' Proposed Final Pre-Trial Order -- FINAL.7.20.2020 created (.10); Plaintiff's Response to Defendant's Motions in Limine Nos. 1 through 10 created (.10); Plaintiff 's Response to Defendant's Motions in Limine Nos. 1 through 10 Ex 4 created (.10); Brzowski -IDOC 000054-000237 reviewed (.10); Plaintiff's Proposed Deposition Designation Ex 1-Lamb created (.10); Guy Pierce Deposition Designations created (.10) | .70 |
| 7/24/20 | Schoop | 2020-07-23_--_DE 157 Sigler Brief in Opposition to Deposition Designations in Lieu of Live Testimony created (.10); 2020-07-23_ --_DE 155 Minute Order Setting Video Conference for July 24, 2020 Pre-Trial Conference created (.10) | .20 |
| 7/28/20 | Schoop | Amended Proposed Deposition Designations in Lieu of Live Testimony and Defendant's Objections created (.10) | .10 |

| 7/29/20 | Schoop | 2020-07-29_--_DE 162 Sigler's Objections to Deposition Designations created (.10) | .10 |
|---|---|---|---|
| 7/30/20 | Schoop | Revised PX 25 (reduced number of photos) created (.10); Plaintiff's Response to Defendant's Objections to Proposed Deposition Designations created (.10) | .20 |
| 9/4/20 | Schoop | 2020-09-03_--_DE 176 Def's Memo in Support of Combined Motion under Rules 50(b) & 59(a) created, then reviewed (.10) | .10 |
| 10/2/20 | Schoop | 2020-10-02 Memo in Opposition to Sigler's Combined Motion Under Rules 50(b) and 59(a) created (.10); 2020-10-02 Transmittal Ltr to Judge Kennelly re Memo of Law created, (.10) | .20 |

In sum, the Court will exclude 4.3 hours from Hunstein's total time, 1.6 hours from Carmichael's total time, and 4.7 hours from Schoop's total time. The Court overrules Sigler's remaining secretarial work objections.

### e. Inadequately documented entries

Next to consider is Sigler's contention that many of the entries are inadequately documented, i.e. unduly vague. "[W]hen a fee petition is vague or inadequately documented, a district court may either strike the problematic entries or (in recognition of the impracticalities of requiring courts to do an item-by-item accounting) reduce the proposed fee by a reasonable percentage." *Harper v. City of Chicago Heights*, 223 F.3d 593, 605 (7th Cir. 2000). District courts have this "broad discretion to strike such vague or unjustified billing entries" because it encourages "candor in fee requests and relieves the burden on district courts faced with vague or poorly documented fee claims." *Id.*

The Court agrees that some of the attorneys' billing entries are unduly vague and will strike those entries it concludes do not provide enough information to judge whether the entry involved time spent on Brzowski's claims or enough information to determine

17

whether attorneys expended their time reasonably. *See Cloutier*, 2019 WL 5260756, at

*6. The following entries will be excluded from the award amount:

| Date | Attorney | Description | Time Billed |
|------|----------|-------------|-------------|
| 11/1/18 | Hunstein | Review available documents and create summary of information | 1.60 |
| 1/14/19 | Hunstein | Review materials related to discovery to provide update on discovery | .70 |
| 1/22/19 | Hunstein | Revise and edit Plaintiff's Response to RFPs and Interrogatories; Prepare for client review. | 1.50 |
| 4/15/19 | Henderson | Attention to discovery; communicate with client and opposing counsel regarding prison visits. | .50 |
| 4/17/19 | Schoop | 2 emails sent/reviewed | .20 |
| 4/19/19 | Schoop | 1 email sent/reviewed | .10 |
| 5/1/19 | Schoop | 4 emails sent/reviewed | .20 |
| 5/2/19 | Schoop | 1 email sent/reviewed | .10 |
| 5/3/19 | Schoop | 2 emails sent/reviewed | .20 |
| 5/6/19 | Schoop | 1 email sent/reviewed | .50 |
| 5/13/19 | Schoop | 4 emails sent/reviewed | 1.3 |
| 5/14/19 | Schoop | 4 emails sent/reviewed | .20 |
| 6/3/19 | Schoop | 4 emails sent/reviewed | .20 |
| 9/26/19 | Van Overloop | Edited Devlin's draft | 1 |
| 10/11/19 | Schoop | 1 email sent/reviewed regarding FOR YOUR REVIEW | .10 |
| 10/15/19 | Carmichael | Review List of Mr. B's Lawsuits, CM_ECF entries, and related proceedings) | .40 |
| 10/15/19 | Henderson | 1 email sent/reviewed (.10) | .10 |
| 9/23/20 | Schoop | 1 message sent/reviewed (.10); 2 internal messages sent/reviewed (.10) | .20 |

As a result of these exclusions, the Court will subtract 3.8 hours from Hunstein's total time, 3.3 hours from Schoop's, 1 hour from Van Overloop's total time, 0.6 hours from Henderson's total, and .40 from Carmichael's total time.  The Court overrules the remainder of Sigler's vagueness objections.

### f.    Duplicative entries

Because "overstaffing cases inefficiently is common," district courts are "encouraged to scrutinize fee petitions for duplicative billing when multiple lawyers seek fees."  *Schlacher v. L. Offs. of Phillip J. Rotche & Assocs., P.C.*, 574 F.3d 852, 858 (7th Cir. 2009).  Sigler urges the Court to reduce the fee award further because she believes Brzowski has included several duplicative entries.  But almost all these entries are for assignments that one attorney completed over a period of time, rather than one attorney's work being duplicative of another's.  *See generally* dkt. no. 194-1; *see also Bellamy*, 2017 WL 3675729, at *7 (analyzing plaintiff's billing entries for "pervasive overstaffing").[7]

Nevertheless, Brzowski has agreed to withdraw some of the contested entries. Brzowski no longer seeks fees for Schoop's work on 4/11/2019 (3.0 hours), 3/4/20 (.30 hours), 3/5/20 (11.40 hours), and 3/6/20 (9.50 hours).  Brzowski's Reply Br. at 12.  In total then, the Court will reduce Schoop's total by an additional 24.2 hours.

### g.    Block billing

Block billing—the combination of several discrete tasks in a single billing entry

---

[7] To the extent Sigler objects to Brzowski's attorneys billing for different times for similar events (e.g., meeting with Brzowski or trial preparation meetings), it's unclear what basis she has for that objection.  It's not uncommon for persons attending a meeting to arrive and leave at different times.  And without more, it's certainly not evidence of duplicative work.

without specifying the amount of time spent on each task—"is not a prohibited practice" in this circuit. *Gibson v. City of Chicago*, 873 F. Supp. 2d 975, 986 (N.D. Ill. 2012). Sigler contends that Brzowski's attorneys have block-billed both compensable and non-compensable work, but her objections do not identify what she contends the non-compensable work is. In any event, the Court has already considered Sigler's other objections for non-compensable work and has excluded the impermissible entries either entirely or partially. The Court is not also "obligated to conduct a line-by-line review of the bills to assess the charges for reasonableness." *Rexam Beverage Can Co. v. Bolger*, 620 F.3d 718, 738 (7th Cir. 2010). These objections are therefore overruled.

### 3. Modified lodestar

Taking into the above-stated exclusions, the attorneys' total hours are reduced as follows: Henderson's by .60 hours, Schoop's by 32.2 hours, Carmichael's 2 hours, Hunstein by 8.1 hours, and Van Overloop by 1.9 hours. The following table summarizes the Court's resulting calculations:

| Attorney | Total Hours | Billed Rate | Lodestar |
|---|---|---|---|
| Victor Henderson | 67.6 | $465 | $31,434.00 |
| Devlin Schoop | 305.9 | $450 | $137,655.00 |
| Christopher Carmichael | 56.6 | $450 | $25,470.00 |
| Alexandra Hunstein | 81.0 | $150 | $12,150.00 |
| Kelsey Van Overloop | 1.9 | $150 | $285.00 |
| **Total** | | | $206,994.00 |

The modified lodestar amount is $206,994, which the Court finds is reasonable.

### B. Costs

Brzowski seeks costs of $4,487.30. "There is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Tr. Co.*, 411 F.3d

854, 864 (7th Cir. 2005). Sigler does not object to Brzowski's costs. The Court awards his requested costs in full.

## Conclusion

For the reasons stated above, the Court grants Brzowski's petition for attorneys' fees [dkt. no. 190] and the motion for bill of costs [dkt. no. 173]. The Court awards Brzowski $206,994 in attorneys' fees and $4,487.30 in costs.

MATTHEW F. KENNELLY
United States District Judge

Date: September 21, 2021