**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **Walter Brzowski,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **Case No. 2017 CV 9339** |
| **vs.** | ) |
| | ) |
| **Brenda Sigler,** | ) |
| | ) |
| **Defendant.** | ) |

**MOTION TO INTERVENE BY RIGHT PURSUANT TO**
**FEDERAL RULE OF CIVIL PROCEDURE 24(A)(2)**

NOW COMES Laura Zasadny, f/k/a Laura Brzowski, by and through her attorneys, DDV

Law, Ltd., and for her Motion to Intervene by Right pursuant to Federal Rule of Civil Procedure

24(a)(2), states as follows:

1.      This matter came before the Court for trial on August 4, 2020.

2.      On August 6, 2020, the jury found in favor of Plaintiff, WALTER BRZOWSKI

("Brzowski") and against the Defendant, BRENDA SIGLER, and awarded compensatory damages

in the amount of $721,000.00 and punitive damages in the amount of $10,000.00.

3.      Laura Zasadny ("Zasadny") is the former spouse of Walter Brzowski.

4.      On May 20, 2003, the Circuit Court of Cook County, Illinois, First District, entered

a Judgment of Dissolution of Marriage, Case No. 01 D-14335, related to the past marriage of

Zasadny to Brzowski. (A Copy of the Judgment of Dissolution is attached hereto as Exhibit "A").

5.      By said Judgment, the Court ordered Brzowski to make certain child support

payments to Zasadny, payment for her attorney's fees in the amount of $23,625.00, and payment

of certain credit card debt in the amount of $1,619.00. (Ex. A).

1

6. On July 29, 2014, the Court ordered Brzowski to pay Zasadny additional attorneys' fees in the amount of $21,440.00.

7. In March of 2008, Brzowski stopped making child support payments.

8. Furthermore, to date, Brzowski has failed to make any payments towards said credit card debt and attorney's fees, so that interest at 9% per annum has continued to accrue.

9. On January 27, 2022, Zasadny sent Brzowski an Amended Notice of Lien. (See Amended Notice of Lien, attached hereto as Exhibit "B").

10. This Court should allow Zasadny to intervene in this suit as a matter of right in order to file a Motion to Enforce Child Support Lien and recover the amounts owed to her by Brzowski. (A copy of the Proposed Motion to Enforce is attached hereto as Exhibit "C").

WHEREFORE, Laura Zasadny, f/k/a Laura Brzowski, respectfully requests that this Honorable Court enter an order as follows:

a. Grant her Motion to Intervene by Right Pursuant to Federal Rule of Civil Procedure 24(a)(2) and allow her counsel to file an Appearance in this matter;

b. Set a briefing schedule and hearing date for Zasadny's Motion to Enforce the Lien, once said Proposed Motion is filed with the Court; and

c. For any and all additional relief this Court deems just and appropriate.

Michael Delaney (ARDC: 6269619)
Meghan Preston (ARDC: 6293577)
Mario Carlasare (ARDC: 6308707)
DDV Law, Ltd.
14524 John Humphrey Drive
Orland Park, IL 60462
(708) 675-7144
mdelaney@ddvlawyers.com
mpreston@ddvlawyers.com
mcarlasare@ddvlawyers.com

**Respectfully submitted,**

/s/ Meghan E. Preston
DDV Law, Ltd.,
By Meghan E. Preston

Original Draft: 4.27.02
Last Revised: 5/15/03

## IN THE CIRCUIT COURT OF COOK COUNTY
### COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

IN RE THE MARRIAGE OF:

**LAURA A. BRZOWSKI**
Petitioner

Case No. 01 D 14335

And

**WALTER J. BRZOWSKI**
Respondent

## JUDGEMENT FOR DISSOLUTION OF MARRIAGE

This cause coming to be heard on Laura A. Brzowski's Petition For Dissolution Of Marriage, the Petitioner, having appeared in open Court in person and by her attorney, Michael T. Tristano of Tristano & Tristano, Ltd.; the Respondent, Walter J. Brzowski, having been served and having filed his appearance but having failed to appear and thus being in default; the Office of the Public Guardian appearing as Child Representative; the Court, having heard the testimony of the Petitioner in support of the allegations contained in her Petition For Dissolution Of Marriage; and the Court, having considered all the evidence, a certificate of which is filed herein, and further being advised in the premises; the Court makes the following **FINDINGS**:

1. That the Court has jurisdiction of the parties hereto and the subject matter hereof.

2. That the Petitioner has been a resident of the State of Illinois for a period of more than ninety (90) days prior to the filing or hearing of this verified Petition For Dissolution Of Marriage.

3. That the parties were lawfully married on February 14, 1998; that said marriage was registered in Cook County, Illinois.

4. That the Petitioner is 40 years of age; that the Respondent is 45 years of age.

5. That the parties have one child of this marriage: Eric C. Brzowski, born June 6, 1999; that Brandon C. Brzowski, born June 16, 1997, has been acknowledged as being the biological child of Mr. Brzowski. That the parties have not adopted any children and the wife is not pregnant.

**EXHIBIT A**

*TRISTANO & TRISTANO, LTD.*
*8200 W. 95th Street*
*Hickory Hills, IL 60457*
*708.233.4400  ID# 91564*

6.     That Laura Brzowski is a fit and proper person to have the care, custody and control of the minor children of the parties; that it is in the best interests of the children of the parties that she be awarded the sole custody of the minor children.

7.     That any unsupervised visitation by Walter Brzowski with the minor children would seriously endanger the children's mental/emotional well-being and it would not be in the best interest of the children for Walter Brzowski to have unsupervised visitation and said supervision should be by an independent professional.

8.     That the Court finds that since the marriage of the parties hereto, that without cause or provocation on the part of the Petitioner, the Respondent has been guilty of extreme and repeated mental cruelty toward the Petitioner

## WHEREFORE, ON MOTION OF THE PETITIONER, IT IS ORDERED:

1.   That a Judgement For Dissolution Of Marriage (commonly known as divorce) is hereby granted to Laura A. Brzowski, Petitioner, and to Walter J. Brzowski, Respondent; that said marriage is hereby dissolved and they are both freed from the bonds and obligations thereof.

2.   That Laura Brzowski is awarded the sole care, custody, control and education of the minor children of the parties.

3.   That Walter Brzowski is awarded professionally supervised visitation with the minor children of the parties at his expense; further, that Walter Brzowski may have telephone visitation with the children; that said telephone conversations shall be monitored by Laura Brzowski who may terminate any call in which Walter Brzowski makes inappropriate comments, but Laura shall not curtail further telephone visitation without order of court; that both parties shall have the right to tape or otherwise record all telephone conversations between Walter Brzowski and the minor children without further notice.

4.   That Walter Brzowski may not be present at the children's day care or school or any other activities, at any time or under any circumstance.

5.   That Brandon Brzowski shall continue with therapy for so long as recommended by the

TRISTANO & TRISTANO, LTD.
8200 W. 95th Street
Hickory Hills, IL 60457
708.233.4400   ID# 91564

therapist.

6. That Walter Brzowski shall pay $62 per week or 25% of his net income as defined by as defined by 750 ILCS 5/505, whichever is greater, as and for the support of the children of the parties; that in order to insure compliance with this provision Walter Brzowski shall provide copies of his income tax returns within 14 days of their being filed (including any and all: W-2's, 1099s, amendments and schedules) to Laura Brzowski.

7. That Walter Brzowski shall be responsible for one half of all day care costs for the children of the parties and shall pay same directly to Laura on a weekly basis.

8. That the parties shall equally share the cost of health insurance coverage for the children of the parties; that Laura Brzowski shall be responsible for the ordinary uninsured medical costs of the children of the parties; that the parties shall equally share the cost of any uninsured major medical and dental costs of the children of the parties.

9. That Walter Brzowski shall immediately reinstate and maintain his life insurance policy with benefits of $100,000 naming the children as irrevocable beneficiaries until the younger child reaches the age of 21; further, that Walter Brzowski shall provide proof to Laura Brzowski that such insurance is in full force and effect; that Laura Brzowski shall maintain her current life insurance policy with the children as irrevocable beneficiaries.

10. That all personal property has been divided pursuant to a prior hearing; that each party shall be the sole owner of all property now in their possession, free and clear of any claim or interest of the other party.

11. That any debt incurred by Walter Brzowski subsequent to December 24, 2001, shall be his sole responsibility and Laura Brzowski shall have no liability in relation thereto.

12. That Walter Brzowski shall be responsible for one half or $1,619.00 of Laura Brzowski's credit card debt of $3,238.00; that the issue of the allocation of any other debts incurred by Laura Brzowski subsequent to December 24, 2001, is hereby reserved.

13. That the CD of the parties at First suburban National Bank Account # 10006111528, in the approximate amount of $6,790.00 shall be the sole and separate property of Laura Brzowski, free and clear of any claim or interest of Walter Brzowski.

TRISTANO & TRISTANO, LTD.
8200 W. 95th Street
Hickory Hills, IL 60457
708.233.4400   ID# 91564

14. That Walter Brzowski is forever barred from seeking maintenance from Laura Brzowski. That Laura Brzowski waives any claim of maintenance she may have from Walter Brzowski and is forever barred from seeking maintenance from Walter Brzowski.

15. That the former marital residence of the parties located at 11557 South Joalyce Drive, Alsip, Illinois, the legal description of which is attached hereto and incorporated herein as Exhibit "A," is awarded to Laura. That Walter within 14 days shall execute a quitclaim deed transferring his interest in the residence to Laura. In the event that Walter fails to transfer said residence to Laura any judge sitting in the Circuit Court of Cook, upon proper notice and motion, shall be entitled to enter a judge's deed transferring the property to Laura

16. That Laura Brzowski is awarded as her sole property the $10,000 insurance settlement, including the property settlement from her accident, free and clear of any claim or interest by Walter Brzowski.

17. That Laura Brzowski is awarded and shall be the sole owner of her pension plan now located Edward Jones, Account # 164-90552-1-5 (in the approximate total amount of $75,000.00) free and clear of any interest of Walter Brzowski.

18. That each party shall be entitled to the vehicle they currently operate and each shall execute any documents necessary to transfer their interest to the other.

19. That Walter Brzowski shall be responsible for all of his own attorney's fees and costs and 75% of Laura Brzowski's attorneys fees of $31,500.00, said fees for a total of $23,625.00 to be paid directly to Laura and judgment is entered in said amount in favor of Laura and against Walter..

20. That the parties shall be equally responsible for the fees and costs of the Child Representative: that each party shall pay $500.00 to the Child Representative..

21. That this Court shall retain and reserve jurisdiction of this cause for the express purpose of enforcing all and singular the terms and provisions of the Judgement.

22. That the wife may resume the use of the name Stang.

23. That the Office of the Public Guardian is discharged except for purposes of any appeal.

24. All outstanding petitions are incorporated into this Judgement and any outstanding discovery is moot.

*Tristano & Tristano, Ltd.*
*8200 W. 95th Street*
*Hickory Hills, IL 60457*
*708.233.4400 ID# 91564*

25. A Plenary Order of Protection protecting Laura Brzowski, Brandon Brzowski and Eric Brzowski from Walter Brzowski shall be issued for two years pursuant to a separate Court Order.

DATED:

JUDGE RAYMOND

MAY 2 0 2003

ENTERED:

JUDGE    CUIT COURT

Michael T. Tristano, Attorney At Law
Tristano & Tristano, Ltd. #91564
Attorneys For Laura A. Brzowski
8200 W. 95th Street
Hickory Hills, Illinois 60457
(708) 233-4400
Our file: S:\Wp51\REVIEW\Michael To Review\Brzowski Judgement 051503.wpd

*Tristano & Tristano, Ltd.*
*8200 W. 95th Street*
*Hickory Hills, IL 60457*
*708.233.4400   ID# 91564*

Judgement - Page 5

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION
Assoc. Judge Patricia M. Logue

IN RE THE MARRIAGE OF:

LAURA A. BRZOWSKI (nka ZASADNY)

      Petitioner, Circuit Court - 1959

   vs.

      Case No. 01 D 014335

WALTER J. BRZOWSKI

      Respondent.

FEB 0 8 2011

**ORDER**

*[handwritten: 4045 Neither party appeared in court. Mr. Brzowski left a message that he could not get to court due to another matter]*

  This matter comes before the court for case management on the court's own motion in the wake of the permanent assignment of this judge to Calendar 22 and the unique history of this litigation. In light of the parties' arguments in court, the court determined to review the status of the case and to enter any appropriate orders governing the case going forward. The court has now sufficiently reviewed the records of the circuit court, appellate court, and state supreme court (as well as pertinent records of the federal district court, the federal appeals court for the seventh circuit, and the United States Supreme Court) to determine that a further case management order is necessary to focus the litigation, protect the rights of both parties and guard against abuse of the court system.

  This case arose as an action for dissolution of marriage. A judgment granting dissolution was entered by the court on May 20, 2003 ("dissolution judgment"). Respondent Brzowski moved to vacate the dissolution judgment in the circuit court. His motion to vacate was denied. He then appealed the dissolution judgment. His appeal asserted, *inter alia*, that the dissolution judgment was void as a matter of law, alleging the federal courts had exclusive jurisdiction under the removal statutes at the time the dissolution judgment was entered. The appellate court ruled against Brzowski on this issue and others and affirmed the dissolution judgment. The Illinois Supreme Court denied further appeal. The federal courts provided him no relief.

  In the intervening years, Brzowski has continued to take the position in numerous motions, pleadings, and other filings that the dissolution judgment is void as a matter of law. Many of his claims depend upon the alleged voidness of the dissolution judgment for their success. The court is asked to adjudicate each of these recurring claims anew,

and petitioner must choose either to defend against each claim or risk an adverse ruling from the court.

Illinois adheres to the "law of the case" doctrine, which is in part a tool of case management, and it applies here:

> The law of the case doctrine holds that judicial determinations in a civil action become 'the law' for that civil action and thus may not be relitigated in that civil action with a view toward modification except, of course, in direct and initial appellate review proceedings or in motions for reconsideration that are typically considered only very shortly after the determinations have first been made. The doctrine is based on the policy that there "must be an end to litigation" or else cases will be "interminable," as well as on the rationale that the potential for "judge shopping" will be diminished by a standard requiring "successor" judges to follow in most instances the prior rulings in the case by other judges.

Jeffrey A. Parness, Illinois Civil Procedure, Second Edition, Matthew Bender & Co., Inc. (2003) at 401 (citations omitted). *See also Norton v. City of Chicago*, 293 Ill. App. 620, 690 N.E.2d 119 (1st Dist. 1997) *app. denied*, 177 Ill. 2d 572 (1998). Here, respondent Brzowski litigated and directly appealed the question of law as to whether the dissolution judgment was void and the Illinois courts decided against him.

The courts' decision that the dissolution judgment is valid, not void, "settles that question for all subsequent stages of the suit." *Norton*, 690 N.E.2d at 123. This court cannot revisit that issue. Thus, any motion, pleading or argument that depends on the voidness of the dissolution judgment for its success necessarily fails. Likewise, the court cannot revisit the validity of the component parts of the dissolution judgment as the judgment was affirmed in its entirety. Thus, the rulings, for example, that petitioner has sole custody of the minor children and that respondent's visitation must be professionally supervised are not and cannot be treated as void *ob initio*. Nor can respondent obtain further review of the validity of the orders of protection that he contested unsuccessfully in the dissolution appeal. These are all settled matters in this case and Illinois law demands the court and the litigants move on from there.

The court does not expect Respondent Brzowski to alter his beliefs on what is just in these matters and he is entitled to stand his ground in the court of public opinion. In a court of law, however, all litigants must adhere to the law of the case even if they believe it in error. Respondent Brzowski has flooded this court and other courts with filings that ask for relief he cannot be given under the law of the case. He has placed extraordinary

burdens on the opposing party, counsel in this case, and court personnel. This cannot continue. Accordingly,

IT IS HEREBY ORDERED:

1. Walter J. Brzowski is barred from making any further arguments or claims, or submitting any pleadings, motions, responses or other documents that depend for their success on the alleged voidness or invalidity of: the dissolution judgment, its component parts or the appealed orders of protection. Violation of this paragraph may result in a finding of contempt and appropriate sanctions.

2. Any claims, pleadings, motions, responses or other documents currently on file with the court that would violate paragraph one if filed hereafter, and that have not previously been dismissed, are hereby dismissed with prejudice.

3. In light of his history of repetitive and burdensome filings in this case, Mr. Brzowski will be required to file a motion seeking leave to file any further documents. Should he have grounds to file a document with the court, he must first file and serve a written motion for leave to file it, with a copy of the document he wishes to file attached, to all parties and the court. Each motion for leave must include an express affirmation under oath that the document he seeks to file treats the dissolution judgment, its component parts and the appealed orders of protection as valid under the law of the case.

4. Unless and until specifically ordered by the court to do so, petitioner may but is not required to respond to any motion by respondent for leave to file any document with the court, nor to appear in court on such motions for leave to file. The respondent will be responsible to forward the court's order on the motions for leave to petitioner's counsel which will provide notice of any further court proceedings.

5. The court retains continuing jurisdiction over this case including to enter all necessary case management orders.

Entered:

3

600 Enterprise Drive, Suite 105
Oak Brook, IL 60523

1938 E. Lincoln Highway, Suite 219
New Lenox, IL 60451

14524 John Humphrey Drive
Orland Park, IL 60462



**DDV LAW**
LTD.

111 N. Wabash Avenue, Suite 1300
Chicago, IL 60602

January 28, 2022

**Amy P. Delaney**
**Michael S. Delaney**
**Heather E. Voorn**
**Christine A. Barone**
**Meghan E. Preston**
**Nicholas P. Jaworski**

Hon. Jack J. Fleming (Ret.)
Mario P. Carlasare
Donald P. Higgins
Angelina M. Filippo
Missy Turk Firmage
Lydia N. Starczewski
Shannon K. Briggs
Damon Lim

Mr. Nicholas Staley
Ms. Colleen M. Shannon
Office of the Illinois Attorney General
100 W Randolph Street, Floor 13
Chicago, IL  60601-3218

Mr. Victor P. Henderson
Henderson Parks, LLC
140 S Dearborn Street, Suite 1020
Chicago, IL  60603-5203

Re:      Amended Lien
          <u>Brzowski v. Sigler</u>
          Our File Number: 20-CL-0133
          Case Number: 1:17-cv-9339

Dear Counsel,

As you know, on June 1, 2021,  my client sent you notice pursuant to the Illinois
Marriage and Dissolution of Marriage Act, 735 ILCS 5/101 et. seq., and claimed a
lien in the amount of $75,989.65, plus additional accruing interest as of that date,
against any funds due or to become due to Walter Brzowski in the above matter,
whether by verdict, judgment, or settlement in the above-referenced case.

Please consider this formal notice that my client now amends her lien as described
herein pursuant to 735 ILCS 5/413(a), 5/503, 5/505(d), and 5/508 and claims a lien in
the current total amount of **$177,450.67**, plus additional accruing interest from
today's date, against any funds due or to become due to Walter Brzowski in the
above matter, whether by verdict, judgment, or settlement in the above-cited case.

### Award of Attorney's Fees Entered on May 20, 2003

**Award**:                                                 $23,625.00
**Number of Days Since Award**:          6,827 as of January 27, 2022
**Total Interest at 9% per annum**:
($2,126.25/365 = $5.83 per day, x 6,827 days)     $39,801.41

**TOTAL**:                                              **$63,426.41**

See Next Page

**EXHIBIT B**

Page **2**

**Award of Attorney's Fees Entered on July 29, 2004**

**Award**:                                    $21,440.00
**Number of Days Since Award**:        6,391 as of January 27, 2022
**Total Interest at 9% per annum**:
($1,929.60/365 = $5.29 per day, x 6,391 days)    $33,808.39

**TOTAL:**                              **$55,248.39**

**Past Due Child Support**

**Principal through June 2017:**          $29,822.37
**Interest through January 2022:**        $24,603.70

**TOTAL:**                              **$54,426.07**

**Award of Payment of Credit Card Debt Entered on May 20, 2003**

**Award**:                                    $1,619.00
**Number of Days Since Award**:        6,844 (January 27, 2022)
**Total Interest at 9% per annum**:
(145.71/365 = $0.40 per day, x 6,827 days)    $2,730.80

**TOTAL:**                              **$4,349.80**

****

**TOTAL OF ALL CATEGORIES:**          **$177,450.67**

Please do not hesitate to contact my office if you have any questions or concerns.

                                        **Respectfully submitted,**

Michael Delaney (ARDC: 6269619)
Meghan Preston (ARDC: 6293577)          /s/ Meghan E. Preston_____
Mario Carlasare (ARDC: 6308707)         DDV Law, Ltd.,
DDV Law, Ltd.                           By Meghan E. Preston
14524 John Humphrey Drive
Orland Park, IL 60462
(708) 675-7144
mdelaney@ddvlawyers.com
mpreston@ddvlawyers.com
mcarlasare@ddvlawyers.com
MEP/kd
SENT VIA: Certified Mail

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **Walter Brzowski,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **Case No. 2017 CV 9339** |
| **vs.** | ) |
| | ) |
| **Brenda Sigler,** | ) |
| | ) |
| **Defendant.** | ) |

**MOTION TO ENFORCE**
**CHILD SUPPORT LIEN**

NOW COMES Laura Zasadny, f/k/a Laura Brzowski, by and through her attorneys, DDV Law, Ltd., and for her Motion to Enforce a Child Support Lien against the Judgment entered in this matter awarded in favor of Plaintiff, WALTER BRZOWSKI, states as follows:

**Background**

1.      This matter came before the Court for trial on August 4, 2020.

2.      On August 6, 2020, the jury found in favor of Plaintiff, WALTER BRZOWSKI ("Brzowski") and against the Defendant, BRENDA SIGLER, and awarded compensatory damages in the amount of $721,000.00 and punitive damages in the amount of $10,000.00.

3.      Laura Zasadny ("Zasadny") is the former spouse of Walter Brzowski.

4.      On May 20, 2003, the Circuit Court of Cook County, Illinois, First District, entered a Judgment of Dissolution of Marriage, Case No. 01 D-14335, related to the past marriage of Zasadny to Brzowski. (A Copy of the Judgment of Dissolution is attached hereto as Exhibit "A").

1

**EXHIBIT C**

5.     By said Judgment, the Court ordered Brzowski to make certain child support payments to Zasadny, payment for her attorney's fees in the amount of $23,625.00, and payment of certain credit card debt in the amount of $1,619.00. (Ex. A).

6.     On July 29, 2014, the Court ordered Brzowski to pay Zasadny additional attorneys' fees in  the amount of $21,440.00.

7.     In March of 2008, Brzowski stopped making child support payments.

8.     Furthermore, to date, Brzowski has failed to make any payments towards said credit card debt and attorney's fees, so that interest at 9% per annum has continued to accrue.

9.     On January 27, 2022, Zasadny sent Brzowski an Amended Notice of Lien. (See Amended Notice of Lien, attached hereto as Exhibit "B").

### Argument

10.     As of the filing of this Motion, Brzowski has failed to make payments for child support, credit card debt, and attorney's fees owed to Zasadny pursuant to the Judgment orders entered in Case No. 01 D-14335.

11.     First, Brzowski failed to make child support payments through June 2017.

12.     On June 1, 2021, counsel for Zasadny claimed a Child Support Lien and sent Notice (henceforth "Lien") to the Office of the Illinois Attorney General and Victor P. Henderson, counsel for Brzowski, pursuant to the Illinois Marriage and Dissolution of Marriage Act, 735 ILCS 5/101 et. seq., in the total amount of $75,989.65, plus additional accruing interest as of that date, against any funds due or to become due to Walter Brzowski in the above matter, whether by verdict, judgment, or settlement in the above-referenced case (See Original Lien, attached as Exhibit "C").

13.     After said Notice, Brzowski continued to fail making said payments and currently owes Zasadny the following principal amount, plus interest which has accrued at 9% per annum as follows:

**Past Due Child Support**

| | |
|---|---|
| **Principal through June 2017:** | $29,822.37 |
| **Interest through January 2022:** | $24,603.70 |
| **TOTAL:** | **$54,426.07** |

14.     The Lien, in the amount of $75,989.65, plus interest accruing, applied against any funds due or to become due to Brzowski, whether by verdict, judgment, or settlement in this matter.

15.     Second, Brzowski has not paid Zasadny any of the attorney's fees awarded by the Court and has accrued interest at a rate of 9% per annum as follows:

**Award of Attorney's Fees Entered on May 20, 2003**

| | |
|---|---|
| **Award**: | $23,625.00 |
| **Number of Days Since Award**: | 6,827 as of January 27, 2022 |
| **Total Interest at 9% per annum**: | |
| ($2,126.25/365 = $5.83 per day, x 6,827 days) | $39,801.41 |
| **TOTAL:** | **$63,426.41** |

**Award of Attorney's Fees Entered on July 29, 2004**

| | |
|---|---|
| **Award**: | $21,440.00 |
| **Number of Days Since Award**: | 6,391 as of January 27, 2022 |
| **Total Interest at 9% per annum**: | |
| ($1,929.60/365 = $5.29 per day, x 6,391 days) | $33,808.39 |
| **TOTAL:** | **$55,248.39** |

16.     Third, Brzowski has not paid Zasadny said credit card debt awarded by the Court as follows:

**Award of Payment of Credit Card Debt Entered on May 20, 2003**

| | |
|---|---|
| **Award**: | $1,619.00 |
| **Number of Days Since Award**: | 6,844 (January 27, 2022) |
| **Total Interest at 9% per annum**: | |
| ($145.71/365 = $0.40 per day, x 6,836 days) | $2,737.60 |
| **TOTAL:** | **$4,356.60** |

3

**TOTAL OF ALL CATEGORIES:**      **$177,450.67**

17.     Part V, Section 5/505(d), of the Act, in pertinent part, states as follows:

"(d) Any new or existing support order entered by the court under this Section shall be deemed to be a series of judgments against the person obligated to pay support thereunder, each such judgment to be in the amount of each payment or installment of support and each such judgment to be deemed entered as of the date the corresponding payment or installment becomes due under the terms of the support order. Each such judgment shall have the full force, effect and attributes of any other judgment of this State, including the ability to be enforced. ***Notwithstanding any other State or local law to the contrary, a lien arises by operation of law against the real and personal property of the obligor for each installment of overdue support owed by the obligor***."

750 ILCS 5/505(d). Emphasis added.

18.     As of January 27, 2022, Zasadny's stated a lien against Brzowski in the total amount of $177,450.67, plus additional accruing interest from January 27, 2022, to present, against any funds due or to become due to Walter Brzowski in the above matter, whether by verdict, judgment, or settlement in the above-cited case. (Ex. B)

19.     Brzowski's Judgment in this matter is a property interest against which Zasadny's Lien applies by operation of law.

20.     Therefore, this Court should grant Zasadny's Motion to Enforce the Child Support Lien against the Judgment entered in this matter.

WHEREFORE, Laura Zasadny, f/k/a Laura Brzowski, respectfully requests that this Honorable Court grant her Motion to Enforce the Child Support Lien and Judgment in the amount of **$177,450.67**, plus additional accruing interest from January 27, 2022, to present, attorney's fees, and costs associated with bringing the Petition to Intervene and this Motion to Enforce before this Court, against the Judgment awarded to Brzowski in this matter, and for any and all additional relief this Court deems just and appropriate.

4

Michael Delaney (ARDC: 6269619)
Meghan Preston (ARDC: 6293577)
Mario Carlasare (ARDC: 6308707)
DDV Law, Ltd.
14524 John Humphrey Drive
Orland Park, IL 60462
(708) 675-7144
mdelaney@ddvlaywers.com
mpreston@ddvlawyers.com
mcarlasare@ddvlawyers.com

**Respectfully submitted,**

/s/ Meghan E. Preston_____
DDV Law, Ltd.,
By Meghan E. Preston

5

Original Draft: 4.27.02
Last Revised: 5/15/03

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

IN RE THE MARRIAGE OF:

LAURA A. BRZOWSKI
Petitioner

And

WALTER J. BRZOWSKI
Respondent

Case No. 01 D 14335

## JUDGEMENT FOR DISSOLUTION OF MARRIAGE

This cause coming to be heard on Laura A. Brzowski's Petition For Dissolution Of Marriage, the Petitioner, having appeared in open Court in person and by her attorney, Michael T. Tristano of Tristano & Tristano, Ltd.; the Respondent, Walter J. Brzowski, having been served and having filed his appearance but having failed to appear and thus being in default; the Office of the Public Guardian appearing as Child Representative; the Court, having heard the testimony of the Petitioner in support of the allegations contained in her Petition For Dissolution Of Marriage; and the Court, having considered all the evidence, a certificate of which is filed herein, and further being advised in the premises; the Court makes the following **FINDINGS**:

1.      That the Court has jurisdiction of the parties hereto and the subject matter hereof.

2.      That the Petitioner has been a resident of the State of Illinois for a period of more than ninety (90) days prior to the filing or hearing of this verified Petition For Dissolution Of Marriage.

3.      That the parties were lawfully married on February 14, 1998; that said marriage was registered in Cook County, Illinois.

4.      That the Petitioner is 40 years of age; that the Respondent is 45 years of age.

5.      That the parties have one child of this marriage: Eric C. Brzowski, born June 6, 1999; that Brandon C. Brzowski, born June 16, 1997, has been acknowledged as being the biological child of Mr. Brzowski. That the parties have not adopted any children and the wife is not pregnant.

TRISTANO & TRISTANO, LTD.
8200 W. 95th Street
Hickory Hills, IL 60457
708.233.4400 ID# 91564

**EXHIBIT A**

6.      That Laura Brzowski is a fit and proper person to have the care, custody and control of the minor children of the parties; that it is in the best interests of the children of the parties that she be awarded the sole custody of the minor children.

7.      That any unsupervised visitation by Walter Brzowski with the minor children would seriously endanger the children's mental/emotional well-being and it would not be in the best interest of the children for Walter Brzowski to have unsupervised visitation and said supervision should be by an independent professional.

8.      That the Court finds that since the marriage of the parties hereto, that without cause or provocation on the part of the Petitioner, the Respondent has been guilty of extreme and repeated mental cruelty toward the Petitioner

## WHEREFORE, ON MOTION OF THE PETITIONER, IT IS ORDERED:

1.      That a Judgement For Dissolution Of Marriage (commonly known as divorce) is hereby granted to Laura A. Brzowski, Petitioner, and to Walter J. Brzowski, Respondent; that said marriage is hereby dissolved and they are both freed from the bonds and obligations thereof.

2.      That Laura Brzowski is awarded the sole care, custody, control and education of the minor children of the parties.

3.      That Walter Brzowski is awarded professionally supervised visitation with the minor children of the parties at his expense; further, that Walter Brzowski may have telephone visitation with the children; that said telephone conversations shall be monitored by Laura Brzowski who may terminate any call in which Walter Brzowski makes inappropriate comments, but Laura shall not curtail further telephone visitation without order of court; that both parties shall have the right to tape or otherwise record all telephone conversations between Walter Brzowski and the minor children without further notice.

4.      That Walter Brzowski may not be present at the children's day care or school or any other activities, at any time or under any circumstance.

5.      That Brandon Brzowski shall continue with therapy for so long as recommended by the

TRISTANO & TRISTANO, LTD.
8200 W. 95th Street
Hickory Hills, IL 60457
708.233.4400   ID# 91564

therapist.

6. That Walter Brzowski shall pay $62 per week or 25% of his net income as defined by as defined by 750 ILCS 5/505, whichever is greater, as and for the support of the children of the parties; that in order to insure compliance with this provision Walter Brzowski shall provide copies of his income tax returns within 14 days of their being filed (including any and all: W-2's, 1099s, amendments and schedules) to Laura Brzowski.

7. That Walter Brzowski shall be responsible for one half of all day care costs for the children of the parties and shall pay same directly to Laura on a weekly basis.

8. That the parties shall equally share the cost of health insurance coverage for the children of the parties; that Laura Brzowski shall be responsible for the ordinary uninsured medical costs of the children of the parties; that the parties shall equally share the cost of any uninsured major medical and dental costs of the children of the parties.

9. That Walter Brzowski shall immediately reinstate and maintain his life insurance policy with benefits of $100,000 naming the children as irrevocable beneficiaries until the younger child reaches the age of 21; further, that Walter Brzowski shall provide proof to Laura Brzowski that such insurance is in full force and effect; that Laura Brzowski shall maintain her current life insurance policy with the children as irrevocable beneficiaries.

10. That all personal property has been divided pursuant to a prior hearing; that each party shall be the sole owner of all property now in their possession, free and clear of any claim or interest of the other party.

11. That any debt incurred by Walter Brzowski subsequent to December 24, 2001, shall be his sole responsibility and Laura Brzowski shall have no liability in relation thereto.

12. That Walter Brzowski shall be responsible for one half or $1,619.00 of Laura Brzowski's credit card debt of $3,238.00; that the issue of the allocation of any other debts incurred by Laura Brzowski subsequent to December 24, 2001, is hereby reserved.

13. That the CD of the parties at First suburban National Bank Account # 10006111528, in the approximate amount of $6,790.00 shall be the sole and separate property of Laura Brzowski, free and clear of any claim or interest of Walter Brzowski.

TRISTANO & TRISTANO, LTD.
8200 W. 95th Street
Hickory Hills, IL 60457
708.233.4400   ID# 91564

14. That Walter Brzowski is forever barred from seeking maintenance from Laura Brzowski. That Laura Brzowski waives any claim of maintenance she may have from Walter Brzowski and is forever barred from seeking maintenance from Walter Brzowski.

15. That the former marital residence of the parties located at 11557 South Joalyce Drive, Alsip, Illinois, the legal description of which is attached hereto and incorporated herein as Exhibit "A," is awarded to Laura. That Walter within 14 days shall execute a quitclaim deed transferring his interest in the residence to Laura. In the event that Walter fails to transfer said residence to Laura any judge sitting in the Circuit Court of Cook, upon proper notice and motion, shall be entitled to enter a judge's deed transferring the property to Laura

16. That Laura Brzowski is awarded as her sole property the $10,000 insurance settlement, including the property settlement from her accident, free and clear of any claim or interest by Walter Brzowski.

17. That Laura Brzowski is awarded and shall be the sole owner of her pension plan now located Edward Jones, Account # 164-90552-1-5 (in the approximate total amount of $75,000.00) free and clear of any interest of Walter Brzowski.

18. That each party shall be entitled to the vehicle they currently operate and each shall execute any documents necessary to transfer their interest to the other.

19. That Walter Brzowski shall be responsible for all of his own attorney's fees and costs and 75% of Laura Brzowski's attorneys fees of $31,500.00, said fees for a total of $23,625.00 to be paid directly to Laura and judgment is entered in said amount in favor of Laura and against Walter..

20. That the parties shall be equally responsible for the fees and costs of the Child Representative; that each party shall pay $500.00 to the Child Representative..

21. That this Court shall retain and reserve jurisdiction of this cause for the express purpose of enforcing all and singular the terms and provisions of the Judgement.

22. That the wife may resume the use of the name Stang.

23. ~~That the Office of the Public Guardian is discharged except for purposes of any appeal.~~

24. All outstanding petitions are incorporated into this Judgement and any outstanding discovery is moot.

TRISTANO & TRISTANO, LTD.
8200 W. 95th Street
Hickory Hills, IL 60457
708.233.4400   ID# 91564

Judgement - Page 4

25. A Plenary Order of Protection protecting Laura Brzowski, Brandon Brzowski and Eric Brzowski from Walter Brzowski shall be issued for two years pursuant to a separate Court Order.

DATED:

JUDGE RAYMOND

MAY 2 0 2003

ENTERED:

JUDGE

Michael T. Tristano, Attorney At Law
Tristano & Tristano, Ltd. #91564
Attorneys For Laura A. Brzowski
8200 W. 95th Street
Hickory Hills, Illinois 60457
(708) 233-4400
Our file: S:\Wp51\REVIEW\Michael To Review\Brzowski Judgement 051503.wpd

TRISTANO & TRISTANO, LTD.
8200 W. 95th Street
Hickory Hills, IL 60457
708.233.4400   ID# 91564

Judgement - Page 5

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION
Assoc. Judge Patricia M. Logue

IN RE THE MARRIAGE OF:
LAURA A. BRZOWSKI (nka ZASADNY)

           Petitioner, Circuit Court - 1959

    vs.

WALTER J. BRZOWSKI

          Respondent.

FEB 08 2011

Case No. 01 D 014335

*[handwritten: 4045 Neither party appeared in court. Mr. Brzowski left a message that he could not get to court due to ... PML]*

## ORDER

This matter comes before the court for case management on the court's own motion in the wake of the permanent assignment of this judge to Calendar 22 and the unique history of this litigation. In light of the parties' arguments in court, the court determined to review the status of the case and to enter any appropriate orders governing the case going forward. The court has now sufficiently reviewed the records of the circuit court, appellate court, and state supreme court (as well as pertinent records of the federal district court, the federal appeals court for the seventh circuit, and the United States Supreme Court) to determine that a further case management order is necessary to focus the litigation, protect the rights of both parties and guard against abuse of the court system.

    This case arose as an action for dissolution of marriage. A judgment granting dissolution was entered by the court on May 20, 2003 ("dissolution judgment"). Respondent Brzowski moved to vacate the dissolution judgment in the circuit court. His motion to vacate was denied. He then appealed the dissolution judgment. His appeal asserted, *inter alia*, that the dissolution judgment was void as a matter of law, alleging the federal courts had exclusive jurisdiction under the removal statutes at the time the dissolution judgment was entered. The appellate court ruled against Brzowski on this issue and others and affirmed the dissolution judgment. The Illinois Supreme Court denied further appeal. The federal courts provided him no relief.

    In the intervening years, Brzowski has continued to take the position in numerous motions, pleadings, and other filings that the dissolution judgment is void as a matter of law. Many of his claims depend upon the alleged voidness of the dissolution judgment for their success. The court is asked to adjudicate each of these recurring claims anew,

and petitioner must choose either to defend against each claim or risk an adverse ruling from the court.

Illinois adheres to the "law of the case" doctrine, which is in part a tool of case management, and it applies here:

> The law of the case doctrine holds that judicial determinations in a civil action become 'the law' for that civil action and thus may not be relitigated in that civil action with a view toward modification except, of course, in direct and initial appellate review proceedings or in motions for reconsideration that are typically considered only very shortly after the determinations have first been made. The doctrine is based on the policy that there "must be an end to litigation" or else cases will be "interminable," as well as on the rationale that the potential for "judge shopping" will be diminished by a standard requiring "successor" judges to follow in most instances the prior rulings in the case by other judges.

Jeffrey A. Parness, Illinois Civil Procedure, Second Edition, Matthew Bender & Co., Inc. (2003) at 401 (citations omitted). *See also Norton v. City of Chicago*, 293 Ill. App. 620, 690 N.E.2d 119 (1st Dist. 1997) *app. denied*, 177 Ill. 2d 572 (1998). Here, respondent Brzowski litigated and directly appealed the question of law as to whether the dissolution judgment was void and the Illinois courts decided against him.

The courts' decision that the dissolution judgment is valid, not void, "settles that question for all subsequent stages of the suit." *Norton*, 690 N.E.2d at 123. This court cannot revisit that issue. Thus, any motion, pleading or argument that depends on the voidness of the dissolution judgment for its success necessarily fails. Likewise, the court cannot revisit the validity of the component parts of the dissolution judgment as the judgment was affirmed in its entirety. Thus, the rulings, for example, that petitioner has sole custody of the minor children and that respondent's visitation must be professionally supervised are not and cannot be treated as void *ob initio*. Nor can respondent obtain further review of the validity of the orders of protection that he contested unsuccessfully in the dissolution appeal. These are all settled matters in this case and Illinois law demands the court and the litigants move on from there.

The court does not expect Respondent Brzowski to alter his beliefs on what is just in these matters and he is entitled to stand his ground in the court of public opinion. In a court of law, however, all litigants must adhere to the law of the case even if they believe it in error. Respondent Brzowski has flooded this court and other courts with filings that ask for relief he cannot be given under the law of the case. He has placed extraordinary

2

burdens on the opposing party, counsel in this case, and court personnel. This cannot continue. Accordingly,

IT IS HEREBY ORDERED:

1. Walter J. Brzowski is barred from making any further arguments or claims, or submitting any pleadings, motions, responses or other documents that depend for their success on the alleged voidness or invalidity of: the dissolution judgment, its component parts or the appealed orders of protection. Violation of this paragraph may result in a finding of contempt and appropriate sanctions.

2. Any claims, pleadings, motions, responses or other documents currently on file with the court that would violate paragraph one if filed hereafter, and that have not previously been dismissed, are hereby dismissed with prejudice.

3. In light of his history of repetitive and burdensome filings in this case, Mr. Brzowski will be required to file a motion seeking leave to file any further documents. Should he have grounds to file a document with the court, he must first file and serve a written motion for leave to file it, with a copy of the document he wishes to file attached, to all parties and the court. Each motion for leave must include an express affirmation under oath that the document he seeks to file treats the dissolution judgment, its component parts and the appealed orders of protection as valid under the law of the case.

4. Unless and until specifically ordered by the court to do so, petitioner may but is not required to respond to any motion by respondent for leave to file any document with the court, nor to appear in court on such motions for leave to file. The respondent will be responsible to forward the court's order on the motions for leave to petitioner's counsel which will provide notice of any further court proceedings.

5. The court retains continuing jurisdiction over this case including to enter all necessary case management orders.

Entered:

3



600 Enterprise Drive, Suite 105
Oak Brook, IL 60523

1938 E. Lincoln Highway, Suite 219
New Lenox, IL 60451

14524 John Humphrey Drive
Orland Park, IL 60462

111 N. Wabash Avenue, Suite 1300
Chicago, IL 60602

**DDV LAW**
LTD.

January 28, 2022

**Amy P. Delaney**
**Michael S. Delaney**
**Heather E. Voorn**
**Christine A. Barone**
**Meghan E. Preston**
**Nicholas P. Jaworski**

Hon. Jack J. Fleming (Ret.)
Mario P. Carlasare
Donald P. Higgins
Angelina M. Filippo
Missy Turk Firmage
Lydia N. Starczewski
Shannon K. Briggs
Damon Lim

Mr. Nicholas Staley
Ms. Colleen M. Shannon
Office of the Illinois Attorney General
100 W Randolph Street, Floor 13
Chicago, IL  60601-3218

Mr. Victor P. Henderson
Henderson Parks, LLC
140 S Dearborn Street, Suite 1020
Chicago, IL  60603-5203

<u>Re</u>:        Amended Lien
              <u>Brzowski v. Sigler</u>
              Our File Number: 20-CL-0133
              Case Number: 1:17-cv-9339

Dear Counsel,

As you know, on June 1, 2021,  my client sent you notice pursuant to the Illinois
Marriage and Dissolution of Marriage Act, 735 ILCS 5/101 et. seq., and claimed a
lien in the amount of $75,989.65, plus additional accruing interest as of that date,
against any funds due or to become due to Walter Brzowski in the above matter,
whether by verdict, judgment, or settlement in the above-referenced case.

Please consider this formal notice that my client now amends her lien as described
herein pursuant to 735 ILCS 5/413(a), 5/503, 5/505(d), and 5/508 and claims a lien in
the current total amount of **$177,450.67**, plus additional accruing interest from
today's date, against any funds due or to become due to Walter Brzowski in the
above matter, whether by verdict, judgment, or settlement in the above-cited case.

**Award of Attorney's Fees Entered on May 20, 2003**

**Award**:                                              $23,625.00
**Number of Days Since Award**:        6,827 as of January 27, 2022
**Total Interest at 9% per annum**:
($2,126.25/365 = $5.83 per day, x 6,827 days)        $39,801.41

**TOTAL**:                                              **$63,426.41**

See Next Page

**EXHIBIT B**

Page **2**

**Award of Attorney's Fees Entered on July 29, 2004**

**Award**:                                                     $21,440.00
**Number of Days Since Award**:          6,391 as of January 27, 2022
**Total Interest at 9% per annum**:
($1,929.60/365 = $5.29 per day, x 6,391 days)      $33,808.39

**TOTAL:**                                                   **$55,248.39**

**Past Due Child Support**

**Principal through June 2017:**               $29,822.37
**Interest through January 2022:**            $24,603.70

**TOTAL:**                                                    **$54,426.07**

**Award of Payment of Credit Card Debt Entered on May 20, 2003**

**Award**:                                                    $1,619.00
**Number of Days Since Award**:            6,844 (January 27, 2022)
**Total Interest at 9% per annum**:
(145.71/365 = $0.40 per day, x 6,827 days)       $2,730.80

**TOTAL:**                                                    **$4,349.80**

****

**TOTAL OF ALL CATEGORIES:**          **$177,450.67**

Please do not hesitate to contact my office if you have any questions or concerns.

                                                    **Respectfully submitted,**

Michael Delaney (ARDC: 6269619)
Meghan Preston (ARDC: 6293577)          /s/ Meghan E. Preston_____
Mario Carlasare (ARDC: 6308707)          DDV Law, Ltd.,
DDV Law, Ltd.                                          By Meghan E. Preston
14524 John Humphrey Drive
Orland Park, IL 60462
(708) 675-7144
mdelaney@ddvlawyers.com
mpreston@ddvlawyers.com
mcarlasare@ddvlawyers.com
MEP/kd
SENT VIA: Certified Mail

# DDV Law, Ltd.

| 14524 John Humphrey Dr. | 600 Enterprise Drive, Suite 105 | 111 N. Wabash, Suite 1300 |
|---|---|---|
| Orland Park, IL 60462 | Oak Brook, IL 60523 | Chicago, IL 60602 |
| (708) 675-7144 | (630) 560-0124 | (312) 878-0155 |

June 1, 2021

**Amy P. Delaney**
**Michael S. Delaney**
**Heather E. Voorn**
**Christine A. Barone**
**Mallory A. Moreno**
**Meghan E. Preston**
**Nicholas P. Jaworski**

Hon. Jack J. Fleming (Ret.)
Jessica M. Jurevis
Donald P. Higgins
Angelina M. Filippo
Missy N. Turk
Daniel J. Scheeringa
Lydia N. Starczewski
Shannon Briggs

Mr. Nicholas Staley
Ms. Colleen M. Shannon
Office of the Illinois Attorney General
100 W Randolph Street, Floor 13
Chicago, IL  60601-3218

Mr. Victor P. Henderson
Henderson Parks, LLC
140 S Dearborn Street, Suite 1020
Chicago, IL  60603-5203

Re:     Child Support Lien
        Brzowski v. Sigler
        Our File Number: 20-CL-0133
        Case Number: 1:17-cv-9339

Dear Counsel:

Please be advised that I represent Laura Zasadny, who is the former spouse of Walter Brzowski. She is owed sums for past due child support in the amount of $29,553.70, plus interest to date in the amount of $46,435.95. Ms. Zasadny now claims a lien, pursuant to 750 ILCS 50/505(d), against any funds due or to become due to Walter Brzowski, whether by verdict, judgment, or settlement, in the above-referenced case in the amount of $75,989.65, plus additional accruing interest from today's date.

If you have any questions, please do not hesitate to contact me.

Very truly yours,

DDV Law, Ltd.
Meghan E. Preston, Partner

MEP/kd
Encl: None.
SENT VIA: Certified Mail

**EXHIBIT C**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **Walter Brzowski,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 2017 CV 9339** |
| **vs.** | ) | |
| | ) | |
| **Brenda Sigler,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2022, I have electronically filed the foregoing *Motion to Intervene by Right Pursuant to Federal Rule of Civil Procedure 24(a)(2)* with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Victor P. Henderson
Henderson Parks, LLC
140 S. Dearborn Street, Suite 1020
Chicago, Illinois 60603
vphenderson@henderson-parks.com

Nicholas Staley
Office of the Illinois Attorney General
100 W. Randolph Street, Floor 13
Chicago, Illinois 60601
nicholas.staley@ilag.gov

Colleen M. Shannon
Klein, Thorpe & Jenkins, Ltd.
20 N. Wacker Drive, Suite 1660
Chicago, Illinois 60606
cmshannon@ktjlaw.com

| | |
|---|---|
| Michael Delaney (ARDC: 6269619) | **Respectfully submitted,** |
| Meghan Preston (ARDC: 6293577) | |
| Mario Carlasare (ARDC: 6308707) | /s/ Meghan E. Preston |
| DDV Law, Ltd. | DDV Law, Ltd., |
| 14524 John Humphrey Drive | By Meghan E. Preston |
| Orland Park, IL 60462 | |
| (708) 675-7144 | |
| mdelaney@ddvlaywers.com | |
| mpreston@ddvlawyers.com | |
| mcarlasare@ddvlawyers.com | |

1